UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, ET AL.,

                                    *Plaintiffs,*

        v.

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND
JASON K. SCHIFFMAN

                                    *Defendants.*

Civil Action No.
06-CV-6473 L(P)


PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR DEFAULT AND DEFAULT JUDGMENT


DOLIN, THOMAS & SOLOMON LLP
 *Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
(585) 272-0540


Of Counsel:   J. Nelson Thomas
              Michael J. Lingle


H:\McKenzie, B\Motion for Default\Memo.doc

## PRELIMINARY STATEMENT

Defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman ("Schiffman") have failed to answer plaintiffs' complaint. Therefore, the clerk of the Court should enter a default against Steve Y. Khoshabe, Joseph Khoshabe and Schiffman and a default judgment should also be entered against them.

## FACTS

Plaintiffs filed this complaint on September 21, 2006 and personally served Steve Y. Khoshabe, Joseph Khoshabe and Schiffman. (Affirmation of Michael Lingle filed with the Court on December 11, 2006 ("Lingle Aff."), ¶¶ 3 – 6) On October 25, 2006 the summons was served upon a person of suitable age and disrection at Steve Y. Khoshabe and Joseph Khoshabe's actual place of business. (Lingle Aff. ¶¶ 4, 5) On October 26, 2006 the summons was served upon Shiffman's spouse at Shiffman's usual place of abode located at 1029 119th Street, Lemont, Illinois 60439. (Lingle Aff. ¶ 6) On October 30, 2006 the summons were mailed in an envelope marked personal and confidential to Steve Y. Khoshabe and Joseph Khoshabe's actual place of business and to Schiffman's usual place of abode. (Lingle Aff. ¶¶ 4 – 6) Defendants Schiffman, Steve Y. Khoshabe and Joseph Khoshabe have not answered the complaint, though the response date passed on November 20, 2006. (Lingle Aff. ¶ 8, 9) Defendants have not requested an extension in time to answer the amended complaint. (Lingle Aff. ¶ 9)

H:\McKenzie, B\Motion for Default\Memo.doc

ARGUMENT

I.    DEFAULT SHOULD BE ENTERED AGAINST SCHIFFMAN, STEVE Y. KHOSHABE AND JOSEPH KHOSHABE

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.  FED. R. CIV. P. 55(a).

Default should be entered by the clerk in this case against Schiffman, Steve Y. Khoshabe and Joseph Khoshabe because they were properly served and failed to answer the complaint.  FED. R. CIV. P. 4 (e)(1) states that service may be effected pursuant to the law of state in which the district court is located, or in which service is effected.  Accordingly service was effected under New York law based upon this action being filed in the Western District of New York.  Service was properly effected upon Steve Y. Khoshabe and Joseph Khoshabe under New York CPLR § 308, which states that

> personal service upon a natural person shall be made by any of the following methods: … 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and either mailing the summons to the person to be served at his or her last known residence or by mailing the summons  by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other…[1]

Therefore, service upon a person of suitable, age and discretion at Steve Y. Khoshabe and Joseph Khoshabe's actual place of business followed by mailing a summons to their

---

[1]    CPLR § 313 allows for service of process "without the state, in the same manner as service is made within the state…"  Therefore, service of process upon defendants in Illinois according to CPLR § 308 is proper.

- 2 -

actual place of business in an envelope marked personal and confidential was proper under CPLR § 308.  Service upon Schiffman's spouse at his usual place of abode followed by mailing the summons in an envelope marked personal and confidential to his usual place of abode was also proper under CPLR § 308.

Service upon Schiffman's spouse at his usual place of abode followed by mailing the summons in an envelope marked personal and confidential to his usual place of abode was also properly effected under FED. R. CIV. P. 4 (e)(2) which states that service upon an individual may be effected in any judicial district "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."

Furthermore service on Schiffman's spouse at his usual place of abode followed by mailing the summons in an envelope marked personal and confidential to his usual place of abode was also properly effected under Illinois law.  Illinois Statute 5/2-203 states that "service of a summons upon an individual defendant shall be made by … (2) leaving a copy at the defendant's usual place of abode, with some person of the family or person residing there, of age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode."

H:\McKenzie, B\Motion for Default\Memo.doc

II.    **DEFAULT JUDGMENT SHOULD ALSO BE ENTERED AGAINST SCHIFFMAN, STEVE Y. KHOSHABE AND JOSEPH KHOSHABE**

Parties entitled to default judgments are to apply to the court therefore, unless the claim is for a sum certain and the defendant defaulted for failure to appear and is not an infant or incompetent person. FED. R. CIV. P. 55(b)(1), 55(b)(2). Dispositions of motions for default judgment are left to the sound discretion of the district court, because it is in the best position to assess the circumstances of a given case and to evaluate the credibility and good faith of the parties. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

Entry of default judgment is appropriate when parties fail to submit an answer. *See Debcon Financial Services, Inc. v. Orange Realty, Corp.,* Nos. 99-CV-270 (FB), 99-CV-272 (FB), 2005 WL 1606393 (E.D.N.Y. Feb. 16, 2005); *Cadle Co. v. Rochfort Enterprises (Bahamas) Ltd.*, No. 02 Civ. 9348(LAK), 2003 WL 22339175 (S.D.N.Y. Oct. 15, 2003).

## CONCLUSION

For the forgoing reasons, plaintiffs respectfully request that this Court grant their motion for the clerk to enter default under Rule 55(a) and that the Court enter a default judgment under Rule 55(b) against defendants Schiffman, Steve Y. Khoshabe and Joseph Khoshabe.

H:\McKenzie, B\Motion for Default\Memo.doc

Dated:  December 11, 2006

**DOLIN, THOMAS & SOLOMON LLP**

By:    s/ Michael J. Lingle

J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
 *Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

H:\McKenzie, B\Motion for Default\Memo.doc