UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, ET AL,

                             Plaintiffs,

            - v -

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE
AND JASON K. SCHIFFMAN,

                           Defendants.

Civil Action No. . 06-CV-6473 L (P)

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that upon the accompanying Declaration of Brendan Driscoll, dated January 3, 2007 and the exhibits thereto, the Declaration of Richard G. Haddad, dated January 3, 2007 and the exhibits thereto, the Memorandum of Law of Defendants Airlie Opportunity Master Fund, Ltd. ("AOMF"), ARH Mortgage Inc. ("ARH"), and WDM Fund, L.P. ("WDM", and collectively, the "Non-Management Defendants"), and upon the prior proceedings heretofore held in this Court, the Non-Management Defendants will move this Court at such date and time as the Court deems proper, before the Honorable David Larimer, at the United States District Court for the Western District of New York, 100 States Street, Rochester, New York, 14614 for an Order:

      (a) dismissing the Summons and Complaint, dated September 21, 2006 (the "Complaint") in the within action, pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6), and the Federal Arbitration Act; 9 U.S.C. §§ 1, *et seq*,  alternatively,

      (b) staying the action and compelling arbitration; alternatively,

      (c) dismissing the Complaint, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction as to the Non-Management Defendants; alternatively,

(d) dismissing the Complaint, pursuant to Fed. R. Civ. P. 12(b)(4) for insufficiency of process, and 12(b)(5), for insufficiency of service of process, with respect to AOMF.

together with such other and further relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that oral argument is requested and the Non-Management Defendants intend to file reply papers.

Dated:  Rochester, New York
        January 3, 2007

                                        **NIXON PEABODY LLP**

                                        By: /s/ Carolyn G. Nussbaum
                                                Carolyn G. Nussbaum
                                                Clinton Square
                                                P.O. Box 31051
                                                Rochester NY 14603-1051
                                                (585) 263-1558

                                        - and -

                                        **OTTERBOURG, STEINDLER,**
                                        **HOUSTON & ROSEN, P.C.**

                                        By: /s/ Richard G. Haddad
                                                Richard G. Haddad
                                                230 Park Avenue
                                                New York, NY 10169
                                                (212) 661-9100

                                        Co-Counsel for Defendants Airlie
                                        Opportunity Master Fund, Ltd., ARH
                                        Mortgage Inc., WDM Fund, L.P.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, ET AL,

                                        Plaintiffs,

                                                        Civil Action No. . 06-CV-6473 L (P)

          - v -

                                                        **DECLARATION OF**
AIRLIE OPPORTUNITY MASTER FUND, LTD.,                   **BRENDAN DRISCOLL**
ARH MORTGAGE INC., WDM FUND, L.P.,                      **IN SUPPORT OF**
STEVE Y. KHOSHABE, JOSEPH KHOSHABE                     **MOTION TO DISMISS**
AND JASON K. SCHIFFMAN,                                 **OR TO STAY**
                                                        **PENDING ARBITRATION**
                                        Defendants.

Pursuant to 28 U.S.C. § 1746, Brendan Driscoll, declares under penalty of perjury

1.      I am the Chief Financial Officer of defendants Airlie Opportunity Master Fund,

Ltd. ("AOMF") and WDM Fund, L.P. ("WDM").  The statements made herein are based upon

my personal knowledge of the corporate structures and businesses of AOMF, WDM and ARH

Mortgage Inc. ("ARH", and collectively, the "Non-Management Defendants").  I make this

declaration in support of the motion of the Non-Management Defendants to dismiss this action

upon the grounds of lack of personal jurisdiction over the Non-Management Defendants, and to

dismiss the action as to AOMF on the grounds of insufficiency of process and insufficiency of

service of process.

2.      AOMF is a corporation organized and existing under the laws of the Cayman

Islands, and managed in Greenwich, Connecticut.  WDM is a limited partnership organized

under the laws of the State of Delaware.  ARH is a corporation organized under the laws of the

State of Delaware.

3.      The Non-Management Defendants are not and have never been incorporated in

the State of New York.

4.    The Non-Management Defendants are not and have never been licensed, registered or otherwise authorized to do business in the State of New York. AOMF is not and have never been licensed, registered or otherwise authorized to do business in any state in the United States. AOMF has no authorized agent for service of process in the United States. While AOMF has an investment advisor in the United States, that advisor is located in Connecticut.

5.    The Non-Management Defendants have no bank accounts in New York, nor are any of their officers, agents or employees located in New York.

6.    The Non-Management Defendants do not own, use or possess any real property in the State of New York.

7.    The Non-Management Defendants have no role in setting, establishing, overseeing, and enforcing the employment, wage and overtime policies and practices of United Financial Mortgage Company ("UFMC"), which is a Delaware corporation whose principal place of business is in the State of Illinois. Instead, AOMF is a lender to UFMC, and WDM is a 70 percent shareholder of ARH of which UFMC is its direct wholly-owned subsidiary.

8.    Attached as Exhibit "A" is a copy of the Summons addressed to "Dort A. Cameron, III," at 115 East Putnam Avenue, Greenwich, Connecticut 06830. That Summons is insufficient to effect service on AOMF because Mr. Cameron is not a party to this case.

9.    I am informed that the law firms of Jackson Lewis and Hodgson Russ have appeared in this action on behalf of unspecified "defendants." For the avoidance of any doubt, while I understand that those firms represent the individual defendants, they have not been retained to represent the Non-Management Defendants.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 3rd day of January, 2007, at Greenwich, Connecticut.

/s/Brendan Driscoll
BRENDAN DRISCOLL

# EXHIBIT A

AO 440 (rev. 10/93) Summons in a Civil Action

# United States District Court

## WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, BRUCE BERGERON,
TIMOTHY BOWEN, PAM CAPUANO,
ZANDRA CHATMAN, ROBERT CRETELLA,
KEVIN CROOKS, CRYSTAL CUNNINGHAM,
KAREN DOMINGUEZ, STEVEN ESCHER,
BETHANY FAZILAT, ERIK GARCIA, IAN
GOOLDY, KATHLEEN JANNINCK, DAVID
KEIM, LINDA KOPMAN, BRIAN McKENZIE,
NAOMI MIRKIN, RONALD SANCHEZ, ADAM
SCHEMER, ALISON WASKIEWICZ, SAMNANG
WATERS AND CHARLES YOUNG,
*on behalf of themselves and all other
employees similarly situated,*

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: O6·CV·6473 L(P)

*Plaintiff,*

v.

AIRLIE OPPORTUNITY MASTER FUND,
LTD., ARH MORTGAGE INC., WDM FUND,
L.P., STEVE Y. KHOSHABE, JOSEPH
KHOSHABE, AND JASON K. SCHIFFMAN

*Defendants*

TO:     **Dort A. Cameron, III**
        115 East Putnam Ave.
        Greenwich, CT 06830

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon Plaintiff' s Attorney

DOLIN, THOMAS & SOLOMON LLP
693 East Ave
Rochester, New York 14607
(585) 272-0540

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for

the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

DATE    12/5/06

CLERK

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, BRUCE
BERGERON TIMOTHY BOWEN,
PAM CAPUANO, ZANDRA CHATMAN,
ROBERT CRETELLA, KEVIN CROOKS,
CRYSTAL CUNNINGHAM, KAREN
DOMINGUEZ, STEVEN ESCHER, BETHANY
FAZILAT, ERIK GARCIA, IAN GOOLDY,
KATHLEEN JANNINCK, DAVID KEIM,
LINDA KOPMAN, BRIAN McKENZIE,
NAOMI MIRKIN, RONALD SANCHEZ,
ADAM SCHEMER, ALISON WASKIEWICZ,
SAMNANG WATERS, AND CHARLES YOUNG,
*on behalf of themselves and all other*
*employees similarly situated,*

Plaintiffs,

v.

AIRLIE OPPORTUNITY MASTER
FUND, LTD., ARH MORTGAGE
INC., WDM FUND, L.P., STEVE Y.
KHOSHABE, JOSEPH KHOSHABE,
AND JASON K. SCHIFFMAN,

Defendants.

CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

Civil Action

NO. CV 6473

ORIGINAL
RECEIVED AND FILED
USDC WDNY ROCH

SEP 21 2006

BY:

## NATURE OF CLAIM

1.     This is a proceeding for declaratory relief and monetary damages to redress the

deprivation of rights secured to plaintiffs Fahad Siddiqui, Bruce Bergeron, Timothy Bowen,

Pam Capuano, Zandra Chatman, Robert Cretealla, Kevin Crooks, Crystal Cunningham,

Karen Dominguez, Steven Escher, Bethany Fazilat, Erik Garcia, Ian Gooldy, Kathleen

Janninck, David Keim, Linda Kopman, Brian McKenzie, Naomi Mirkin, Ronald Sanchez,

Adam Schemer, Alison Waskiewicz, Samnang Waters and Charles Young individually, as well

H:\McKenzie, B\Complaint - FLSA - Airlie.doc

7.    The named plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

8.    There are no known conflicts of interest between the named plaintiffs and the other class members.

9.    The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

10.    The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

11.    Common questions of law and fact predominate in this action because the claims of all class members are based on whether defendants' policy of not paying statutory overtime to exempt and/or nonexempt employees for all hours worked in excess of forty per week violates New York Labor Law and other state statutes requiring the payment of overtime.

