UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, ET AL.,

                        *Plaintiffs,*

v.

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND
JASON K. SCHIFFMAN,

                        *Defendants.*

AFFIRMATION IN SUPPORT OF
PLAINTIFFS' MOTION
FOR DEFAULT JUDGMENT

Civil Action No.
06-CV-6473 L (P)

**MICHAEL J. LINGLE**, being duly sworn, deposes and says:

    1.    I am associated with the law firm of Dolin, Thomas & Solomon LLP, and the firm represents the plaintiffs in this action.

    2.    I am familiar with the facts underlying this motion.

    3.    Plaintiffs commenced the current action on or about September 21, 2006 by filing a Complaint with the Western District of New York, and the individual defendants were served thereafter, as set forth in my affirmation filed with this Court on December 11, 2006.

    4.    On December 19, 2006, the Clerk of this Court entered defaults against defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason Schiffman.

    5.    Attached hereto as <u>Exhibit A</u> is the entry of default entered by the Clerk of this Court.

    6.    Defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason Schiffman still have not answered the complaint.

7. Attached hereto as <u>Exhibit B</u> is the complaint in this matter which the individual defendants have not answered.

8. Thus, plaintiffs move for default judgment against defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason Schiffman

I declare under penalty of perjury that the foregoing is true and correct.

s/ Michael J. Lingle<br>
**MICHAEL J. LINGLE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FAHAD SIDDIQUI, ET AL.,

                    Plaintiff(s),

VS.                                    06-CV-6473L

STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND
JASON K. SCHIFFMAN,

                    Defendant(s).

---

### ENTRY OF DEFAULT

It appearing that defendant(s) STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND JASON K. SCHIFFMAN, is/are in default for failure to plead or otherwise defend as required by law.

Default is hereby entered as against said defendant(s) on this day of 12/19/06.

                                              RODNEY C. EARLY
                                              Clerk, U. S. District Court

                                              S/Tricia M. O'Fray

                                              By: Tricia O'Fray
                                              Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAHAD SIDDIQUI, BRUCE BERGERON TIMOTHY BOWEN, PAM CAPUANO, ZANDRA CHATMAN, ROBERT CRETELLA, KEVIN CROOKS, CRYSTAL CUNNINGHAM, KAREN DOMINGUEZ, STEVEN ESCHER, BETHANY FAZILAT, ERIK GARCIA, IAN GOOLDY, KATHLEEN JANNINCK, DAVID KEIM, LINDA KOPMAN, BRIAN McKENZIE, NAOMI MIRKIN, RONALD SANCHEZ, ADAM SCHEMER, ALISON WASKIEWICZ, SAMNANG WATERS, AND CHARLES YOUNG, *on behalf of themselves and all other employees similarly situated,*<br><br>　　　　　　　　　　　　*Plaintiffs,*<br><br>v.<br><br>AIRLIE OPPORTUNITY MASTER FUND, LTD., ARH MORTGAGE INC., WDM FUND, L.P., STEVE Y. KHOSHABE, JOSEPH KHOSHABE, AND JASON K. SCHIFFMAN,<br><br>　　　　　　　　　　　　*Defendants.* | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Civil Action<br><br>No. 06 CV 6473 (P)<br><br>ORIGINAL<br>RECEIVED AND FILED<br>USDC WDNY ROCH<br><br>SEP 21 2006<br><br>BY: _____ |

## NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiffs Fahad Siddiqui, Bruce Bergeron, Timothy Bowen, Pam Capuano, Zandra Chatman, Robert Cretealla, Kevin Crooks, Crystal Cunningham, Karen Dominguez, Steven Escher, Bethany Fazilat, Erik Garcia, Ian Gooldy, Kathleen Janninck, David Keim, Linda Kopman, Brian McKenzie, Naomi Mirkin, Ronald Sanchez, Adam Schemer, Alison Waskiewicz, Samnang Waters and Charles Young individually, as well

as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); the New York State Labor Law; and the laws of the various States in which defendant does business.

## CLASS ACTION ALLEGATIONS

2.  The claims arising under New York State Labor Law, other state labor laws and state contract laws are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

3.  The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

4.  The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of:

    (i) individuals who currently and formerly were suffered or permitted to work for defendants or its subsidiaries or divisions or other joint employers, including United Financial Mortgage Company ("United Financial");

    (ii) anytime during the last six years;

    (iii) who were paid on an hourly basis; and

    (iv) who were not fully compensated for all work performed either at regular or premium overtime rates for such work.

5.  Plaintiffs understand that defendants paid individuals who performed work as a Loan Officer or its functional equivalent on an hourly basis. However, to the degree an individual performed some work in a week as a Loan Officer or its functional equivalent and was paid on a salaried basis for work that week, those individuals form a separate subclass of Loan Officers misclassified as exempt from the FLSA and relevant law.

