UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, BRUCE
BERGERON TIMOTHY BOWEN,
PAM CAPUANO, ZANDRA CHATMAN,
ROBERT CRETELLA, KEVIN CROOKS,
CRYSTAL CUNNINGHAM, KAREN
DOMINGUEZ, STEVEN ESCHER, BETHANY
FAZILAT, ERIK GARCIA, IAN GOOLDY,
KATHLEEN JANNINCK, DAVID KEIM,
LINDA KOPMAN, BRIAN McKENZIE,
NAOMI MIRKIN, RONALD SANCHEZ,
ADAM SCHEMER, ALISON WASKIEWICZ,
SAMNANG WATERS, AND CHARLES YOUNG,
*on behalf of themselves and all other*
*employees similarly situated,*

                                    *Plaintiffs*

                    v.

AIRLIE OPPORTUNITY MASTER
FUND, LTD., ARH MORTGAGE
INC., WDM FUND, L.P., STEVE Y.
KHOSHABE, JOSEPH KHOSHABE,
AND JASON K. SCHIFFMAN,

                                    *Defendants.*

**AFFIRMATION**

Civil Action
No. 06-CV-6473

**Michael J. Lingle**, under penalty of perjury deposes and says:

1.      I am an associate at Dolin, Thomas & Solomon LLP.  This law firm represents the plaintiffs in this action.

2.      I am fully familiar with the facts and circumstances surrounding this matter, and I make this affirmation in response to defendants' Motion to Dismiss or To Stay Pending Arbitration.

3.      Plaintiffs hereby agree to arbitration of this dispute.

4.      On February 12, 2007 plaintiffs submitted the portion of this dispute relating to Plaintiffs' Rule 23 state law class action claims, specifically Counts Two and Three of

plaintiffs' Complaint, for arbitration before JAMS by filing two copies of the Demand for Arbitration with JAMS, attached hereto as Exhibit 1, a copy of proof of service of the Demand for Arbitration on defendants, attached hereto as Exhibit 2, and a check in the amount of $400.00 for the initial Case Management Fee, a copy of which is attached hereto as Exhibit 3.

5.    Plaintiffs expect JAMS to act consistent with federal law and federal requirements during the arbitration process. If JAMS does not act consistent with federal law and federal requirements, plaintiffs reserve their right to reassert their claims against defendants.

6.    On February 12, 2007 plaintiffs submitted the portion of this dispute relating to Plaintiffs' FLSA collective action claims, specifically Count One of Plaintiffs' Complaint, for arbitration before AAA by filing two copies of the Demand for Arbitration with AAA, attached hereto as Exhibit 4, a copy of proof of service of the Demand for Arbitration on defendants, attached hereto as Exhibit 5, and a check in the amount of $150.00 for the initial filing fee, a copy of which is attached hereto as Exhibit 6.

7.    Plaintiffs expect AAA to act consistent with federal law and federal requirements during the arbitration process. If AAA does not act consistent with federal law and federal requirements, plaintiffs reserve their right to reassert their claims against defendants.

8.    Plaintiffs agree to stay this action pending arbitration of their claims. Plaintiffs have drafted a proposed order staying this matter pending arbitration of their claims, attached hereto as Exhibit 7.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2007.

MICHAEL J. LINGLE

EXHIBIT 1



**THE RESOLUTION EXPERTS®**

# Demand for Arbitration Before JAMS

## TO RESPONDENT:        See Attached Sheet at Exhibit A for Complete List of All Respondents and All Representative Attorneys.

(Name of the Party on whom Demand for Arbitration is made)

(Address) _____

| (City) | (State) | (Zip) |
|--------|---------|-------|
| (Telephone) | (Fax) | (E-Mail) |

Representative/Attorney (if known):   See Attached Sheet at Exhibit A
(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)

(Address) _____

| (City) | (State) | (Zip) |
|--------|---------|-------|
| (Telephone) | (Fax) | (E-Mail) |

## FROM CLAIMANT (Name):   Fahad Siddiqui, et al. and all others similarly situated

(Address)   Dolin, Thomas & Solomon LLP, 693 East Avenue

| (City) Rochester | (State) NY | (Zip) 14607 |
|--------|---------|-------|
| (Telephone) (585) 272-0540 | (Fax) (585) 272-0574 | (E-Mail) |

Representative/Attorney of Claimant (if known):   J. Nelson Thomas, Esq., Michael J. Lingle, Esq.
(Name of the Representative/Attorney for the Party Demanding Arbitration)

(Address)   Dolin, Thomas & Solomon, 693 East Avenue

| (City) Rochester | (State) NY | (Zip) 14607 |
|--------|---------|-------|
| (Telephone) (585) 272-0540 | (Fax) (585) 272-0574 | (E-Mail) mlingle@dts-esq.com |

## NATURE OF DISPUTE

Claimant hereby demands that you submit the following dispute to final and binding arbitration (a more detailed statement of the claim(s) may be attached):   Claimant's state law Rule 23 claims, specifically the Second and Third Causes of Action, as set forth in the Complaint attached hereto as Exhibit B.

