UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FAHAD SIDDIQUI, et al.<br><br>      Plaintiffs,<br><br>-against-<br><br>AIRLIE OPPORTUNITY MASTER FUND, LTD., ARH MORTGAGE INC., WDM FUND, L.P., STEVE Y. KHOSHABE, JOSEPH KHOSHABE and JASON K. SCHIFFMAN<br><br>      Defendant. | Civil Action No. 06-CV-6473 L (P)<br><br>**REPLY DECLARATION OF DIANE WINDHOLZ IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY THE CLAIMS AGAINST THEM** |

   Pursuant to 28 U.S.C. § 1746, Diane Windholz, declares under penalty of perjury:

   1.  I am a member of the Firm Jackson Lewis LLP, 59 Maiden Lane, New York, New York 10038, attorneys for Defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman (collectively, the "Individual Defendants"). I am fully familiar with the facts set forth herein, and make this Reply Declaration in further support of the Individual Defendants' motion to: (1) dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction over the Individual Defendants; or (2) in the alternative stay the claims against them.

   2.  The Individual Defendants moved to dismiss the Complaint on the grounds that it is devoid of any jurisdictional allegations or basis to bring the Individual Defendants into this Court. Alternatively, the Individual Defendants moved to dismiss on the grounds that the Court lacks personal jurisdiction over the Individual Defendants under either C.P.L.R. §301 or C.P.L.R. §302. Finally, the Individual Defendants requested that if the claims were not dismissed for lack of personal jurisdiction, that they be stayed pending the adjudication of Plaintiffs' arbitration already filed against UFMC with JAMS. **The Individual Defendants did not move to compel arbitration**.

3. On February 12, 2007, Plaintiffs filed their response to Defendants' Motion to Dismiss stating they agree to arbitration of the dispute, relief which was not requested in the Individual Defendants' motion.

4. Simultaneously with the filing of their response to the Motion to Dismiss, Plaintiffs filed a Demand for Arbitration with the American Arbitration Association ("AAA") as to their Fair Labor Standards Act collective action and a Demand for Arbitration with JAMS as to their New York Labor Law and state labor and contract class action claims. These two Demands for Arbitration are in addition to the Demand for Arbitration asserting exactly the same factual basis which are already pending at JAMS.

5. Conspicuously absent from Plaintiffs' response to the Individual Defendants' motion is any response to the asserted bases for dismissal of Plaintiffs' claims. Specifically, Plaintiffs failed to identify any facts which establish this Court's personal jurisdiction over the Individual Defendants; failed to identify any facts demonstrating that the Individual Defendants are subject to general personal jurisdiction in New York and failed to identify any facts demonstrating that the Individual Defendants are subject to specific jurisdiction.

6. Instead of addressing the merits of the Individual Defendants' arguments, and after wasting the Court's and the Individual Defendants' time and resources, Plaintiffs simply advised the Court that they had filed Demands for Arbitration in two other forums (AAA and JAMS). In doing so, Plaintiffs continue to pursue a course of action designed only to increase the time and money spent litigating precisely the same claims which are already pending with JAMS. There is absolutely no legitimate basis for Plaintiffs' strategy.

       7.      The Individual Defendants respectfully submit that Plaintiffs' disregard for the Court's and Individual Defendants' time and resources should not be countenanced. Plaintiffs have not disputed that this Court lacks personal jurisdiction over the Individual Defendants. Accordingly, the Individual Defendants respectfully request that Plaintiffs' Complaint against the Individual Defendants should be dismissed in its entirety, with prejudice.

      I declare under the penalty of perjury that the forgoing is true and correct. Executed this 16th day of February January, 2007, at New York, New York.

                                                            ____S/DIANE WINDHOLZ_____
                                                              DIANE WINDHOLZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FAHAD SIDDIQUIS, et. al.,

        Plaintiff,

v.

AIRLIE OPPORTUNITY MASTER FUND, LTD., ARH MORTGAGE INC., WDM FUND, L.P., STEVE Y. KHOSHABE, JOSEPH KHOSHABE and JASON K. SCIFFMAN

        Defendants.
_____

**Civil No.: 06-CV-6473 L (P)**

## CERTIFICATE OF SERVICE

  I hereby certify that on February 16, 2007, I electronically filed on behalf of Steven Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman REPLY DECLARATION OF DIANE WINDHOLZ IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FOR IN THE ALTERNATIVE TO STAY THE CLAIMS AGAINST THEM, with the Clerk of the District Court of the Western District of New York using the CM/ECF system, which sent notification of such filing to the following opposing counsel:

    *J. Nelson Thomas, Esq.*
    *Dolin, Thomas & Solomon LLP*
    *Attorneys for Plaintiffs*
    *693 East Avenue*
    *Rochester, New York 14607*
    *nthomas@theemploymentattorneys.com*

    *Carolyn G. Nussbaum, Esq.*
    *Nixon Peabody, LLP*
    *Attorneys for Defendants Airlie Opportunity Master*
    *Fund, Ltd., ARH Mortgage, Inc., WDM Fund, L.P. Clinton Square*
    *P.O. Box 31051*
    *Rochester, New York 14603-1051*
    *cnussbaum@nixonpeabody.com*

        s/ Jill L. Yonkers
        Jill L. Yonkers, Esq.
        **HODGSON RUSS LLP**
        *Attorneys for Defendants Steven Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman*

One M&T Plaza, Suite 2000
Buffalo, New York 14203
(716) 856-4000
Fax: (716) 849-0349
*JYonkers@hodgsonruss.com*

000160/09700 BFLODOCS 1821789v1