UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
FAHAD SIDDIQUI, et al.,                    :   Civil Action No. 06-CV-6473 L (P)
               Plaintiffs,       :
                                   :
        - against -              :
                                   :
AIRLIE OPPORTUNITY MASTER FUND,            :   **REPLY DECLARATION**
LTD., ARH MORTGAGE INC., WDM FUND,         :   **OF RICHARD G. HADDAD**
L.P., STEVE Y. KHOSHABE, JOSEPH            :   **IN FURTHER SUPPORT OF**
KHOSHABE and JASON K. SCHIFFMAN,           :   **MOTION TO DISMISS**
                                   :
             Defendants.       :
------------------------------------------------------------ X

Pursuant to 28 U.S.C. § 1746, Richard G. Haddad, declares under penalty of perjury:

1.  I am a member of the Firm of Otterbourg, Steindler, Houston & Rosen, P.C., co-counsel with Nixon Peabody LLP, for defendants Airlie Opportunity Master Fund, Ltd. ("AOMF"), ARH Mortgage Inc. ("ARH"), and WDM Fund, L.P. ("WDM", and collectively, the "Non-Management Defendants"). I am fully familiar with the facts set forth herein, and make this Reply Declaration in further support of the Non-Management Defendants' motion (the "Motion") which seeks to, among other things, dismiss the Summons and Complaint, dated September 21, 2006 (the "Complaint") in the within action on the grounds of lack of subject matter jurisdiction, lack of personal jurisdiction as to the Non-Management Defendants, insufficiency of process, and as to AOMF, insufficiency of service of process.

2.  In their submission to this Court, dated February 12, 2006 (the last day for Plaintiffs to oppose the Motion), Plaintiffs ignored each of the above grounds for dismissal of the Complaint. Plaintiffs did not challenge the Non-Management Defendants' contentions that in

the face of a valid and enforceable arbitration clause the Court was within its rights to dismiss the action for lack of subject matter jurisdiction. Nor, did Plaintiffs dispute that this Court lacked jurisdiction over the persons of the Non-Management Defendants. Nor, did Plaintiffs even attempt to address the deficiencies concerning the Summons and its service upon AOMF. For these reasons, the Complaint should be dismissed.

3. Instead of challenging the bases for the motion, Plaintiffs advised the Court (while announcing to the Non-Management Defendants for the very first time) that on February 12, 2007, Plaintiffs had commenced two separate arbitrations in two separate forums that ostensibly covered the subject matter of this pending lawsuit and that therefore this action should be stayed pending the arbitration of plaintiffs' claims. Among other things, Plaintiffs attached to their submission to this Court (a) their "Demand for Arbitration Before JAMS", dated February 12, 2007, which Plaintiffs assert addresses "Counts Two and Three of plaintiffs' complaint" (Plaintiffs state law claims); (b) their "Demand for Arbitration before AAA", dated February 12, 2007, which Plaintiffs claim addresses "Count One of Plaintiffs' Complaint" (Plaintiffs' claim under the Fair Labor and Standards Act); and (c) a proposed Order that provides "that this action is stayed pending arbitration of plaintiffs' claims.

4. Rather than staying this action pending a determination in both the JAMS arbitration and the arbitration before the American Arbitration Association, this Court should *dismiss* the Complaint because of the pendency of the arbitration, the lack of personal jurisdiction over the Non-Management Defendants, and the infirmities in and around the Summons. The mere fact that Plaintiffs commenced an arbitration in *two* separate forums (one in Rochester and one in Manhattan), without any explanation after (a) having acknowledged in their *Complaint* that "Plaintiffs understand that they have signed arbitration agreements" and (b)

having previously commenced an arbitration proceeding *solely before* JAMS (and not the AAA), on October 27, 2005, against United Financial Mortgage Company, should not give Plaintiffs license to determine how they may terminate an action that they should never have commenced in the first place.

5.   In the end, this Court should not reward Plaintiffs' cavalier attitude toward this Court and to the Non-Management Defendants. Plaintiffs commenced an action in this Court although they well knew that the claims asserted therein were subject to an already pending arbitration. Plaintiffs thereafter commenced two separate arbitrations in two separate forums although they well knew that a single arbitral forum, i.e., JAMS, could address Plaintiffs' claims against the Defendants herein, and was in fact already addressing all of the same claims in an existing arbitration. Plaintiffs have not disputed that this Court lacks subject matter jurisdiction or that the Non-Management Defendants are not subject to in personam jurisdiction in this Court. Under these circumstances, the Complaint should be dismissed as to the Non-Management Defendants in its entirety.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 16th day of February, 2007, at New York, New York.

                                          /s/ Richard G. Haddad
                                          Richard G. Haddad

787754