UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, ET AL.,

        *Plaintiffs,*

v.

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND
JASON K. SCHIFFMAN

        *Defendants.*

Civil Action No.
06-CV-6473 L(P)

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF CROSS MOTION TO COMPEL ARBITRATION AND IN OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION TO DISMISS OR STAY THE CLAIMS

DOLIN, THOMAS & SOLOMON LLP
 *Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
(585) 272-0540

Of Counsel:   J. Nelson Thomas
                 Michael J. Lingle

H:\McKenzie, B\Motion to Dismiss (Individuals)\Memo in Opposition.doc

**PRELIMINARY STATEMENT**

Plaintiffs move to compel the individual defendants to arbitrate plaintiffs' claims in accordance with the arbitration agreements present in this case.

In the event that arbitration is not compelled, because the individually named defendants are employers under the Fair Labor Standards Act ("FLSA") and New York law and committed a tortious act in New York (or caused a tortious act to be committed in New York), they can be sued in New York and the claims against them should not be dismissed.

**FACTS**

This case concerns the defendants' failure to pay the plaintiffs wages and overtime in accordance with state law and the FLSA.

The plaintiffs allege in this case that they were not properly paid wages, including overtime, for the hours they worked. The defendants in this case are the employers and/or joint employers of the plaintiffs and/or alter egos of United Financial Mortgage Corporation ("UFMC"), another employer of the plaintiffs. Plaintiffs separately sued UFMC previously and that case is now proceeding in arbitration.

During the course of the arbitration, plaintiffs attempted to amend the claim to include the claims against the defendants in this case. However, defendants objected to being included in that arbitration, and therefore, this case was subsequently filed.

In response to the corporate defendants' motion requesting, in part, a stay pending arbitration, plaintiffs responded by serving demands for arbitration on all of the defendants. (Affirmation of Michael J. Lingle, executed March 5, 2007 ("Lingle Aff."), Exs. 1 & 2) Because the individual defendants are covered by the arbitration agreements (*see* Docket No.

13, Haddad Decl.. Ex. C), plaintiffs seek to compel the individual defendants to arbitrate plaintiffs' claims.

In addition, after initially defaulting, the individual defendants now claim that this Court does not have personal jurisdiction over them. However, as admitted by the individual defendants, they all were corporate officers of United Financial Mortgage Corporation ("UFMC"). Steve Khoshabe served as the Chief Executive Officer (Steve Khoshabe Aff. ¶ 6); Joseph Khoshabe served as Chairman of the Board of Directors of UFMC and now serves as a consultant (Joseph Khoshabe Aff. ¶¶ 6, 7); Jason Schiffman served as Vice President for Operations (Schiffman Aff. ¶ 5). Further, the complaint alleges that these individuals were officers of the corporation and employers of the plaintiffs. (Complaint ¶¶ 16 – 18; 20) Moreover, the complaint alleges that the defendants failed to properly compensate the plaintiffs, including paying overtime when they worked over 40 hours in a week. (Complaint ¶¶ 25-28)

As outlined below, these facts are enough to give this Court personal jurisdiction over these defendants.

## ARGUMENT

I. **THE INDIVIDUAL DEFENDANTS SHOULD BE COMPELLED TO ARBITRATE BECAUSE THEY ARE SUBJECT TO AN ARBITRATION AGREEMENT**

As this Court is aware, the corporate defendants in this case moved, in part, for a stay pending arbitration. In response, plaintiffs made a demand for arbitration which includes both the corporate and individual defendants. *See* Lingle Aff., Exs. 1 & 2.

The arbitration agreement on which the corporate defendants relied in their motion also subjects the individual defendants in this case to arbitration:

> As part of the terms and conditions of employment and interview process with the United Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into mandatory binding arbitration agreement and hereby agrees not to sue for any reason the UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any dispute arising from the interview process or employment by the UFMC.
>
> Arbitration of disputes will be handled by either American Arbitration Association or Jams/ENDisputes.

(Docket No. 13, Heddad Decl., Ex. C)  Clearly, the arbitration agreement is broad enough to cover the claims against the individual defendants in this case. *See e.g., Rajjak v. McFrank & Williams*, 2001 WL 799766 (S.D.N.Y. July 10, 2001); *Kruse v. AFLCA Intern., Inc.*, 458 F.Supp.2d 375 , 383(E.D.Ky. 2006) (related entities bound by arbitration clause).

Thus, as the corporate defendants have already requested arbitration, and plaintiffs have now made a demand for arbitration, defendants should be compelled to arbitrate plaintiffs' claims, and this action should be stayed pending the arbitration of the claims in this case. *See* 9 U.S.C. § 3; *Andrews v. Lasser Marshall, Inc.*, No. 97 Civ. 3827 (JGK), 1997 WL 624986, *1 (S.D.N.Y. Oct. 6, 1997); *King v. First Boston Corp.*, No. 90 Civ. 4319 (CSH), 1992 WL 84595, *1 (S.D.N.Y. Apr. 8, 1992).