12.    The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

A.    Defendants

13.    Airlie Opportunity Master Fund, Ltd. is a Cayman Islands Limited Partnership with its headquarters in Greenwich, Connecticut.

- 3 -

14.    ARH Mortgage Inc. is a Delaware corporation and the sole shareholder of United Financial.

15.    WDM Fund L.P. is a Delaware limited partnership associated with Airlie Opportunity Master Fund, Ltd.

16.    Steve Y. Khoshabe was the President and Chief Executive Officer of United Financial.

17.    Joseph Khoshabe was the Chairman of the United Financial and was responsible for the commercial lending operations.  Mr. Khoshabe previously served as the President and Chief Executive Officer.

18.    Jason K. Schiffman was the Executive Vice President-Operations of United Financial.

19.    Upon information and belief, defendants are an enterprise engaged in interstate commerce, with annual gross volume of sales made not less than $500,000.

20.    Defendants are the employer of plaintiffs within the meaning of 29 U.S.C. § 203(d) and/or joint employers of the plaintiffs and comprise an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

21.    Upon information and belief, the defendants are alter egos of each other and of United Financial.

22.    Upon information and belief, defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman are employers of the plaintiffs.

B.    Plaintiffs

*Named Plaintiffs*

23.    The named plaintiffs are former employees of defendants who were not fully

- 4 -

compensated for all work performed either at regular or premium overtime rates for such work.

*Class and Collective Action Members*

24.    The class and collective action members ("Class Members") are those employees similarly situated to named plaintiffs as set forth above.

## FACTUAL BACKGROUND

25.    Defendants' policy and/or practice was not to pay employees for all hours employees worked.

26.    When employees did not receive compensation for hours in excess of 40 hours in a week, defendants violated the FLSA, applicable state labor laws and breached its contracts with plaintiffs.

27.    When employees did not receive compensation for any other hours, defendants violated applicable state labor laws and breached its contracts with plaintiffs.

28.    Named plaintiffs and Class Members frequently worked over 40 hours in a week while employed by defendants.

29.    Defendants' policy and/or practice was to not compensate named plaintiffs and Class Members for all work performed either at regular or premium overtime rates for such work.

30.    Defendants knew plaintiffs were supposed to be paid statutory overtime, however, defendants willfully failed to pay statutory overtime for all hours when named plaintiffs and Class Members worked over 40 hours in a week.

31.    Defendants also knew plaintiffs were supposed to be paid for all time worked, however, defendants willfully failed to pay for all hours worked.

H:\McKenzie, B\Complaint - FLSA - Airlie.doc

32.    The defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements and state labor laws.

33.    This failure to pay for all time worked as required by the FLSA, the New York Labor Law and the various state laws was willful.

34.    Plaintiffs understand that they have signed arbitration agreements.  However, it is not clear that defendants are subject to or have agreed to be bound by such agreements.

## FIRST CAUSE OF ACTION
### FLSA

35.    Plaintiffs reallege the above paragraphs as if fully restated herein.

36.    Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

## SECOND CAUSE OF ACTION
### New York Labor Law

37.    Plaintiffs reallege the above paragraphs as if fully restated herein.

38.    Defendants willfully violated their obligations under the New York Labor Law and are liable to plaintiffs.

## THIRD CAUSE OF ACTION
### State Labor and Contract Laws

39.    Plaintiffs reallege the above paragraphs as if fully restated herein.

40.    Defendants willfully violated their obligations under the laws of the various states in which United Financial does business and are liable to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

H:\McKenzie, B\Complaint - FLSA - Airlie.doc

(a)    an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)    an award of the value of plaintiffs' unpaid wages, including fringe benefits;

(c)    liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs (plaintiffs who do not affirmatively opt-in the class expressly waive their rights to liquidated damages or any other statutory penalty provided under New York law);

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e)    an award of pre- and post-judgment interest; and

(f)    such other and further legal or equitable relief as this forum deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Dated: September 21, 2006

DOLIN, THOMAS & SOLOMON LLP

By: _____
J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

H:\McKenzie, B\Complaint - FLSA - Airlie.doc

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, ET AL,

                               Plaintiffs,

                                                    Civil Action No. . 06-CV-6473 L (P)

              - v -

AIRLIE OPPORTUNITY MASTER FUND, LTD.,                **DECLARATION OF**
ARH MORTGAGE INC., WDM FUND, L.P.,                   **RICHARD G. HADDAD**
STEVE Y. KHOSHABE, JOSEPH KHOSHABE                   **IN SUPPORT OF**
AND JASON K. SCHIFFMAN,                               **MOTION TO DISMISS**
                                                     **OR TO STAY**
                               Defendants.

Pursuant to 28 U.S.C. § 1746, Richard G. Haddad, declares under penalty of perjury:

I am a member of the Firm of Otterbourg, Steindler, Houston & Rosen, P.C., co-counsel with Nixon Peabody LLP, for defendants Airlie Opportunity Master Fund, Ltd. ("AOMF"), ARH Mortgage Inc. ("ARH"), and WDM Fund, L.P. ("WDM", and collectively, the "Non-Management Defendants").  I am fully familiar with the facts set forth herein, and make this declaration in support of the Non-Management Defendants' motion to (a) dismiss the Summons and Complaint, dated September 21, 2006 (the "Complaint") in the within action, pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6), and the Federal Arbitration Act; alternatively, (b) stay the action and compel arbitration; alternatively, (c) dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction as to the Non-Management Defendants; and alternatively, (d) dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(4) for insufficiency of process, and 12(b)(5), for insufficiency of service of process, with respect to AOMF.

1.      Annexed hereto as Exhibit "A" is a copy of the "Class Action Complaint and Demand for Jury Trial" in the action entitled <u>McKenzie v. United Financial Mortgage Company</u>, 6:05-cv-06067-DGL-MWP.  [Docket No. 1].

2.    Annexed hereto as Exhibit "B" is a copy of the "Answer" in the action entitled McKenzie v. United Financial Mortgage Company, 6:05-cv-06067-DGL-MWP.  [Docket No. 7].

3.    Annexed hereto as Exhibit "C" is a copy of the Exhibit "A" to the "First Motion to Dismiss the Complaint and Compel Arbitration" in the action entitled McKenzie v. United Financial Mortgage Company, 6:05-cv-06067-DGL-MWP.  [Docket No. 15], which contains arbitration agreements signed by six of the named plaintiffs in this action.  It is my understanding that each of the other named plaintiffs has executed an identical or similar arbitration agreement..

4.    Annexed hereto as Exhibit "D" is a copy of the Order of this Court, filed on October 31, 2005 in the action entitled McKenzie v. United Financial Mortgage Company, 6:05-cv-06067-DGL-MWP.  [Docket No. 21].

I declare under the penalty of perjury that the foregoing is true and correct.  Executed this 3rd day of January, 2007, at New York, New York.

/s/Richard G. Haddad
Richard G. Haddad

771635

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN McKENZIE,
*on behalf of himself and all other*
*employees similarly situated,*

                                            Plaintiffs,

          v.

UNITED FINANCIAL MORTGAGE
COMPANY,

                                            *Defendant.*

CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

Civil Action No.

_____

## NATURE OF CLAIM

1.     This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiff Brian McKenzie individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); the New York State Labor Law; and the laws of the various States in which defendant does business.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under the Declaratory Judgment Statute, 28 U.S.C. § 2201.

3.     This Court's supplemental jurisdiction of claims arising under New York State

Labor Law and the laws of the various States is also invoked.

    4.    Venue is appropriate in the Western District of New York because, among other reasons, the defendant is a resident of and does business in this district.

**CLASS ACTION ALLEGATIONS**

    5.    The claims arising under New York State Labor Law are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

    6.    The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

    7.    The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of current and former individuals who worked for United Financial Mortgage Company ("United Financial") or its subsidiaries or divisions or other joint employers who in the last six years

        a.    whose job duties included the sale, processing and/or review of credit extended to defendant's customers and who were suffered or permitted to work by defendant and were not fully compensated at regular or premium overtime rates for such work; or

        b.    regardless of job duties, who were suffered or permitted to work and were not fully compensated at either regular or premium overtime rates for such work.

    8.    The class size is believed to be over 50 employees.

    9.    The named plaintiff, Brian McKenzie, will adequately represent the interests of the class members because he is similarly situated to the class members and his claims are typical of, and concurrent to, the claims of the other class members.

    10.    There are no known conflicts of interest between the named plaintiff and the other class members.

- 2 -

H:\McKenzie, B\Complaint - FLSA.doc

11.    The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

12.    The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

13.    Common questions of law and fact predominate in this action because the claims of all class members are based on whether United Financial's policy of not paying statutory overtime to exempt and/or nonexempt employees for all hours worked in excess of forty per week violates New York Labor Law and other state statutes requiring the payment of overtime.

14.    The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**PARTIES**

A.    **Defendant**

15.    United Financial is a corporation with its headquarters being in Oak Brook, Illinois.

16.    Upon information and belief, defendant is an enterprise engaged in interstate commerce, with annual gross volume of sales made not less than $500,000.