6.  The class size is believed to be over 50 employees.

7. The named plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

8. There are no known conflicts of interest between the named plaintiffs and the other class members.

9. The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

10. The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

11. Common questions of law and fact predominate in this action because the claims of all class members are based on whether defendants' policy of not paying statutory overtime to exempt and/or nonexempt employees for all hours worked in excess of forty per week violates New York Labor Law and other state statutes requiring the payment of overtime.

12. The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

### A. Defendants

13. Airlie Opportunity Master Fund, Ltd. is a Cayman Islands Limited Partnership with its headquarters in Greenwich, Connecticut.

- 3 -

H:\McKenzie, B\Complaint - FLSA - Airlie.doc

14. ARH Mortgage Inc. is a Delaware corporation and the sole shareholder of United Financial.

15. WDM Fund L.P. is a Delaware limited partnership associated with Airlie Opportunity Master Fund, Ltd.

16. Steve Y. Khoshabe was the President and Chief Executive Officer of United Financial.

17. Joseph Khoshabe was the Chairman of the United Financial and was responsible for the commercial lending operations. Mr. Khoshabe previously served as the President and Chief Executive Officer.

18. Jason K. Schiffman was the Executive Vice President-Operations of United Financial.

19. Upon information and belief, defendants are an enterprise engaged in interstate commerce, with annual gross volume of sales made not less than $500,000.

20. Defendants are the employer of plaintiffs within the meaning of 29 U.S.C. § 203(d) and/or joint employers of the plaintiffs and comprise an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

21. Upon information and belief, the defendants are alter egos of each other and of United Financial.

22. Upon information and belief, defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman are employers of the plaintiffs.

B.   **Plaintiffs**

*Named Plaintiffs*

23. The named plaintiffs are former employees of defendants who were not fully

compensated for all work performed either at regular or premium overtime rates for such work.

*Class and Collective Action Members*

24. The class and collective action members ("Class Members") are those employees similarly situated to named plaintiffs as set forth above.

## FACTUAL BACKGROUND

25. Defendants' policy and/or practice was not to pay employees for all hours employees worked.

26. When employees did not receive compensation for hours in excess of 40 hours in a week, defendants violated the FLSA, applicable state labor laws and breached its contracts with plaintiffs.

27. When employees did not receive compensation for any other hours, defendants violated applicable state labor laws and breached its contracts with plaintiffs.

28. Named plaintiffs and Class Members frequently worked over 40 hours in a week while employed by defendants.

29. Defendants' policy and/or practice was to not compensate named plaintiffs and Class Members for all work performed either at regular or premium overtime rates for such work.

30. Defendants knew plaintiffs were supposed to be paid statutory overtime, however, defendants willfully failed to pay statutory overtime for all hours when named plaintiffs and Class Members worked over 40 hours in a week.

31. Defendants also knew plaintiffs were supposed to be paid for all time worked, however, defendants willfully failed to pay for all hours worked.

H:\McKenzie, B\Complaint - FLSA - Airlie.doc

32. The defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements and state labor laws.

33. This failure to pay for all time worked as required by the FLSA, the New York Labor Law and the various state laws was willful.

34. Plaintiffs understand that they have signed arbitration agreements. However, it is not clear that defendants are subject to or have agreed to be bound by such agreements.

### FIRST CAUSE OF ACTION
*FLSA*

35. Plaintiffs reallege the above paragraphs as if fully restated herein.

36. Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

### SECOND CAUSE OF ACTION
*New York Labor Law*

37. Plaintiffs reallege the above paragraphs as if fully restated herein.

38. Defendants willfully violated their obligations under the New York Labor Law and are liable to plaintiffs.

### THIRD CAUSE OF ACTION
*State Labor and Contract Laws*

39. Plaintiffs reallege the above paragraphs as if fully restated herein.

40. Defendants willfully violated their obligations under the laws of the various states in which United Financial does business and are liable to plaintiffs.

**WHEREFORE**, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

H:\McKenzie, B\Complaint - FLSA - Airlie.doc

(a) an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b) an award of the value of plaintiffs' unpaid wages, including fringe benefits;

(c) liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs (plaintiffs who do not affirmatively opt-in the class expressly waive their rights to liquidated damages or any other statutory penalty provided under New York law);

(d) an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e) an award of pre- and post-judgment interest; and

(f) such other and further legal or equitable relief as this forum deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Dated: September 21, 2006

DOLIN, THOMAS & SOLOMON LLP

By: *[signature]*
J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

H:\McKenzie, B\Complaint - FLSA - Airlie.doc