## ARBITRATION AGREEMENT

This demand is made pursuant to the arbitration agreement which the parties made as follows (cite location of arbitration provision & attach two (2) copies of entire agreement).See Exhibit C.

Effective 01/01/2007
Resolution Centers Nationwide • 1.800.352.5267 • www.jamsadr.com
(c) copyright 2006 JAMS. All rights reserved.



**THE RESOLUTION EXPERTS**

# Demand for Arbitration Before JAMS

## CLAIM & RELIEF SOUGHT BY CLAIMANT

Claimant asserts the following claim and seeks the following relief (include amount in controversy, if applicable):

See Complaint attached hereto as Exhibit B. As stated above, Claimants seek to have their state law Rule 23 claims heard in this forum, specifically the Second and Third Causes of Action, as set forth in Exhibit B.

## RESPONSE

Respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules. Send the original response and counter-claim to the claimant at the address stated above with two (2) copies to JAMS.

## REQUEST FOR HEARING

JAMS is requested to set this matter for hearing at: __JAMS New York City Office__
(Preferred Hearing Location)

Signed (Claimant): _____     Date:   February 12, 2007
(may be signed by an attorney)

Print Name:    Michael J. Lingle, Esq.

**Please include a check payable to JAMS for the required initial, non-refundable $400 per party deposit to be applied toward your Case Management Fee and submit to your local JAMS Resolution Center.**

Effective 01/01/2007
Resolution Centers Nationwide • 1.800.352.5267 • www.jamsadr.com
(c) copyright 2006 JAMS. All rights reserved.

EXHIBIT A

## Demand for Arbitration before JAMS

List of Respondents and Respondents' Counsel:

Respondent: Airlie Opportunity Master Fund, LTD.
115 Putnam Avenue
Greenwich, Connecticut 06830

ARH Mortgage, Inc.
115 Putnam Avenue
Greenwich, Connecticut 06830

WDM Fund, L.P.
115 Putnam Avenue
Greenwich, Connecticut 06830

Counsel:    Richard C. Haddad, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, New York
(212) 661-9100

Carolyn G. Nussbaum, Esq.
Nixon Peabody LLP
Clinton Square
P.O. Box 30151
Rochester, New York 14603-1051
(585) 263-1558

---

Respondent:   Steve Y. Khoshabe
815 Commerce Drive, Suite 100
Oak Brook, Illinois 60523

Joseph Khoshabe
815 Commerce Drive, Suite 100
Oak Brook, Illinois 60523

Jason K. Schiffman
1029 119th Street
Lemont, Illinois 60439

Counsel:    Jill L. Yonkers
Hodgson Russ LLP
One M & T Plaza
Suite 200
Buffalo, New York 14203
(716) 856-4000

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

FAHAD SIDDIQUI, BRUCE
BERGERON TIMOTHY BOWEN,
PAM CAPUANO, ZANDRA CHATMAN,
ROBERT CRETELLA, KEVIN CROOKS,
CRYSTAL CUNNINGHAM, KAREN
DOMINGUEZ, STEVEN ESCHER, BETHANY
FAZILAT, ERIK GARCIA, IAN GOOLDY,
KATHLEEN JANNINCK, DAVID KEIM,
LINDA KOPMAN, BRIAN McKENZIE,
NAOMI MIRKIN, RONALD SANCHEZ,
ADAM SCHEMER, ALISON WASKIEWICZ,
SAMNANG WATERS, AND CHARLES YOUNG,
*on behalf of themselves and all other*
*employees similarly situated,*

Plaintiffs,

v.

AIRLIE OPPORTUNITY MASTER
FUND, LTD., ARH MORTGAGE
INC., WDM FUND, L.P., STEVE Y.
KHOSHABE, JOSEPH KHOSHABE,
AND JASON K. SCHIFFMAN,

Defendants.