## II.   LEGAL STANDARD REGARDING MOTION TO DISMISS

Substantively, motions to dismiss are rarely granted.  In reviewing a motion to dismiss, the court must presume that the allegations in the complaint are true and resolve all doubts and inferences in favor of the non-moving party. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 173 (2d Cir. 1998); *see also Yoder v. Orthomolecular Nutrition Inst.*, 751 F.2d 555, 562 (2d Cir. 1985) ("It is elementary that, on a motion to dismiss, a complaint must be read as a whole, drawing all inferences favorable to the pleader.").  The complaint cannot be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Easton v. Sundram*, 947 F.2d 1011, 1015 (2d Cir. 1991); *Stadt v. Univ. of Rochester*, 921 F.Supp. 1023, 1025 (W.D.N.Y. 1996) (Telesca, J.).

A plaintiff is not required to present evidence in support of its complaint in order to survive dismissal. *See Weisman v. LeLandais*, 532 F2d 308, 310 (2d Cir. 1976) *quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974):

> "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."

*See also Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d. Cir. 1991) ("[c]onsideration is limited to facts stated on the face of the complaint.") Accordingly, prior to discovery, dismissal of a complaint is premature.

This holds true even when defendants challenge jurisdiction. Prior to discovery, a plaintiff need only plead legally sufficient allegations of jurisdiction. *See Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). "At that preliminary stage, the plaintiff's *prima facie* showing may be established solely by allegations." *See id.*

In this case, plaintiffs through their pleadings have sufficiently established personal jurisdiction over the individual defendants. In the event the Court determines otherwise, plaintiffs respectfully request discovery on jurisdictional issues.

### III. THIS COURT HAS PERSONAL JURISDICTION OVER THE INDIVIDUAL DEFENDANTS

In the event the Court does not compel arbitration of this case, personal jurisdiction has been properly asserted against the individual defendants.

## A. Long-Arm Jurisdiction

The individual defendants do clearly fall within the requirements of C.P.L.R. § 302(a), New York's long-arm statute, which states:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>    (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
>    (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

By operation of the long-arm statute, non-domiciliary defendants are often haled into the courts of New York. *See e.g., Cosmetech Intern., LLC v. Der Kwei Enterprise & Co., Ltd.*, 943 F.Supp. 311, 319-20 (S.D.N.Y. 1996); *Modern Computer Corp. v. Ma*, 862 F.Supp. 938, 945 (E.D.N.Y. 1994); *Nichols v. Surgitool, Inc.*, 419 F.Supp. 58, 62-62 (W.D.N.Y. 1976); *AMP Servs. Ltd. v. Walanpatrias Found.*, 34 A.D.3d 231 (1st Dep't 2006); *Corpuel v. Galasso*, 268 A.D.2d 202 (1st Dep't 2000); *Morgenthau v. A.J. Travis Ltd.*, 184 Misc.2d 835, 843 (Sup. Ct. N.Y. Cty. 2000); *Gonzales v. Harris Calorific Co.*, 64 Misc.2d 287, 290 (Sup. Ct. Queens Cty. 1970).

As a starting point in the analysis in this case, the FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee…." 29 U.S.C. § 203(d). Courts view this definition expansively to give effect to the remedial nature of the statute and regularly find individual liability to be proper under the FLSA. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *Chen v. Street Beat Sportswear, Inc.*, 364 F.Supp.2d 269, 291 (E.D.N.Y. 2005); *Ansoumana v. Gristede's Operating Corp.*, 255 F.Supp.2d 184, 193 (S.D.N.Y. 2003) (exercising "operational management" sufficient to be considered employer under the FLSA and thus held individually liable).[1] Given the positions of the individual defendants, as admitted by the individual defendants, there is no question that they exercised operational management over the company and are thus considered employers under the FLSA and New York Labor Law, causing them to be jointly and severally liable for the violations in this case.

As the employer in an FLSA case, the individual defendants have transacted business in New York by operating an office in New York, thus giving rise to personal jurisdiction pursuant to C.P.L.R. § 302(a)(i)

Further, because the individuals can be held liable for the violations alleged in this case as employers under the FLSA, they have committed tortious acts in New York (either directly or through their agents) because they failed to pay employees overtime properly and some of those employees were located in New York. Further, even if the tortious act is considered to have occurred outside of New York, part of the injury (employees being denied overtime) occurred in New York and defendants should have expected the denial of overtime

---

[1] The standards applicable to individual liability under the FLSA also apply to the Labor Law. *See Street Beat Sportswear*, 364 F.Supp.2d at 289, n. 28.

to have an effect in New York given that employees were located here. In addition, the individual defendants receive revenue from interstate commerce based on their shares of stock, stock options and in the form of compensation. (Lingle Aff. Exs. 3 & 4)

Overall, this Court has personal jurisdiction pursuant to C.P.L.R. § 302(a) over the individual defendants.