17.    At all times relevant to this action, the defendant is the employer of plaintiffs within the meaning of 29 U.S.C. § 203(d) and comprises an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

- 3 -

B.    Plaintiffs

*Named Plaintiff*

18.    At all relevant times, Mr. McKenzie was an employee of defendant under the FLSA and the New York Labor Law.

*Class and Collective Action Members*

19.    The class and collective action members ("Class Members") are those employees similarly situated to named plaintiff as set forth above.

## FACTUAL BACKGROUND

20.    Named plaintiff worked as a Loan Officer for the defendant and, as with the other Class Members, was not paid time and one-half for all hours he worked over 40 in a week.

21.    Named plaintiff and Class Members frequently worked over 40 hours in a week while employed by defendant.

22.    Defendant's policy and/or practice was to not compensate named plaintiff and Class Members at time-and-one-half for all hours when the named plaintiff and Class Members worked over 40 in a week.

23.    Defendant knew plaintiffs were supposed to be paid statutory overtime, however, defendant willfully failed to pay statutory overtime for all hours when named plaintiff and Class Members worked over 40 hours in a week.

24.    The defendant's practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

25.    This failure to pay overtime as required by the FLSA, the New York Labor Law and the various state laws was willful.

- 4 -

## FIRST CAUSE OF ACTION
### *FLSA*

26.     Plaintiffs reallege the above paragraphs as if fully restated herein.

27.     Defendant willfully violated their obligations under the FLSA and are liable to

plaintiffs.

## SECOND CAUSE OF ACTION
### *New York Labor Law*

28.     Plaintiffs reallege the above paragraphs as if fully restated herein.

29.     Defendant willfully violated their obligations under the New York Labor Law

and are liable to plaintiffs.

## THIRD CAUSE OF ACTION
### *State Labor and Contract Laws*

30.     Plaintiffs reallege the above paragraphs as if fully restated herein.

31.     Defendant willfully violated their obligations under the laws of the various

states in which United Financial does business and are liable to plaintiffs.

**WHEREFORE**, plaintiffs demand judgment against defendant in their favor and that

they be given the following relief:

(a)     an order preliminarily and permanently restraining defendant from engaging in
the aforementioned pay violations;

(b)     an award of the value of plaintiffs' unpaid wages, including fringe benefits;

(c)     liquidated damages under the FLSA equal to the sum of the amount of wages
and overtime which were not properly paid to plaintiffs (plaintiffs who do not
affirmatively opt-in the class expressly waive their rights to liquidated damages
or any other statutory penalty provided under New York law);

(d)     an award of reasonable attorneys' fees, expenses, expert fees and costs incurred
in vindicating plaintiffs' rights;

(e)     an award of pre- and post-judgment interest; and

- 5 -

(f)     such other and further legal or equitable relief as this Court deems to be just
and appropriate.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact.

Dated: February 15, 2005

DOLIN, THOMAS & SOLOMON LLP

By: _____
J. Nelson Thomas, Esq.
*Attorneys for Plaintiffs*
693 East Ave.
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com

- 6 -

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 410
Melville, New York  11747
(631) 247-0404

ATTORNEY OF RECORD:
        MARC S. WENGER, ESQ. (MW8910)

--------------------------------------------------x

BRIAN MCKENZIE, ON BEHALF OF
HIMSELF AND ALL OTHER
EMPLOYEES SIMILARLY SITUATED,

                                    Plaintiffs,

                -against-

UNITED FINANCIAL MORTGAGE
CORPORATION,

                                    Defendant.

--------------------------------------------------x

Civ. No.:   05 CV 6067

**ANSWER**

TO:    J. NELSON THOMAS, ESQ.
       DOLIN, THOMAS & SOLOMON, LLP
       *ATTORNEYS FOR PLAINTIFFS*
       135 Corporate Woods, Suite 130
       Rochester, New York  14623
       (585) 272-0540

        Defendant United Financial Mortgage Company ("Defendant"), by its undersigned counsel, hereby responds to the allegations in the Complaint of Plaintiff Brian McKenzie ("Plaintiff") as follows:

### AS TO "NATURE OF THE CLAIM"

1. Defendant denies the allegations contained in paragraph 1, except admits that Plaintiff purports to bring an action under the specified statutes. Defendant denies that Plaintiff has pleaded a claim upon which relief could be granted and further denies that this action should proceed as a class or collective action.

### AS TO "JURISDICTION AND VENUE"

2. Defendant denies the allegations contained in paragraph 2, except admits that Plaintiff purports to invoke this Court's jurisdiction over the instant claims. Defendant denies that Plaintiff has pleaded a claim upon which relief could be granted.

3. Defendant denies the allegations contained in paragraph 3, except admits that Plaintiff purports to invoke this Court's supplemental jurisdiction over the instant claims. Defendant denies that Plaintiff has pleaded a claim upon which relief can be granted.

4. The allegations in paragraph 4 constitute legal conclusions as to which no response is required. To the extent any response is required, Defendant denies any factual allegations contained in paragraph 4, except admits that it employed Plaintiff in Rochester, New York.

### AS TO "CLASS ACTION ALLEGATIONS"

5. The allegations contained in paragraph 5 constitute legal conclusions, no response is required. To the extent any response is required, Defendant denies the allegations contained in this paragraph.

6. The allegations contained in paragraph 6 constitute legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations contained in this paragraph.

2

7. The allegations contained in paragraph 7 constitute legal conclusions as to which no response is required. To the extent any response is required, Defendant denies the allegations contained in this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 constitute legal conclusions as to which no response is required. To the extent any response is required, Defendant denies the allegations contained in this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 constitute legal conclusions as to which no response is required. To the extent any response is required, Defendant denies the allegations contained in this paragraph.

14. The allegations contained in paragraph 14 constitute legal conclusions as to which no response is required. To the extent any response is required, Defendant denies the allegations contained in this paragraph.

### AS TO "PARTIES"

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant admits the allegations contained in paragraph 16.

3

17. The allegations contained in paragraph 17 constitute legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations contained in paragraph 17, except admits that Defendant employed Plaintiff Brian McKenzie.

18. Defendant denies the allegations contained in paragraph 18, except admits that Plaintiff Brian McKenzie was an employee of Defendant from August 23, 2004 until January 21, 2005.

19. The allegations contained in paragraph 19 constitute legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations contained in paragraph 19.

## AS TO "FACTUAL BACKGROUND"

20. Defendant denies the allegations contained in paragraph 20, except admits that Plaintiff worked as a loan officer for Defendant and was not paid and was not entitled to be paid time and one-half for any hours he worked over 40 in a week.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22, except admits that Plaintiff was not paid and was not entitled to be paid time and one-half for any hours he worked over 40 in a week.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

## AS TO "FIRST CAUSE OF ACTION – FLSA"

26. Defendant repeats and realleges each and every allegation set forth above as if fully restated herein.

4

27. Defendant denies the allegations contained in paragraph 27.

## AS TO "SECOND CAUSE OF ACTION -
## NEW YORK LABOR LAW"

28. Defendant repeats and realleges each and every allegation set forth above as if fully restated herein.

29. Defendant denies the allegations contained in paragraph 29.

## AS TO "THIRD CAUSE OF ACTION -
## STATE LABOR AND CONTRACT LAWS"

30. Defendant repeats and realleges each and every allegation set forth above as if fully restated herein.

31. Defendant denies the allegations contained in paragraph 31.

## AS TO "WHEREFORE" CLAUSE

32. Defendant denies all allegations not unequivocally admitted herein, denies that Plaintiff is entitled to any relief demanded in the Complaint and further denies that class or collective action status is appropriate herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. The Complaint fails to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. At all times relevant hereto, Defendant acted in good faith and did not violate any rights which may be secured to Plaintiff and any persons similarly situated under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. The claims asserted by Plaintiff and any persons similarly situated are barred, in whole or in part, by the applicable statutes of limitations and the doctrine of laches.

5

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. Defendant believed in good faith and had reasonable grounds to believe that Plaintiff and any persons similarly situated were exempt from the overtime requirements of the FLSA.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. Plaintiff is not similarly situated to the putative class members and, as such, should not be part of any action under FLSA Section 216(b).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. Plaintiff is not an adequate representative of the putative class members and, as such, should not be permitted to pursue any class or collective action under the FLSA or New York law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

39. The Complaint is barred, in whole or in part, pursuant to 29 U.S.C. §§258(a) and 259(a), because Defendant has, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

40. The Complaint is barred, in whole or in part, to the extent Plaintiff failed to satisfy statutory and/or other prerequisites to proceed collectively under 29 U.S.C. §216(b).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41. The relief sought in the Complaint is barred, in part, because expert witness fees and costs are not recoverable in actions pursued under 29 U.S.C. §216(b).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

42. The relief sought in the Complaint is barred, in whole or in part, to the extent that Plaintiff and any persons similarly situated are estopped by their own conduct from claiming any damages or any relief against Defendant.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

43. This case is not appropriate for class certification because any common issues of fact or law are insignificant compared to the issues particular to Plaintiff and to the purported class members.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

44. Plaintiff cannot establish and maintain a class action because he cannot demonstrate that a class action is superior to other methods available for adjudicating the controversy.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

45. Plaintiff cannot establish and maintain a class action because a problem of manageability would be created by reason of the complexity and/or proliferation of issues in the case.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

46. Plaintiff cannot establish and maintain a class action because the class members' proposed geographic area would make adjudicating this controversy as a class action unduly difficult and this Court is not a proper venue for claims of the purported unidentified additional plaintiffs.