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**Civil Action**

NO. 06  CV  6473  (P)

ORIGINAL
RECEIVED AND FILED
USDC WDNY ROCH

SEP 2 1 2006

BY:

## NATURE OF CLAIM

1.    This is a proceeding for declaratory relief and monetary damages to redress the

deprivation of rights secured to plaintiffs Fahad Siddiqui, Bruce Bergeron, Timothy Bowen,

Pam Capuano, Zandra Chatman, Robert Cretealla, Kevin Crooks, Crystal Cunningham,

Karen Dominguez, Steven Escher, Bethany Fazilat, Erik Garcia, Ian Gooldy, Kathleen

Janninck, David Keim, Linda Kopman, Brian McKenzie, Naomi Mirkin, Ronald Sanchez,

Adam Schemer, Alison Waskiewicz, Samnang Waters and Charles Young individually, as well

as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); the New York State Labor Law; and the laws of the various States in which defendant does business.

## CLASS ACTION ALLEGATIONS

2.  The claims arising under New York State Labor Law, other state labor laws and state contract laws are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

3.  The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

4.  The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of:

> (i)   individuals who currently and formerly were suffered or permitted to work for defendants or its subsidiaries or divisions or other joint employers, including United Financial Mortgage Company ("United Financial");
>
> (ii)  anytime during the last six years;
>
> (iii) who were paid on an hourly basis; and
>
> (iv)  who were not fully compensated for all work performed either at regular or premium overtime rates for such work.

5.  Plaintiffs understand that defendants paid individuals who performed work as a Loan Officer or its functional equivalent on an hourly basis. However, to the degree an individual performed some work in a week as a Loan Officer or its functional equivalent and was paid on a salaried basis for work that week, those individuals form a separate subclass of Loan Officers misclassified as exempt from the FLSA and relevant law.

6.  The class size is believed to be over 50 employees.

- 2 -

7.    The named plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

8.    There are no known conflicts of interest between the named plaintiffs and the other class members.

9.    The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

10.    The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

11.    Common questions of law and fact predominate in this action because the claims of all class members are based on whether defendants' policy of not paying statutory overtime to exempt and/or nonexempt employees for all hours worked in excess of forty per week violates New York Labor Law and other state statutes requiring the payment of overtime.

12.    The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

A.    **Defendants**

13.    Airlie Opportunity Master Fund, Ltd. is a Cayman Islands Limited Partnership with its headquarters in Greenwich, Connecticut.

- 3 -

14.    ARH Mortgage Inc. is a Delaware corporation and the sole shareholder of United Financial.

15.    WDM Fund L.P. is a Delaware limited partnership associated with Airlie Opportunity Master Fund, Ltd.

16.    Steve Y. Khoshabe was the President and Chief Executive Officer of United Financial.

17.    Joseph Khoshabe was the Chairman of the United Financial and was responsible for the commercial lending operations.  Mr. Khoshabe previously served as the President and Chief Executive Officer.

18.    Jason K. Schiffman was the Executive Vice President-Operations of United Financial.

19.    Upon information and belief, defendants are an enterprise engaged in interstate commerce, with annual gross volume of sales made not less than $500,000.

20.    Defendants are the employer of plaintiffs within the meaning of 29 U.S.C. § 203(d) and/or joint employers of the plaintiffs and comprise an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

21.    Upon information and belief, the defendants are alter egos of each other and of United Financial.

22.    Upon information and belief, defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman are employers of the plaintiffs.

**B.    Plaintiffs**

***Named Plaintiffs***

23.    The named plaintiffs are former employees of defendants who were not fully

- 4 -

compensated for all work performed either at regular or premium overtime rates for such work.

### *Class and Collective Action Members*

24.     The class and collective action members ("Class Members") are those employees similarly situated to named plaintiffs as set forth above.

## FACTUAL BACKGROUND

25.     Defendants' policy and/or practice was not to pay employees for all hours employees worked.

26.     When employees did not receive compensation for hours in excess of 40 hours in a week, defendants violated the FLSA, applicable state labor laws and breached its contracts with plaintiffs.

27.     When employees did not receive compensation for any other hours, defendants violated applicable state labor laws and breached its contracts with plaintiffs.

28.     Named plaintiffs and Class Members frequently worked over 40 hours in a week while employed by defendants.

29.     Defendants' policy and/or practice was to not compensate named plaintiffs and Class Members for all work performed either at regular or premium overtime rates for such work.