### B.    General Personal Jurisdiction

Individuals may be subject to the jurisdiction of New York courts pursuant to C.P.L.R. § 301 if they are doing business in New York. Courts use a "pragmatic test" to determine whether the requirements are met, focusing on the "existence of an office in New York; the solicitation of business in New York; and, the presence of bank accounts and other property in the state." *See Optimum Worldwide Ltd. v. Klebener*, No. 95 Civ. 1359(HB), 1996 WL 71500, *3 (S.D.N.Y. Feb. 16, 1996).

It is entirely possible that the individual defendants have been doing business in New York. They claim not to have been licensed, registered or authorized to do business, not to have bank accounts and not to possess real property in New York. However, they may still be doing personal business in New York which would subject them to the jurisdiction of New York courts. The only way to know the answer to this question, however, is through discovery which has not yet occurred in this case. However, plaintiffs are not primarily relying on C.P.L.R. § 301 for personal jurisdiction over the individual defendants and instead rely on long-arm jurisdiction found in C.P.L.R. § 302, described above.

### IV. PLAINTIFFS SHOULD BE ALLOWED DISCOVERY ON JURISDICTIONAL ISSUES

In the event the Court finds that any jurisdictional requirement is lacking, plaintiffs respectfully request that they be permitted to conduct discovery on jurisdictional issues and replead any element found not to have been sufficiently alleged. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13, 98 S.Ct. 3280, 3289 n. 13 (1978) ("discovery is available to ascertain the facts bearing on [jurisdictional] issues"); *GTE New Media Servs. Inc.*, 199 F.3d 1343, 1351 – 52 (D.C. Cir. 2000); *Westvaco Corp. v. Viva Magnetics Ltd.*, No. 00 Civ. 9399 LTS KNF, 2002 WL 1933756, *4 (S.D.N.Y. Aug. 20, 2002) (permitting discovery on personal jurisdiction issues); *Carney v. S.E. Nicholas, Inc.*, 87 A.D.2d 977 (4th Dep't 1982) (permitting further disclosure).[2]

### V. EXERCISE OF JURISDICTION DOES NOT VIOLATE DUE PROCESS

As a last ditch effort, the individual defendants claim that it would be unduly burdensome for them to litigate in New York, suggesting that maintaining the action in New York would offend due process.

However, considering the factors outlined by defendants relating to whether it is reasonable under the circumstances of this case to exercise personal jurisdiction over the defendants, fair play and substantial justice are met if this Court exercises jurisdiction.[3] *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127-30 (2d Cir. 2002).

---

[2] Even if this Court were to find lack of subject matter jurisdiction, because this case was not heard on the merits, the dismissal would be without prejudice so that plaintiffs could file their action in another forum with jurisdiction over the defendants.

[3] Defendants do not contest that they had minimum contacts as required by due process and instead focus on the "reasonableness" requirement, which as discussed below, is met. *See Wiwa v. Royal Dutch Petro. Co.*, 226 F.3d 88 (2d Cir. 2000) ("in making the constitutional analysis once a plaintiff has made a 'threshold showing' of minimum contacts, the defendant must come forward with a 'compelling case that the presence of some other considerations would

First, the defendants have not demonstrated any undue burden in defending the action in New York.  In fact, they have counsel from New York City defending this action already.  Further, it's unlikely the individuals would have to travel to New York more than a couple of times to defend this case.

Second, New York does have an interest in seeing that its employees are paid properly both under the FLSA and under the New York Labor Law.  Thus, New York would be an appropriate forum for this action.

Third, the lead plaintiff in this case is from New York.  Thus, plaintiff's selection of New York as the forum of this action should be considered.

Fourth, interstate judicial efficiency is furthered by maintaining this action in New York in connection with the other named corporate defendants.  Otherwise, there will be a separate action against the individual defendants in Illinois, diminishing interstate judicial efficiency.

Fifth, the shared interest of the several states in furthering fundamental substantive social policies would include ensuring employees are paid properly when they work, including overtime.  Thus, New York provides as good a forum as any for the furtherance of such a social policy.

Ultimately the defendants argue that even though they employed people in New York and were alleged to have committed violations of federal and state law in New York they still can never be subject to the jurisdiction of the New York courts for these violations.  Certainly

---

render jurisdiction unreasonable'").  Moreover, given that as statutory employers defendants maintained employees in New York, it would be difficult for them to claim they did not have minimum contacts with New York that comport with due process.

when an employer employs someone in New York who is subject to federal and state laws, that employer can be sued in New York for violations of New York and federal law.

## CONCLUSION

For the forgoing reasons, plaintiffs respectfully request that this Court compel the individual defendants to engage in arbitration and deny the individual defendants' motion to dismiss.

Dated:  March 5, 2007

                                    **DOLIN, THOMAS & SOLOMON LLP**

By:    s/ Michael J. Lingle
           J. Nelson Thomas, Esq.
           Michael J. Lingle, Esq.
           *Attorneys for Plaintiffs*
           693 East Avenue
           Rochester, New York 14607
           Telephone:  (585) 272-0540
           nthomas@theemploymentattorneys.com
           mlingle@theemploymentattorneys.com