7

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

47. Plaintiff and all persons similarly situated are exempt from eligibility for overtime compensation pursuant to the Fair Labor Standards Act and under New York law pursuant to the New York Miscellaneous Wage Order.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

48. This action cannot be certified and pendent or other jurisdiction should not be exercised over the State wage law claims to the extent that the State laws are different from the FLSA and are applicable to a limited number of Defendant's incumbent and former employees.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

49. Plaintiff and all persons similarly situated have been paid all wages due and, as such, cannot state a claim upon which relief could be granted.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

50. The relief sought in the Complaint is barred, in whole or in part, to the extent that Plaintiff and any persons similarly situated have waived or released claims for damages or other relief against Defendant.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

51. The claims asserted in the Complaint are barred, in whole or in part, to the extent that Plaintiff and any persons similarly situated have agreed to arbitrate those claims.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

52. To the extent that Plaintiff or any persons similarly situated have failed or fail to make good faith and diligent efforts to mitigate any purported damages, any relief awarded should be reduced, in whole or in part.

8

Dated:    Melville, New York
          April 22, 2005

                                    Respectfully submitted,


                                    By:  /s/ Marc S. Wenger
                                          MARC S. WENGER (MW8910)
                                    JACKSON LEWIS LLP
                                    ATTORNEYS FOR DEFENDANT
                                    58 South Service Road, Suite 410
                                    Melville, New York  11747
                                    Tel:  (631) 247-0404
                                    wengerm@jacksonlewis.com

                                    Jill L. Yonkers, Esq.
                                    HODGSON RUSS LLP
                                    LOCAL COUNSEL FOR DEFENDANT
                                    1 M and T Plaza
                                    Buffalo, New York  14203
                                    Tel:  716-856-4000


I:\Clients\U\82610_MSW\Pleadings\Answer.doc

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2005, Defendant's Answer to Plaintiffs' Complaint was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Rules on Electronic Service upon the following parties and participants:

J. NELSON THOMAS, ESQ.
DOLIN, THOMAS & SOLOMON LLP
*ATTORNEYS FOR PLAINTIFFS*
135 Corporate Woods, Suite 130
Rochester, New York 14623

*s/ Marc S. Wenger*
Marc S. Wenger, Esq. (MW8910)

I:\Clients\U\82610_MSW\Pleadings\Answer.doc

10

# EXHIBIT C



**United Financial
Mortgage Corp.**

## AGREEMENT TO ARBITRATE DISPUTES

As part of the terms and conditions of employment and interview process with the United
Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into
mandatory binding arbitration agreement and hereby agrees not to sue for any reason the
UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any
dispute arising from the interview process or employment by the UFMC.

Arbitration of disputes will be handled by either the American Arbitration Association or
Jams/ENDiputes.

_____ Brian J. McKenzie _____
Print Name

_____ [signature] _____          _8/25/04_
Signature                                              Date

815 Commerce Dr., Suite 100 • Oak Brook, IL 60523 • (630) 571-7222 • (630) 571-2522 Fax



**United Financial
Mortgage Corp.**

### AGREEMENT TO ARBITRATE DISPUTES

As part of the terms and conditions of employment and interview process with the United
Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into
mandatory binding arbitration agreement and hereby agrees not to sue for any reason the
UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any
dispute arising from the interview process or employment by the UFMC.

Arbitration of disputes will be handled by either the American Arbitration Association or
Jams/ENDiputes.

FAHAD   G - SIDDIQUI
Print Name

Signature                                    2-2-04
                                             Date



**United Financial
Mortgage Corp.**

## AGREEMENT TO ARBITRATE DISPUTES

As part of the terms and conditions of employment and interview process with the United Financial Mortgage Corp and/or any and all of its affiliates, applicant agrees to enter into mandatory binding arbitration agreement and hereby agrees not to sue for any reason the UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any dispute arising from the interview process or employment by the UFMC.

Arbitration of disputes will be handled by either the American Arbitration Association or Jams/ENDiputes.

*Timothy Bowen*
_____
Print Name

*Tim Bowen*
_____          9/1/04
Signature                                          Date

815 Commerce Dr. Suite 100 • Oak Brook IL 60523 • (630) 571-7222 • (630) 571-2522 Fax



United Financial
Mortgage Corp.

## AGREEMENT TO ARBITRATE DISPUTES

As part of the terms and conditions of employment and interview process with the United Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into mandatory binding arbitration agreement and hereby agrees not to sue for any reason the UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any dispute arising from the interview process or employment by the UFMC.

Arbitration of disputes will be handled by either the American Arbitration Association or Jams/ENDiputes.

_Pamela M Capuano_
Print Name



_Pamela m Capuano_                    _2/10/04_
Signature                              Date



**United Financial
Mortgage Corp.**

## AGREEMENT TO ARBITRATE DISPUTES

As part of the terms and conditions of employment and interview process with the United Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into mandatory binding arbitration agreement and hereby agrees not to sue for any reason the UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any dispute arising from the interview process or employment by the UFMC.

Arbitration of disputes will be handled by either the American Arbitration Association or Jams/ENDiputes.

_STEPhen T. Eschel_
Print Name

_Stephen T. Eschel (signature)_          _8/13/04_
Signature                                    Date

815 Commerce Dr. Suite 100 - Oak Brook IL 60523 - (800) 571-7800 - (630) 571-0006 F



United Financial
Mortgage Corp.

## AGREEMENT TO ARBITRATE DISPUTES

As part of the terms and conditions of employment and interview process with the United Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into mandatory binding arbitration agreement and hereby agrees not to sue for any reason the UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any dispute arising from the interview process or employment by the UFMC.

Arbitration of disputes will be handled by either the American Arbitration Association or Jams/ENDiputes.

_____
Print Name

_____        _____
Signature                                Date

815 Commerce Dr., Suite 100 • Oak Brook, IL 60523 • (630) 571-7222 • (630) 571-2623 Fax

# EXHIBIT D

RECEIVED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

BRIAN McKENZIE,
*on behalf of himself and all other*
*employees similarly situated,*

                                    *Plaintiffs,*

                    v.

UNITED FINANCIAL MORTGAGE
COMPANY,

                                    *Defendant.*

**ORDER**

Civil Action
No. 05-CV-6067

IT IS HEREBY ORDERED that this action is stayed pending arbitration of plaintiffs' claims.

SO ORDERED:

Honorable David G. Larimer
United States District Judge
Dated: 10-31-05

FILED
U.S. DISTRICT COURT
W/D.N.Y. ROCHESTER
2005 OCT 31 PM 3:32

H:\McKenzie, B\Stay Order.doc

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, ET AL,

                                        Plaintiffs,

                                                            Civil Action No. . 06-CV-6473 L (P)

                    - v -

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE
AND JASON K. SCHIFFMAN,

                                        Defendants.

---

# MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS OR
### TO STAY PENDING ARBITRATION

NIXON PEABODY LLP
Clinton Square
P.O. Box 30151
Rochester, New York 14603-1051
(585) 263-1558

AND

OTTERBOURG, STEINDLER, HOUSTON
 & ROSEN, P.C.
230 Park Avenue
New York, New York
(212) 661-9100

Co-counsel for Defendants
Airlie Opportunity Master Fund, Ltd.,
ARH Mortgage Inc. and
WDM Fund, L.P.

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................2

ARGUMENT ...............................................................................................................6

POINT I    THE MANDATORY ARBITRATION PROCEDURE
           CONSENTED TO BY PLAINTIFFS REQUIRES
           ARBITRATION OF THEIR CLAIMS IN THIS CASE ...............................6

       A.  Federal Law Requires That The Instant Matter Be Referred
           To Arbitration. ........................................................................................6

       B.  Courts Have Consistently Enforced Agreements To Arbitrate
           Employment Disputes ..............................................................................7

       C.  If This Court Does Not Dismiss The Complaint,  It Must At Least
           Stay Discovery And Further Proceedings ................................................11

POINT II   THE COURT LACKS PERSONAL JURISDICTION
           OVER THE NON-MANAGEMENT DEFENDANTS ...............................12

       A.  The Non-Management Defendants' Motion Should Be Granted
           Because Plaintiffs Failed to Carry Their Burden of Pleading
           Personal Jurisdiction  .............................................................................12

       B.  The Non-Management Defendants Are Not Subject to
           Personal Jurisdiction in New York .........................................................14

           1.  New York Law Governs The Jurisdictional Analysis .....................14

           2.  Plaintiffs Cannot Demonstrate That the
               Non-Management Defendants Are Subject to
               General Personal Jurisdiction in New York .....................................15

           3.  Plaintiffs Cannot Satisfy the Requirements of
               New York's Long-Arm Statute ........................................................16