30.     Defendants knew plaintiffs were supposed to be paid statutory overtime, however, defendants willfully failed to pay statutory overtime for all hours when named plaintiffs and Class Members worked over 40 hours in a week.

31.     Defendants also knew plaintiffs were supposed to be paid for all time worked, however, defendants willfully failed to pay for all hours worked.

- 5 -

32. The defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements and state labor laws.

33. This failure to pay for all time worked as required by the FLSA, the New York Labor Law and the various state laws was willful.

34. Plaintiffs understand that they have signed arbitration agreements. However, it is not clear that defendants are subject to or have agreed to be bound by such agreements.

## FIRST CAUSE OF ACTION
### FLSA

35. Plaintiffs reallege the above paragraphs as if fully restated herein.

36. Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

## SECOND CAUSE OF ACTION
### New York Labor Law

37. Plaintiffs reallege the above paragraphs as if fully restated herein.

38. Defendants willfully violated their obligations under the New York Labor Law and are liable to plaintiffs.

## THIRD CAUSE OF ACTION
### State Labor and Contract Laws

39. Plaintiffs reallege the above paragraphs as if fully restated herein.

40. Defendants willfully violated their obligations under the laws of the various states in which United Financial does business and are liable to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a)    an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)    an award of the value of plaintiffs' unpaid wages, including fringe benefits;

(c)    liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs (plaintiffs who do not affirmatively opt-in the class expressly waive their rights to liquidated damages or any other statutory penalty provided under New York law);

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e)    an award of pre- and post-judgment interest; and

(f)    such other and further legal or equitable relief as this forum deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Dated: September 21, 2006

DOLIN, THOMAS & SOLOMON LLP

By: _____
J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

EXHIBIT C

Case 1:08-cv-02327    Document 27    Filed 02/12/2007    Page 19 of 46
Case 6:06-cv-06473-DGL    Document 13    Filed 01/03/2007    Page 3 of 7

Case 6:05-cv-06067-DGL-MWP    Document 15    Filed 08/31/2005    Page 20 of 24



**United Financial
Mortgage Corp.**

### AGREEMENT TO ARBITRATE DISPUTES

As part of the terms and conditions of employment and interview process with the United Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into mandatory binding arbitration agreement and hereby agrees not to sue for any reason the UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any dispute arising from the interview process or employment by the UFMC.

Arbitration of disputes will be handled by either the American Arbitration Association or Jams/ENDiputes.

FAHAD  G - SIDDIQUI
Print Name


Signature                    2-2-04.
                             Date

EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAHAD SIDDIQUI, BRUCE BERGERON TIMOTHY BOWEN, PAM CAPUANO, ZANDRA CHATMAN, ROBERT CRETELLA, KEVIN CROOKS, CRYSTAL CUNNINGHAM, KAREN DOMINGUEZ, STEVEN ESCHER, BETHANY FAZILAT, ERIK GARCIA, IAN GOOLDY, KATHLEEN JANNINCK, DAVID KEIM, LINDA KOPMAN, BRIAN McKENZIE, NAOMI MIRKIN, RONALD SANCHEZ, ADAM SCHEMER, ALISON WASKIEWICZ, SAMNANG WATERS, AND CHARLES YOUNG, *on behalf of themselves and all other employees similarly situated,* | Civil Action No. 06-CV-6473 |
| *Plaintiffs* | |
| v. | |
| AIRLIE OPPORTUNITY MASTER FUND, LTD., ARH MORTGAGE INC., WDM FUND, L.P., STEVE Y. KHOSHABE, JOSEPH KHOSHABE, AND JASON K. SCHIFFMAN, | |
| *Defendants.* | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2007 I caused to be served Plaintiffs' Demand for Arbitration attached hereto upon the following:

Richard C. Haddad, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
Attorneys for Corporate Defendants
230 Park Avenue
New York, New York
(212) 661-9100

Carolyn G. Nussbaum, Esq.
Nixon Peabody LLP
Attorneys for Corporation Defendants

- 2 -

Clinton Square
P.O. Box 30151
Rochester, New York 14603-1051
(585) 263-1558

Jill L. Yonkers
Hodgson Russ
One M & T Plaza, Suite 200
Buffalo, NY 14203

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

by causing the same to be placed in properly addressed, postage pre-paid packaging and

delivered to Federal Express for overnight delivery.