POINT III  THE COMPLAINT SHOULD BE DISMISSED FOR
           INSUFFICIENCY OF PROCESS AND FOR
           INSUFFICIENCY OF SERVICE OF PROCESS AS TO
           DEFENDANT AIRLIE OPPORTUNITY MASTER FUND, LTD. ...........17

CONCLUSION .............................................................................................................18

## TABLE OF AUTHORITIES

Page

Cases

Anchor v. Novartis Grimsby, Ltd., 2006 WL 3419846 (W.D.N.Y. Nov. 27, 2006) .....................12

Aviles v. Kunkle, 978 F.2d 201 (5th Cir. 1992) ..........................................................................14

Bailey v. Chase Securities, Inc., 2002 WL 826816 (S.D.N.Y. May 1, 2002) ...............................8

Chanchani v. Salomon/Smith Barney, 2001 WL 204214 (S.D.N.Y.
     Feb. 28, 2001) .........................................................................................................................6

Ciago v. Ameriquest Mortgage Co., 295 F.Supp.2d 324 (S.D.N.Y. 2003) ...............................9, 10

Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 121 S.Ct. 1302,
     149 L.Ed.2d 234 (2001) ..........................................................................................................8

Clarke v. Fonix Corp., 1999 WL 105031 (S.D.N.Y. Mar. 1, 1999),
     aff'd without opinion, 199 F.3d 1321 (2d Cir. 1999) ............................................................13

Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238 (1985) ...................................7

DeBono v. Wash. Mut. Bank, 2006 WL 3538938 (S.D.N.Y. Dec. 8, 2006) ................................10

Decraene v. Neuhaus (U.S.A.), Inc., 2005 WL 1330761 (S.D.N.Y.
     June 3, 2005) ....................................................................................................................15, 16

DiCrisci v. Lyndon Guar. Bank of New York, 807 F.Supp. 947
     (W.D.N.Y. 1992) .....................................................................................................................8

Dorrough v. Harbor Sec., LLC, 2002 WL 1467745 (E.D.N.Y. May 10, 2002) ...........................18

Falcone Bros. Partnership v. Bear Stearns & Co., 699 F.Supp 32
     (S.D.N.Y. 1988) .....................................................................................................................11

Fid. & Guar. Ins. Co. v. West Point Realty. Inc., 2002 WL 1933780
     (S.D.N.Y. Aug. 20, 2002) ..................................................................................................6, 10

Genesco. Inc. v. T. Kakiuchi & Co., 815 F.2d 840 (2d Cir. 1987) .................................................9

GMAC Commercial Credit LLC v. Spring Industries. Inc., 171 F.Supp.2d 209
     (S.D.N.Y. 2001) .....................................................................................................................6

Grigson v. Creative Artists Agency L.L.C., 210 F.3d 524, reh'g denied,
     218 F.3d 745 (5th Cir.), cert denied, 531 U.S. 1013, 121 S.Ct. 570 (2000) .........................10

Hennigan v. Taser Int'l, Inc., 2001 U.S. Dist. LEXIS 1857 (S.D.N.Y. Feb. 23, 2001)

Herko v. Metropolitan Life Ins. Co., 978 F.Supp. 141 (W.D.N.Y. 1997) .....................................8

Ivoclar Vivadent, Inc. v. Ultident, Inc., 2005 WL 1421805 (W.D.N.Y. June 15, 2005)..............13

Latulas v. Labor Ready Northeast. Inc., 2004 WL 1570304 (W.D.N.Y.
     June 25, 2004) ........................................................................................................8

Mecos, S.R.L. v. Georal Int'l Ltd., 2005 WL 2046024 (E.D.N.Y. Aug. 25, 2005) ......................10

Merkel Associates, Inc. v. Bellofram Corp., 437 F.Supp. 612 (W.D.N.Y. 1977)..............2 n.1, 14

Metzler v. Harris Corp., 2001 WL 194911 (S.D.N.Y February 23, 2001) ....................................8

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614,
     105 S.Ct. 3346 (1985) ............................................................................................6

Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1,
     103 S.Ct. 927, 74 L. Ed.2d 765 (1983) ...................................................................7

O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394 (7th Cir. 1993) ................................17

Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72 (2d Cir. 1998)...................................................7

Olin Corp. v. E.I. Dupont De Nemours & Co., 2006 WL 839415 (W.D.N.Y.
     Mar. 26, 2006)........................................................................................................7

Omni Capital Int'l. Ltd v. Rudolf Wolff & Co., Ltd., 484 U.S. 97,
     108 S.Ct. 404 (1987) ............................................................................................14

Pro-Fac Coop., Inc. v. Alpha Nursery, Inc., 205 F.Supp.2d 90
     (W.D.N.Y. 2002).............................................................................................14, 16

Rajjak v. McFrank & Williams, 2001 WL 799766 (S.D.N.Y. July 10, 2001) ...............................9

Roper Starch Worldwide, Inc. v. Reymer & Associates, Inc.,
     2 F.Supp.2d 470 (S.D.N.Y. 1998)........................................................................15

Sinnett v. Friendly Ice Cream Corp., 319 F.Supp.2d 439 (S.D.N.Y. 2004) ...........................8, 10

Spiegel v. Schulmann, 2006 WL 3483922 (S.D.N.Y. Nov. 30, 2006)........................................16

Sullivan v. Kilgore Mfg. Co., 93 F.Supp. 511 (E.D.N.Y. 1950) .................................................18

Townsend v. Smith Barney Shearson Inc., 906 F.Supp. 153 (W.D.N.Y. 1995) ..........................8

Weiss v. Travex Corp., 2002 WL 1543875 (S.D.N.Y. July 10, 2002) ...............................8, 9, 10

Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. De V.S.,
     451 F.Supp.2d 585 (S.D.N.Y. Sept. 6, 2006).......................................................18

Whitney v. Peregrine Sys., Inc., 2001 WL 1448528 (N.D. Ill.
     Nov. 13, 2001) ......................................................................................................10

Statutes and Rules

Federal Arbitration Act ........................................................................... *passim*

Fair Labor Standards Act of 1938 as amended (FLSA) ........................................ *passim*

C.P.L.R. 301 ........................................................................................ *passim*

C.P.L.R. 302 ........................................................................................ *passim*

Fed. R. Civ. P. 12(b)(1) .......................................................................... *passim*

Fed. R. Civ. P. 12(b)(2) .......................................................................... *passim*

Fed. R. Civ. P. 12(b)(3) .......................................................................... *passim*

Fed. R. Civ. P. 12(b)(4) .......................................................................... *passim*

Fed. R. Civ. P. 12(b)(5) .......................................................................... *passim*

Treatises

Domke on Commercial Arbitration (3d ed.) ...................................................... 10

Moore's Federal Practice .......................................................................... 17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
FAHAD SIDDIQUI, et al.,                                       :        Civil Action No. 06-CV-6473 L (P)
                                                              :
                                    Plaintiffs,               :
                                                              :
                       - against -                            :
                                                              :
AIRLIE OPPORTUNITY MASTER FUND,                               :
LTD., ARH MORTGAGE INC., WDM FUND,                            :
L.P., STEVE Y. KHOSHABE, JOSEPH                               :
KHOSHABE and JASON K. SCHIFFMAN,                              :
                                                              :
                                    Defendants.               :
-------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS OR
## <u>TO STAY PENDING ARBITRATION</u>

Defendants Airlie Opportunity Master Fund, Ltd. ("AOMF"), ARH

Mortgage Inc. ("ARH"), and WDM Fund, L.P. ("WDM", and collectively, the "Non-

Management Defendants") respectfully submit this Memorandum of Law in support of

their motion to:

(a) dismiss the Summons and Complaint, dated September 21, 2006 (the

"Complaint") in the within action, pursuant to Fed. R. Civ. P. 12(b)(1), (3)

and (6), and the Federal Arbitration Act; alternatively,

(b) stay the action and compel arbitration; alternatively,

(c) dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of

personal jurisdiction as to the Non-Management Defendants; alternatively,

(d) dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(4), for

insufficiency of process, and 12(b)(5), for insufficiency of service of

process, with respect to AOMF.

## PRELIMINARY STATEMENT

In this putative class action, plaintiffs seek unspecified monetary damages

and equitable relief under the Fair Labor Standards Act of 1938 as amended (the

"FLSA"), the New York State Labor Law, and the "laws of the various States in which

defendant [*sic*] does business." The Complaint alleges that plaintiffs were the

"employees" of "United Financial Mortgage Company," a non-party to this action

(Complaint ¶ 4(i)); and that "defendants"(whomever they may be) allegedly failed to pay

plaintiffs "overtime" for six years, allegedly in contravention of the FLSA and the laws

of New York and other unidentified states (Complaint ¶ ¶ 4(i), 26, 30, 31). Then, in a

wholly conclusory manner, plaintiffs allege that "upon information and belief",

"defendants" were the "alter egos of each other and of United Financial." (Complaint ¶

21).[1]

Notably, the Non-Management Defendants are all foreign entities

(Complaint ¶ ¶ 13-15), and none do business in New York. The Complaint lacks any

other jurisdictional allegations and any basis to drag the Non-Management Defendants

into this Court. This omission is fatal because New York law requires that plaintiffs

make a prima facie showing of personal jurisdiction in their Complaint. Yet, plaintiffs

---

[1] *See* Merkel Associates, Inc. v. Bellofram Corp., 437 F.Supp. 612, 616 (W.D.N.Y. 1977) (criticizing
plaintiffs' use of the "collective term 'defendants' in the complaint, even where the term was
inappropriate" such as alleging that "'defendants' terminated the Sales Agent Agreement, although the
agreement at most was between plaintiffs and [a particular corporation].")

baldly contend, without a scintilla of proof or reasoning, that they are nonetheless entitled to proceed with this action in this Court. (Complaint ¶ 34(i)).