Kimberly A. Glennon

EXHIBIT 3

**DOLIN, THOMAS & SOLOMON LLP**
693 EAST AVE
ROCHESTER, NEW YORK 14607

HSBC BANK USA, NA
ROCHESTER, NY 14616
10-2/220

**5220**

2/12/2007

PAY TO THE
ORDER OF    JAMS, Inc.                                                    $ **400.00

Four Hundred and 00/100******************************************************************************    DOLLARS

JAMS, Inc.
P.O. Box 512850
Los Angeles, CA 90051-0850

MEMO        Arbitration fee                                                                            MP

⑈005220⑈ ⑆022000020⑆ 542796198⑈

---

**DOLIN, THOMAS & SOLOMON LLP**                                              **5220**

JAMS, Inc.                                              2/12/2007
100000 · Non-Partner Expenses:921 · TS Costs:TS   Arbitration fee                        400.00

HSBC Checking          Arbitration fee                                              400.00

EXHIBIT 4

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

## Employment Arbitration Rules and Mediation Procedures

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
There is no additional administrative fee for this service.

| Name of Respondent<br>Please see List of all Respondents and Counsel attached as Exhibit A | | | Name of Representative (if known)<br>Please see attached Exhibit A. | | |
|---|---|---|---|---|---|
| Address: | | | Name of Firm (if applicable) | | |
| | | | Representative's Address | | |
| City | State | Zip Code | City | State | Zip Code |
| Phone No. | | Fax No. | Phone No. | | Fax No. |
| Email Address: | | | Email Address: | | |

The named claimant, a party to an arbitration agreement dated February 2, 2004 _____, which provides for arbitration under the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
Claimant's FLSA collective action claims as set forth in the Complaint attached hereto as Exhibit B.
Claimants cannot estimate a dollar amount of the claim. The damages Claimants' are seeking are set forth in the Complaint attached as Exhibit B.

| Dollar Amount of Claim  $ | Other Relief Sought: ☒ Attorneys Fees   ☐ Interest<br>☐ Arbitration Costs ☐ Punitive/ Exemplary ☐ Other _____ |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $150.00

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Experience in Fair Labor Standards Act matters.

Hearing locale Rochester, New York _____   (check one) ☒ Requested by Claimant   ☐ Locale provision included in the contract

| Estimated time needed for hearings overall:<br><br>_____ hours or __ ~ 5 __ days | Claimant    ☒ Employee ☐ Employer<br><br>Respondent   ☐ Employee ☒ Employer |
|---|---|

Does this dispute arise out of an employment relationship? ☒ Yes ☐No

What was/is the employee's annual wage range?  Note: This question is required by California law.

☐ Less than $100,000      ☐ $100,000 - $250,000       ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one)   ☐ Atlanta, GA   ☐ Dallas, TX    ☐ East Providence, RI ☐ Fresno, CA   ☒ International Centre, NY, with a request that it commence administration of the arbitration.  Under the rules, you may file an answering statement within 15 days after notice from the AAA.

| Signature (may be signed by a representative)       Date:<br>*[signature]*       Feb. 12, 2007 | Name of Representative<br>J. Nelson Thomas, Esq., Michael J. Lingle, Esq. | | |
|---|---|---|---|
| Name of Claimant<br>Fahad Siddiqui, et al. and all others similarly situated | Name of Firm (if applicable)<br>Dolin, Thomas & Solomon LLP | | |
| Address (to be used in connection with this case)<br>Dolin, Thomas & Solomon, 693 East Avenue | Representative's Address<br>693 East Avenue | | |
| City<br>Rochester | State<br>NY | Zip Code<br>14607 | City<br>Rochester | State<br>NY | Zip Code<br>14607 |
| Phone No.<br>(585) 272-0540 | | Fax No.<br>(585) 272-0574 | Phone No.<br>(585) 272-0540 | | Fax No.<br>(585) 272-0574 |
| Email Address:<br>nthomas@dts-esq.com, mlingle@dts-esq.com | | | Email Address:<br>nthomas@dts-esq.com, mlingle@dts-esq.com | | |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA.  Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online.  AAA Customer Service can be reached at 800-778-7879

EXHIBIT A

# Demand for Arbitration before AAA

<u>List of Respondents and Respondents' Counsel:</u>

Respondent: Airlie Opportunity Master Fund, LTD.
115 Putnam Avenue
Greenwich, Connecticut 06830

ARH Mortgage, Inc.
115 Putnam Avenue
Greenwich, Connecticut 06830

WDM Fund, L.P.
115 Putnam Avenue
Greenwich, Connecticut 06830

Counsel:      Richard C. Haddad, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, New York
(212) 661-9100