Moreover, acknowledging the existence and execution of arbitration agreements executed by the plaintiffs, the Complaint omits the terms of these broad arbitration agreements.  The Arbitration Agreement provides:

> As part of the terms and conditions of employment and interview process with the United Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into mandatory binding arbitration agreement and hereby agrees not to sue for any reason the UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any dispute arising from the interview process or employment by the UFMC.
>
> Arbitration of disputes will be handled by either the American Arbitration Association or Jams/ENDiputes.

The foregoing provisions barring litigation and mandating arbitration establish that plaintiffs commenced this action in violation of the Arbitration Agreement, and for this reason the action should be dismissed and arbitration compelled under the Federal Arbitration Act.

Significantly, the Complaint also omits other facts that directly pertain to, and impact upon, the issue of arbitration and this instant action.  On February 15, 2005, in this Court, many of the same plaintiffs, represented by the same attorneys as in this action, commenced a class action solely against United Financial, entitled McKenzie v. United Financial Mortgage Company, 6:05-cv-06067-DGL-MWP, in which plaintiffs alleged that defendant United Financial failed to pay plaintiffs overtime.  As these plaintiffs had previously executed Arbitration Agreements, on April 22, 2005 defendant

United Financial filed its Answer in which it denied liability, and among its affirmative defenses asserted that the action was barred by the Arbitration Agreements. Thereafter, on August 30, 2005, United Financial moved to stay or dismiss that lawsuit in favor of arbitration. Faced with United Financial's motion to dismiss or stay based upon the Arbitration Agreements, plaintiffs submitted their claim to arbitration before a private arbitration company, JAMS, on October 27, 2005. On October 31, 2005, the Court issued an Order staying <u>McKenzie v. United Financial Mortgage Company</u>, pending the outcome of the arbitration. That arbitration is ongoing.

There is no rationale why the claims advanced in <u>McKenzie v. United Financial Mortgage</u> should be determined in arbitration, but that the same claims as advanced here should be adjudicated by this Court. Plaintiffs' consent to arbitration should be enforced in this case as well, and this action should likewise be dismissed or stayed pending arbitration.

Alternatively, this action should be dismissed on the basis of jurisdictional and procedural infirmities. Specifically, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds of lack of personal jurisdiction over the Non-Management Defendants. The Complaint does not (and cannot) allege any nexus between the State of New York, on the one hand, and the Non-Management Defendants, on the other hand. Rather, the Complaint alleges that defendant AOMF is a Cayman Islands Limited Partnership headquartered in Greenwich, Connecticut (Complaint ¶ 13),[2] that defendant ARH is a Delaware corporation (Complaint ¶ 14), and that Defendant WDM is a Delaware limited partnership. As is more fully set forth in the accompanying

---

[2]   Actually, AOMF is incorporated in the Cayman Islands, and managed in Greenwich, Connecticut.

Declaration of Brendan Driscoll, the fact is that none of the Non-Management Defendants are present in New York. For that matter, the New York Secretary of State's data base does not reflect that any of the Non-Management Defendants have registered with the New York Secretary of State.

In addition to acknowledging that the Non-Management Defendants are located outside of New York State, the Complaint fails to allege any tortious act committed by the Non-Management Defendants in New York or felt in New York. Under these circumstances, neither general jurisdiction under C.P.L.R. 301, nor long-arm jurisdiction under C.P.L.R. 302 is present. Accordingly, the Non-Management Defendants should be dismissed from this action.

Moreover, in addition to the absence of personal jurisdiction over the Non-Management Defendants, on December 22, 2006, plaintiffs apparently attempted to effect service of the Summons and Complaint upon AOMF by delivering a copy of the Summons and Complaint solely addressed to "Dort A. Cameron, III," at 115 East Putnam Avenue, Greenwich, Connecticut 06830, despite the facts that Mr. Cameron is not a party to this case.

Accordingly, as to AOMF, the Complaint should be dismissed on the grounds of insufficiency of process pursuant to Fed. R. Civ. P. 12(b)(4), and insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).[3]

---

[3] With regard to the motion of Non-Management Defendant AOMF pursuant to Fed. R. Civ. P. 12(b)(5), AOMF respectfully requests that its motion also be deemed a motion to quash the summons.

# ARGUMENT

# POINT I

## THE MANDATORY ARBITRATION PROCEDURE CONSENTED TO BY PLAINTIFFS REQUIRES ARBITRATION OF THEIR CLAIMS IN THIS CASE

### A.  Federal Law Requires That
### the Instant Matter Be Referred To Arbitration

In Section 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, Congress proclaimed a liberal federal policy favoring arbitration agreements.  Section 2 of the FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

As this Court has recognized, "The 'liberal federal policy favoring arbitration agreements,' manifested by this provision and the Act as a whole, is at bottom a policy guaranteeing the enforcement of private contractual arrangements."  Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625, 105 S.Ct. 3346, 87 L. Ed. 2d (1985) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L. Ed.2d 765 (1983)."  Olin Corp. v. E.I. Dupont De Nemours & Co., 2006 WL 839415 at *3 (W.D.N.Y. Mar. 26, 2006); see also Fid. & Guar. Ins. Co. v. West Point Realty. Inc., 2002 WL 1933780 at *3 (S.D.N.Y. Aug. 20, 2002); Chanchani v. Salomon/Smith Barney, 2001 WL 204214 (S.D.N.Y. Feb. 28, 2001); GMAC Commercial Credit LLC v. Spring Industries. Inc., 171 F.Supp.2d 209 (S.D.N.Y. 2001).   Under the

FAA, courts are required to "rigorously enforce agreements to arbitrate." <u>Dean Witter Reynolds Inc. v. Byrd</u>, 470 U.S. 213, 105 S.Ct. 1238, 1242 (1985). Moreover, courts are required to resolve any doubts about the scope of arbitrable issues in favor of arbitration. *See* <u>Oldroyd v. Elmira Sav. Bank, FSB</u>, 134 F.3d 72, 76 (2d Cir. 1998) (resolve any "'any doubts concerning the scope of arbitrable issues . . . in favor of arbitration.' *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24-25, 103 S.Ct. at 941-42.").

      Indeed, the FAA requires that federal courts stay judicial proceedings if the issues involved in such proceedings are referable to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement....

9 U.S.C. § 3 (emphasis added). Thus, the FAA mandates that district courts direct parties to proceed to arbitration on issues as to which an arbitration agreement exists. *See* <u>Dean Witter Reynolds, Inc.</u>, 470 U.S. at 218, 105 S.Ct. at 1241.

    **B.  Courts Have Consistently Enforced**
        <u>Agreements To Arbitrate Employment Disputes</u>

      It is well settled that agreements to arbitrate claims for employment-related matters are valid and enforceable. "The Federal Arbitration Act . . . covers arbitration provisions that are contained in employment contracts and arbitration agreements, including the provisions such as those contained in the Agreement relevant to the instant matter. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S.Ct.

1302, 149 L.Ed.2d 234 (2001)." Sinnett v. Friendly Ice Cream Corp., 319 F.Supp.2d 439, 443 (S.D.N.Y. 2004) (Court dismissed FLSA claim where employee and claim were subject to arbitration clause).

Here, plaintiffs agreed to arbitrate any employment-related disputes by virtue of signing the Arbitration Agreement. Courts have consistently enforced employment agreements to arbitrate disputes arising out of the employment relationship or the termination thereof. *See* Latulas v. Labor Ready Northeast. Inc., 2004 WL 1570304 (W.D.N.Y. June 25, 2004); Herko v. Metropolitan Life Ins. Co., 978 F.Supp. 141 (W.D.N.Y. 1997); Townsend v. Smith Barney Shearson Inc., 906 F.Supp. 153 (W.D.N.Y. 1995); DiCrisci v. Lyndon Guar. Bank of New York, a Div. of ITT Consumer Financial Corp., 807 F.Supp. 947 (W.D.N.Y. 1992).

In considering whether to enforce an arbitration agreement, the courts employ a two-step inquiry. First, the court must determine whether the parties agreed to arbitrate their dispute. Second, the court must ascertain whether the claims at issue are within the scope of claims covered by the agreement to arbitrate. Weiss v. Travex Corp., 2002 WL 1543875 at *2 (S.D.N.Y. July 10, 2002); Metzler v. Harris Corp., 2001 WL 194911 at *4 (S.D.N.Y Feb. 23, 2001). Moreover, "Courts within this Circuit traditionally decide two other issues before compelling arbitration: (1) whether the claims brought under a particular statute were intended by Congress to be arbitrable; and (2) whether to stay a case if some of the claims are not arbitrable." Weiss, 2002 WL 1543875 at *2, n. 2 (*citing* Genesco. Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir. 1987)). *See also* Bailey v. Chase Securities, Inc., 2002 WL 826816 (S.D.N.Y. May 1, 2002). Courts within this Circuit have held that claims under both the FLSA and the

New York State Labor Law are subject to compulsory arbitration provisions.  *See* Ciago v. Ameriquest Mortgage Co., 295 F.Supp.2d 324 (S.D.N.Y. 2003).