Carolyn G. Nussbaum, Esq.
Nixon Peabody LLP
Clinton Square
P.O. Box 30151
Rochester, New York 14603-1051
(585) 263-1558

---

Respondent:   Steve Y. Khoshabe
815 Commerce Drive, Suite 100
Oak Brook, Illinois 60523

Joseph Khoshabe
815 Commerce Drive, Suite 100
Oak Brook, Illinois 60523

Jason K. Schiffman
1029 119th Street
Lemont, Illinois 60439

Counsel:      Jill L. Yonkers
Hodgson Russ LLP
One M & T Plaza
Suite 200
Buffalo, New York 14203
(716) 856-4000

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, BRUCE
BERGERON TIMOTHY BOWEN,
PAM CAPUANO, ZANDRA CHATMAN,
ROBERT CRETELLA, KEVIN CROOKS,
CRYSTAL CUNNINGHAM, KAREN
DOMINGUEZ, STEVEN ESCHER, BETHANY
FAZILAT, ERIK GARCIA, IAN GOOLDY,
KATHLEEN JANNINCK, DAVID KEIM,
LINDA KOPMAN, BRIAN McKENZIE,
NAOMI MIRKIN, RONALD SANCHEZ,
ADAM SCHEMER, ALISON WASKIEWICZ,
SAMNANG WATERS, AND CHARLES YOUNG,
*on behalf of themselves and all other*
*employees similarly situated,*

                                                  *Plaintiffs,*

                    v.

AIRLIE OPPORTUNITY MASTER
FUND, LTD., ARH MORTGAGE
INC., WDM FUND, L.P., STEVE Y.
KHOSHABE, JOSEPH KHOSHABE,
AND JASON K. SCHIFFMAN,

                                                  *Defendants.*

CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

Civil Action

NO.  06  CV  6473  (P)

ORIGINAL
RECEIVED AND FILED
USDC WDNY ROCH

SEP 21 2006

BY: _____

## NATURE OF CLAIM

1.    This is a proceeding for declaratory relief and monetary damages to redress the

deprivation of rights secured to plaintiffs Fahad Siddiqui, Bruce Bergeron, Timothy Bowen,

Pam Capuano, Zandra Chatman, Robert Cretealla, Kevin Crooks, Crystal Cunningham,

Karen Dominguez, Steven Escher, Bethany Fazilat, Erik Garcia, Ian Gooldy, Kathleen

Janninck, David Keim, Linda Kopman, Brian McKenzie, Naomi Mirkin, Ronald Sanchez,

Adam Schemer, Alison Waskiewicz, Samnang Waters and Charles Young individually, as well

as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); the New York State Labor Law; and the laws of the various States in which defendant does business.

## CLASS ACTION ALLEGATIONS

2.     The claims arising under New York State Labor Law, other state labor laws and state contract laws are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

3.     The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

4.     The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of:

> (i)     individuals who currently and formerly were suffered or permitted to work for defendants or its subsidiaries or divisions or other joint employers, including United Financial Mortgage Company ("United Financial");

> (ii)    anytime during the last six years;

> (iii)   who were paid on an hourly basis; and

> (iv)    who were not fully compensated for all work performed either at regular or premium overtime rates for such work.

5.     Plaintiffs understand that defendants paid individuals who performed work as a Loan Officer or its functional equivalent on an hourly basis. However, to the degree an individual performed some work in a week as a Loan Officer or its functional equivalent and was paid on a salaried basis for work that week, those individuals form a separate subclass of Loan Officers misclassified as exempt from the FLSA and relevant law.

6.     The class size is believed to be over 50 employees.

- 2 -

7.     The named plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

8.     There are no known conflicts of interest between the named plaintiffs and the other class members.

9.     The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

10.     The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

11.     Common questions of law and fact predominate in this action because the claims of all class members are based on whether defendants' policy of not paying statutory overtime to exempt and/or nonexempt employees for all hours worked in excess of forty per week violates New York Labor Law and other state statutes requiring the payment of overtime.

12.     The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**PARTIES**

A.     **Defendants**

13.     Airlie Opportunity Master Fund, Ltd. is a Cayman Islands Limited Partnership with its headquarters in Greenwich, Connecticut.