In this case, the scope of the coverage of the Arbitration Agreements is extremely broad, requiring plaintiffs to arbitrate "any dispute arising from the interview process or employment by the UFMC," its related companies and shareholders.  Thus, it cannot be disputed that plaintiffs executed an agreement to arbitrate their employment claims, including claims under the FLSA and the New York State Wage and Hour Laws, and that the arbitration clause covers the claims asserted in the Complaint against the Non-Management Defendants where, as here, plaintiffs allege liability against the Non-Management Defendants solely upon a theory of alter ego between the Non-Managing Defendants and United Financial.  By alleging alter ego (which the Non-Management Defendants dispute), the plaintiffs must be estopped from denying that the Arbitration Agreements govern the claims at issue.  Moreover, plaintiffs even plead that ARH is the shareholder of United Financial, bringing ARH squarely within the scope of the Arbitration Agreements.

Language similar to that contained in the Arbitration Agreements has been held by courts to require arbitration.  For instance, in Weiss, *supra*, the court held that an employment agreement that provided "any disputes and/or controversies arising out of [employee's] employment shall be settled by binding arbitration," mandated arbitration of plaintiff's claims against both his employer and his supervisor under Title VII, the New York State Human Rights Law and common law claims.  Rajjak v. McFrank & Williams, 2001 WL 799766 (S.D.N.Y. July 10, 2001) (plaintiff's claims for religious discrimination and retaliation under Title VII arbitrable under broad arbitration clause);

Ciago, 295 F.Supp.2d at 334 ("claims under New York Human Rights Law . . . and Minimum Wage Act were subject to compulsory arbitration"); *See* Grigson v. Creative Artists Agency L.L.C., 210 F.3d 524, *reh'g, en banc, denied*, 218 F.3d 745 (5th Cir.), *cert denied*, 531 U.S. 1013, 121 S.Ct. 570 (2000) (non-signatory actor and agent may enforce arbitration clause); Mecos, S.R.L. v. Georal Int'l Ltd., 2005 WL 2046024 (E.D.N.Y. Aug. 25, 2005) (affiliate of signatory may enforce arbitration provision); Fid. & Guar. Ins. Co., *supra*, 2002 WL 1933780 at *4 ("Broadly worded arbitration clauses are not restricted to signatories, in contrast to clauses that are narrow and restricted to identified parties."); 1 Domke on Commercial Arbitration, § 13:9 at 13-20-13-21 (3d ed.) (a nonsignatory to a contract may invoke the arbitration clause if the nonsignatory is an intended beneficiary).

Finally, there can be no dispute that arbitration pursuant to the Arbitration Agreement would provide for a full and fair resolution of the claims raised by plaintiffs. Indeed, it was plaintiffs who have already presented the claims asserted in McKenzie v. United Financial Mortgage Company to arbitration before JAMS. Given unequivocal language of the Arbitration Agreements, plaintiffs' concession of the existence and operation of the Arbitration Agreements, and the totality of the facts, this action should be dismissed and arbitrated before JAMS. "When all of the issues raised in the complaint are subject to arbitration, it is proper for the court to simply dismiss the case." Whitney v. Peregrine Sys., Inc., 2001 WL 1448528 at *2 (N.D. Ill. Nov. 13, 2001) (dismissing arbitrable employee claim pursuant to Fed. R. Civ. P. 12(b)(1)); DeBono v. Wash. Mut. Bank, 2006 WL 3538938 (S.D.N.Y. Dec. 8, 2006) (Court dismissed arbitrable Title VII claim); Sinnett v. Friendly Ice Cream Corp., 319 F.Supp.2d 439, 443 (S.D.N.Y. 2004)

(Court dismissed FLSA claim without specifying whether it relied upon Fed. R. Civ. P. 12(b)(1) or (6)).

C. If This Court Does Not Dismiss the Complaint,
It Must at Least Stay Discovery and Further Proceedings

Section 3 of the FAA requires that the federal courts stay judicial proceedings if the issues involved in such proceedings are referable to arbitration. Section 3 provides in pertinent part: "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application . . . . stay the trial of the action until such arbitration has been had . . . ." Moreover, the general prohibition against judicial involvement in the arbitration process mandates that if this action is not dismissed, a stay be entered pending arbitration.

"[D]iscovery on the subject matter of a dispute to be arbitrated should be denied in the absence of extraordinary circumstances." Falcone Bros. Partnership v. Bear Stearns & Co., 699 F.Supp 32 (S.D.N.Y. 1988). The "general practice" of district courts is to stay discovery while a motion to compel arbitration is pending. Plaintiffs can demonstrate no "extraordinary circumstances" that would warrant undertaking discovery in this action. Accordingly, should the Court decide not to dismiss this action, at the least it should stay all proceedings, including discovery, pending arbitration.

## POINT II

## THE COURT LACKS PERSONAL JURISDICTION
## OVER THE NON-MANAGEMENT DEFENDANTS

In their Complaint, plaintiffs assert claims under the FLSA, and state-based claims for overtime pay. What the Complaint lacks, however, are jurisdictional allegations and any basis to drag the Non-Management Defendants into this Court. This omission is fatal because New York law requires that plaintiffs make a prima facie showing of personal jurisdiction in their Complaint. In addition, as set forth in the accompanying Declaration of Brendan Driscoll, dated January 3, 2007, the Non-Management Defendants are not subject to personal jurisdiction in New York. Defendant AOMF is a corporation incorporated in the Cayman Islands and managed in Greenwich, Connecticut. Defendant ARH is a United States corporation organized under the laws of the State of Delaware. WDM is a United States limited partnership organized under the laws of the State of Delaware.

      A.    The Non-Management Defendants' Motion
              Should Be Granted Because Plaintiffs Failed
              to Carry Their Burden of Pleading Personal Jurisdiction

Plaintiffs have the burden of pleading allegations sufficient to make out a *prima facie* case of personal jurisdiction. "When challenged with a motion to dismiss pursuant to Rule 12(b)(2) the plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant." Anchor v. Novartis Grimsby, Ltd., 2006 WL 3419846 at *1 (W.D.N.Y. Nov. 27, 2006). Plaintiffs have not pleaded any facts that could establish personal jurisdiction over the Non-Management Defendants, which in and of itself warrants dismissal of the Complaint. "A complaint must allege facts in support

of personal jurisdiction, not merely conclusions." <u>Clarke v. Fonix Corp.</u>, 1999 WL 105031 at *7, n.12 (S.D.N.Y. Mar. 1, 1999), *aff'd without opinion*, 199 F.3d 1321 (2d Cir. 1999).

        Specifically, the Complaint contains no allegations particular to the Non-Management Defendants, other than allegations attesting to the fact that the Non-Management Defendants are foreign entities. In fact, the Complaint does not even allege that venue is proper within this district. Rather, the Complaint lumps all defendants together and alleges upon information and belief that they "are alter egos of each other and of United Financial." These allegations are insufficient to confer personal jurisdiction because "'vague and generalized allegations . . . are insufficient to make a prima facie showing of jurisdiction over an out-of-state defendant.' *Hennigan v. Taser Int'l, Inc.*, 2001 U.S. Dist. LEXIS 1857 at *7 " (S.D.N.Y. Feb. 23, 2001)." <u>Ivoclar Vivadent, Inc. v. Ultident, Inc.</u>, 2005 WL 1421805 at *5 (W.D.N.Y. June 15, 2005).

        Indeed, all that one can infer from the Complaint is that the Non-Management Defendants made loans to, or were shareholders in United Financial, a Delaware Corporation with its principal place of business in Illinois. Neither of these facts could confer jurisdiction upon this Court.

        However, assuming *arguendo* that plaintiffs try to allege personal jurisdiction over the Non-Management Defendants pursuant to C.P.L.R. § 301 or long-arm jurisdiction over the Non-Management Defendants under C.P.L.R. § 302(a), the Complaint must still fail. Plaintiffs have not alleged facts supporting those bases of personal jurisdiction, and thus the Complaint should be dismissed as jurisdictionally

defective.  *See* <u>Merkel Associates, Inc. v. Bellofram Corp.</u>, 437 F.Supp. 612, 616 (W.D.N.Y. 1977).  (As it is "plaintiffs who seek to . . . obtain jurisdiction over the persons of defendants, it is they who must prove sufficiently the existence of facts lending themselves to personal jurisdiction over the defendants.")

> B.    The Non-Management Defendants
> <u>Are Not Subject to Personal Jurisdiction in New York</u>

Should the Court nonetheless decide to evaluate the jurisdictional issue in the absence of any such allegations, the Non-Management Defendants' Fed. R. Civ. P. 12(b)(2) motion should still be granted.