14. ARH Mortgage Inc. is a Delaware corporation and the sole shareholder of United Financial.

15. WDM Fund L.P. is a Delaware limited partnership associated with Airlie Opportunity Master Fund, Ltd.

16. Steve Y. Khoshabe was the President and Chief Executive Officer of United Financial.

17. Joseph Khoshabe was the Chairman of the United Financial and was responsible for the commercial lending operations. Mr. Khoshabe previously served as the President and Chief Executive Officer.

18. Jason K. Schiffman was the Executive Vice President-Operations of United Financial.

19. Upon information and belief, defendants are an enterprise engaged in interstate commerce, with annual gross volume of sales made not less than $500,000.

20. Defendants are the employer of plaintiffs within the meaning of 29 U.S.C. § 203(d) and/or joint employers of the plaintiffs and comprise an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

21. Upon information and belief, the defendants are alter egos of each other and of United Financial.

22. Upon information and belief, defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman are employers of the plaintiffs.

B. **Plaintiffs**

*Named Plaintiffs*

23. The named plaintiffs are former employees of defendants who were not fully

- 4 -

compensated for all work performed either at regular or premium overtime rates for such work.

### Class and Collective Action Members

24.    The class and collective action members ("Class Members") are those employees similarly situated to named plaintiffs as set forth above.

### FACTUAL BACKGROUND

25.    Defendants' policy and/or practice was not to pay employees for all hours employees worked.

26.    When employees did not receive compensation for hours in excess of 40 hours in a week, defendants violated the FLSA, applicable state labor laws and breached its contracts with plaintiffs.

27.    When employees did not receive compensation for any other hours, defendants violated applicable state labor laws and breached its contracts with plaintiffs.

28.    Named plaintiffs and Class Members frequently worked over 40 hours in a week while employed by defendants.

29.    Defendants' policy and/or practice was to not compensate named plaintiffs and Class Members for all work performed either at regular or premium overtime rates for such work.

30.    Defendants knew plaintiffs were supposed to be paid statutory overtime, however, defendants willfully failed to pay statutory overtime for all hours when named plaintiffs and Class Members worked over 40 hours in a week.

31.    Defendants also knew plaintiffs were supposed to be paid for all time worked, however, defendants willfully failed to pay for all hours worked.

- 5 -

32.    The defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements and state labor laws.

33.    This failure to pay for all time worked as required by the FLSA, the New York Labor Law and the various state laws was willful.

34.    Plaintiffs understand that they have signed arbitration agreements. However, it is not clear that defendants are subject to or have agreed to be bound by such agreements.

### FIRST CAUSE OF ACTION
*FLSA*

35.    Plaintiffs reallege the above paragraphs as if fully restated herein.

36.    Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

### SECOND CAUSE OF ACTION
*New York Labor Law*

37.    Plaintiffs reallege the above paragraphs as if fully restated herein.

38.    Defendants willfully violated their obligations under the New York Labor Law and are liable to plaintiffs.

### THIRD CAUSE OF ACTION
*State Labor and Contract Laws*

39.    Plaintiffs reallege the above paragraphs as if fully restated herein.

40.    Defendants willfully violated their obligations under the laws of the various states in which United Financial does business and are liable to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a) an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b) an award of the value of plaintiffs' unpaid wages, including fringe benefits;

(c) liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs (plaintiffs who do not affirmatively opt-in the class expressly waive their rights to liquidated damages or any other statutory penalty provided under New York law);

(d) an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e) an award of pre- and post-judgment interest; and

(f) such other and further legal or equitable relief as this forum deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Dated: September 21, 2006

DOLIN, THOMAS & SOLOMON LLP

By: _____
J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

EXHIBIT C

Case 1:08-cv-02327     Document 27     Filed 02/12/2007     Page 39 of 46
Case 6:06-cv-06473-DGL     Document 13     Filed 01/03/2007     Page 3 of 7

Case 6:05-cv-06067-DGL-MWP     Document 15     Filed 08/31/2005     Page 20 of 24



**United Financial
Mortgage Corp.**

## AGREEMENT TO ARBITRATE DISPUTES

As part of the terms and conditions of employment and interview process with the United
Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into
mandatory binding arbitration agreement and hereby agrees not to sue for any reason the
UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any
dispute arising from the interview process or employment by the UFMC.

Arbitration of disputes will be handled by either the American Arbitration Association or
Jams/ENDiputes.