1.    <u>New York Law Governs The Jurisdictional Analysis</u>

Where subject matter jurisdiction is premised on federal question jurisdiction, and the statute in question does not provide for nationwide service of process, a court may only exercise personal jurisdiction where plaintiffs can satisfy the requirements of the personal jurisdiction statutes of the state in which the federal court sits.  <u>Omni Capital Int'l. Ltd v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 108 S.Ct. 404, 411 (1987); <u>Pro-Fac Coop., Inc. v. Alpha Nursery, Inc.</u>, 205 F.Supp.2d 90, 96 (W.D.N.Y. 2002) (in a federal question case where a defendant resides outside the forum state, the court "applies the forum state's personal jurisdiction rules, unless a federal statute specifically provides for national service of process.")  Here, the plaintiffs apparently invoke the FLSA as the basis for invoking federal question jurisdiction, a statute that does not authorize nationwide service of process.  <u>Aviles v. Kunkle</u>, 978 F.2d 201, 204 (5th Cir. 1992), *reh'g denied*, 1993 U.S. App. LEXIS 2362 (5th Cir. Jan. 28, 1993).

Accordingly, plaintiffs must satisfy the requirements of the New York jurisdiction statutes to satisfy their federal claims.

2.    Plaintiffs Cannot Demonstrate That the Non-Management
      Defendants Are Subject to General Personal Jurisdiction In New York

A Court may only exercise general personal jurisdiction over a foreign defendant under C.P.L.R. § 301 when such defendant is "engaged in such a continuous and systemic course of doing business in New York as to warrant a finding of its presence in this jurisdiction." *See* Decraene v. Neuhaus (U.S.A.), Inc., 2005 WL 1330761 at *5 (S.D.N.Y. June 3, 2005) (finding no personal jurisdiction over parent under C.P.L.R. § 301 in FLSA case where plaintiff "failed to allege facts giving rise to the inference that [subsidiary] is either an agent or mere department of [parent] such that this Court could assert personal jurisdiction over the latter . . . ."); Roper Starch Worldwide, Inc. v. Reymer & Associates, Inc., 2 F.Supp.2d 470, 473 (S.D.N.Y. 1998) (no personal jurisdiction where out-of-state defendant lacked physical presence in New York and was not "doing business" in New York for the purposes of C.P.L.R. § 301).

The factors that determine whether a foreign corporation is doing business in New York for the purposes of C.P.L.R. § 301 include: the existence of a New York office, the presence of bank accounts and other property in New York, the solicitation of business in the state, and the presence of employees in the state. *See* Roper Starch Worldwide, 2 F.Supp.2d at 472-473. Here, general personal jurisdiction does not lie over the Non-Management Defendants. The Non-Management Defendants have no offices or employees working in the State, and there is no allegation in the Complaint to the contrary. Similarly, the Non-Management Defendants do not maintain real properties

within the State.  Accordingly, the Non-Management Defendants are not subject to personal jurisdiction.

3.    Plaintiffs Cannot Satisfy The Requirements Of New York's Long-Arm Statute

Nor can plaintiffs satisfy the requirements of New York's long-arm statute.  To satisfy the requirements of long-arm jurisdiction, plaintiffs must demonstrate that the Non-Management Defendants had contacts with New York, that plaintiffs' claims arose out of such contacts, and that the exercise of personal jurisdiction satisfies due process.  *See* Pro-Fac Coop., Inc., 205 F.Supp.2d at 97 ("articulable nexus" must exist "between the business transacted and the cause of action sued upon").  Plaintiffs' Complaint lacks any such allegations, and the alleged injuries sustained by plaintiffs have no relationship to the activities of the Non-Management Defendants.  All that is alleged that can be inferred from the facts as pleaded are that the Non-Management Defendants made loans to or owned stock in a Delaware company with its principal place of business in Illinois.  Under these circumstances, the Complaint does not satisfy the New York long-arm statute.  *See* Spiegel v. Schulmann, 2006 WL 3483922 at * 11 (S.D.N.Y. Nov. 30, 2006) (in a wrongful termination case, Court found personal jurisdiction over individual New Jersey man who played a dominant role in several New York corporations, but declined to find personal jurisdiction over New Jersey corporate defendant despite its having provided "legal, marketing, accounting and advertising services" to the employer); Decraene, 2005 WL 1330761 at *16 (also finding no personal jurisdiction over parent under C.P.L.R. § 302 where plaintiff "has not alleged any involvement of [parent] in the facts underlying his surviving causes of action . . . let alone knowledge and control of those matters.").

## POINT III

### THE COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENCY OF PROCESS AND FOR INSUFFICIENCY OF SERVICE OF PROCESS AS TO DEFENDANT AIRLIE OPPORTUNITY MASTER FUND, LTD.

Fed. R. Civ. P. 12(b)(4) furnishes the procedural predicate for dismissal of a Complaint on the grounds of defects in the summons itself. *See* O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1399 (7th Cir. 1993) ("We find [plaintiff's] service of process in this instance to be haphazard at best . . . other than containing the clerk's signature and the correct information regarding the plaintiff and his attorney, the summons does not satisfy the other requirements specified by the plain language of Rule 4(b)."). Fed. R. Civ. P. 12(b)(5) furnishes the procedural predicate for dismissal of a Complaint on the grounds of defects in service of the summons and complaint. "Rule 12(b)(5) challenges *service* of the summons, rather than the summons itself. Examples of improper service include serving the wrong person . . . ." 2 Moore's Federal Practice, §12.33[4] at 12-57.

Here, plaintiffs apparently attempted to effect service of the Summons and Complaint upon AOMF by delivering a copy of the Summons and Complaint that was not even directed to AOMF, but was instead solely addressed to "Dort A. Cameron, III," despite the fact that Mr. Cameron is not a party to this action.[4]

---

[4] We understand that attorneys representing the individual defendants (who are or were involved in management of United Financial) in this action, Steve Y. Khoshabe, Joseph Khoshabe, and Jason K. Schiffman, recently filed a stipulation with this Court acknowledging service on behalf of "defendants," without specifying any particular defendant. Those attorneys have not been retained to represent the Non-Management Defendants, so any lack of specificity in that stipulation cannot be held against AOMF.

## <u>CONCLUSION</u>

For the forgoing reasons, the Non-Management Defendants respectfully request that the Court dismiss the Summons and Complaint in the within action, pursuant to Fed. R. Civ. P. 12(b)(1), (3), (6) or stay the proceedings and compel arbitration. Alternatively, the Non-Management Defendants respectfully request that the Court dismiss the Complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), and with regard to defendant AOMF, dismiss the Complaint for insufficiency of process pursuant to Fed. R. Civ. P. 12(b)(4) and for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).

Dated:  Rochester, New York       **NIXON PEABODY LLP**
       January 3, 2007

                                            By: /s/ Carolyn G. Nussbaum
                                              Carolyn Nussbaum
                                              Clinton Square
                                              P.O. Box 30151
                                              Rochester, New York 14603-1051
                                              (585) 263-1558

                                        - and -

Dated:  January 3, 2007          **OTTERBOURG, STEINDLER,**
                                          **HOUSTON & ROSEN, P.C.**

                                          By: /s/Richard G. Haddad
                                              Richard G. Haddad
                                              230 Park Avenue
                                              New York, New York 10169
                                              (212) 661-9100

                                      Co-counsel for Defendants
                                      Airlie Opportunity Master Fund, Ltd.,
                                      ARH Mortgage Inc. and
                                      WDM Fund, L.P.

771826

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, ET AL,

                                        Plaintiffs,

                                                            Civil Action No. . 06-CV-6473 L (P)

                    - v -
                                                            **CERTIFICATE OF SERVICE**

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE
AND JASON K. SCHIFFMAN,

                                        Defendants.

_____

        I hereby certify that on January 3, 2007, I electronically filed the foregoing Motion to

Dismiss the Summons and Complaint, Staying the Action and Compelling Arbitration with the

Clerk of the District Court using its CM/ECF system, which would then electronically notify the

following CM/ECF participants on this case:

                    J. Nelson Thomas, Esq.
                    Dolin, Thomas & Solomon LLP
                    693 East Avenue
                    Rochester, NY 14607
                    nthomas@theemploymentattorneys.com
                    Attorneys for Plaintiffs

I further certify that I served copies of the same upon additional counsel for Plaintiffs and
counsel for Defendants Steve Y. Khoshabe, Joseph Koshabe and Jason K. Schiffman the
following parties by then and there placing a true copy of the same, properly addressed, with the
appropriate postage affixed,  in the custody of Federal Express for overnight delivery.

Marc S. Wenger, Esq.                    Jill L. Yonkers, Esq.
Jackson Lewis LLP                       Hodgson Russ LLP
58 South Service Road                   One M&T Plaza
Suite 410                               Suite 2000
Melville, NY 11747                      Buffalo, New York 14203
AND

Dated: January 3, 2007
      Rochester, New York

NIXON PEABODY LLP

By: /s/ Carolyn G. Nussbaum
      Carolyn G. Nussbaum

*Attorneys for Defendants*
*Airlie Opportunity Master Fund, Ltd., ARH*
*Mortgage, Inc., WDM Fund, L.P.*
Clinton Square
P.O. Box 31051
Rochester, New York  14603-1051
Telephone:  (585) 263-1000
cnussbaum@nixonpeabody.com