F͟A͟H͟A͟D͟  G͟ - S͟I͟D͟D͟I͟Q͟U͟I͟
Print Name

_Jahad S Kiddqui_
Signature                                  2-2-04.
                                            Date

815 Commerce Dr., Suite 100 • Oak Brook, IL 60523 • (630) 571-7222 • (630) 571-2623 Fax

EXHIBIT 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, BRUCE
BERGERON TIMOTHY BOWEN,
PAM CAPUANO, ZANDRA CHATMAN,
ROBERT CRETELLA, KEVIN CROOKS,
CRYSTAL CUNNINGHAM, KAREN
DOMINGUEZ, STEVEN ESCHER, BETHANY
FAZILAT, ERIK GARCIA, IAN GOOLDY,
KATHLEEN JANNINCK, DAVID KEIM,
LINDA KOPMAN, BRIAN McKENZIE,
NAOMI MIRKIN, RONALD SANCHEZ,
ADAM SCHEMER, ALISON WASKIEWICZ,
SAMNANG WATERS, AND CHARLES YOUNG,
*on behalf of themselves and all other
employees similarly situated,*

                         *Plaintiffs*

        v.

AIRLIE OPPORTUNITY MASTER
FUND, LTD., ARH MORTGAGE
INC., WDM FUND, L.P., STEVE Y.
KHOSHABE, JOSEPH KHOSHABE,
AND JASON K. SCHIFFMAN,

                         *Defendants.*

Civil Action
No. 06-CV-6473

## CERTIFICATE OF SERVICE

    I hereby certify that on February 12, 2007 I caused to be served Plaintiffs' Demand

for Arbitration attached hereto upon the following:

Richard C. Haddad, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
Attorneys for Corporate Defendants
230 Park Avenue
New York, New York
(212) 661-9100

Carolyn G. Nussbaum, Esq.
Nixon Peabody LLP
Attorneys for Corporation Defendants

H:\McKenzie, B\Siddiqui-Arbitration\Certificate of Service 2-12-07.doc

- 2 -

Clinton Square
P.O. Box 30151
Rochester, New York 14603-1051
(585) 263-1558

Jill L. Yonkers
Hodgson Russ
One M & T Plaza, Suite 200
Buffalo, NY 14203

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

by causing the same to be placed in properly addressed, postage pre-paid packaging and

delivered to Federal Express for overnight delivery.

_Kimberly A. Glennon_
Kimberly A. Glennon

EXHIBIT 6

**DOLIN, THOMAS & SOLOMON LLP**
693 EAST AVE.
ROCHESTER, NEW YORK 14607

HSBC BANK USA, NA
ROCHESTER, NY 14616
10-2/220

5221

2/12/2007

PAY TO THE
ORDER OF    American Arbitration Association                                          $ **150.00

One Hundred Fifty and 00/100************************************************************************************** DOLLARS

American Arbitration Association

MEMO

⑆005221⑆ ⑈022000020⑈ 542796198⑆

---

**DOLIN, THOMAS & SOLOMON LLP**                                                         5221

American Arbitration Association                                    2/12/2007
100000 · Non-Partner Expenses:921 · TS Costs:TS                                      150.00

HSBC Checking                                                                         150.00

EXHIBIT 7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, BRUCE
BERGERON TIMOTHY BOWEN,
PAM CAPUANO, ZANDRA CHATMAN,
ROBERT CRETELLA, KEVIN CROOKS,
CRYSTAL CUNNINGHAM, KAREN
DOMINGUEZ, STEVEN ESCHER, BETHANY
FAZILAT, ERIK GARCIA, IAN GOOLDY,
KATHLEEN JANNINCK, DAVID KEIM,
LINDA KOPMAN, BRIAN McKENZIE,
NAOMI MIRKIN, RONALD SANCHEZ,
ADAM SCHEMER, ALISON WASKIEWICZ,
SAMNANG WATERS, AND CHARLES YOUNG,
*on behalf of themselves and all other*
*employees similarly situated,*

|                                        | **ORDER** |
|----------------------------------------|-----------|
|                                        | Civil Action |
|                                        | No. 06-CV-6473 |

                                    *Plaintiffs*

v.

AIRLIE OPPORTUNITY MASTER
FUND, LTD., ARH MORTGAGE
INC., WDM FUND, L.P., STEVE Y.
KHOSHABE, JOSEPH KHOSHABE,
AND JASON K. SCHIFFMAN,

                                    *Defendants.*

IT IS HEREBY ORDERED that this action is stayed pending arbitration of plaintiffs' claims.


SO ORDERED:

_____
**Honorable David G. Larimer**
**United States District Judge**
**Dated:** _____