**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

FAHAD SIDDIQUI, ET AL.,

                             *Plaintiffs,*

       v.

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND
JASON K. SCHIFFMAN,

                           *Defendants.*

**AFFIRMATION**

**Civil Action No.**
**06-CV-6473 L (P)**

 

**MICHAEL J. LINGLE**, being duly sworn, deposes and says:

1.     I am associated with the law firm of Dolin, Thomas & Solomon LLP, and the firm represents the plaintiffs in this action.  I submit this affirmation in support of plaintiffs' motion to compel arbitration and in opposition to the individual defendants' motion to dismiss.

2.     I am familiar with the facts underlying this motion.

3.     Because the individual defendants are covered by the arbitration agreements present in this case, they should be compelled to arbitrate the claims made by plaintiffs.  Further, plaintiffs have made demands for arbitration, which are attached hereto as <u>Exhibits 1 & 2</u>.

4.     The individual defendants are (or were) beneficial owners of security interests in United Financial Mortgage Corporation.  Attached hereto as <u>Exhibit 3</u> is an excerpt from a publicly filed proxy statement dated August 12, 2005 listing the shares beneficially owned by the individual defendants.

5.    In addition, the individual defendants earned salaries, bonuses, other compensation and stock options during their employment with UFMC.  Attached hereto as Exhibit 4 is an excerpt from a publicly filed proxy statement dated August 12, 2005 listing the compensation of the individual defendants.

6.    Although plaintiffs believe they have met their prima facie showing of personal jurisdiction, in the event the Court determines that this burden has not been met, discovery on jurisdictional issues should be conducted.

7.    Such discovery would likely include, among others, inquiry into: any contact the individual defendants have had with New York; any business the defendants have transacted in New York, including the type of business transacted, when it was transacted and for what purpose; any communications defendants had with anyone in New York and for what purpose; any contact the defendants had with the New York office of UFMC; and any communications the defendants had with employees in the New York office of UFMC.

I declare under penalty of perjury that the foregoing is true and correct.

s/ Michael J. Lingle
**MICHAEL J. LINGLE**

EXHIBIT 1



**THE RESOLUTION EXPERTS®**

# Demand for Arbitration Before JAMS

## TO RESPONDENT:        See Attached Sheet at Exhibit A for Complete List of All Respondents and All Representative Attorneys.

(Address) _____
<small>(Name of the Party on whom Demand for Arbitration is made)</small>

| (City) | (State) | (Zip) |
|---|---|---|
| (Telephone) | (Fax) | (E-Mail) |

Representative/Attorney (if known):   See Attached Sheet at Exhibit A
<small>(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)</small>

(Address) _____

| (City) | (State) | (Zip) |
|---|---|---|
| (Telephone) | (Fax) | (E-Mail) |

## FROM CLAIMANT (Name):   Fahad Siddiqui, et al. and all others similarly situated

(Address)   Dolin, Thomas & Solomon LLP, 693 East Avenue

| (City)  Rochester | (State)  NY | (Zip)  14607 |
|---|---|---|
| (Telephone)  (585) 272-0540 | (Fax)  (585) 272-0574 | (E-Mail) |

Representative/Attorney of Claimant (if known):   J. Nelson Thomas, Esq., Michael J. Lingle, Esq.
<small>(Name of the Representative/Attorney for the Party Demanding Arbitration)</small>

(Address)   Dolin, Thomas & Solomon, 693 East Avenue

| (City)  Rochester | (State)  NY | (Zip)  14607 |
|---|---|---|
| (Telephone)  (585) 272-0540 | (Fax)  (585) 272-0574 | (E-Mail)  mlingle@dts-esq.com |

## NATURE OF DISPUTE

Claimant hereby demands that you submit the following dispute to final and binding arbitration (a more detailed statement of the claim(s) may be attached):   Claimant's state law Rule 23 claims, specifically the Second and Third Causes of Action, as set forth in the Complaint attached hereto as Exhibit B.

## ARBITRATION AGREEMENT

This demand is made pursuant to the arbitration agreement which the parties made as follows (cite location of arbitration provision & attach two (2) copies of entire agreement).See Exhibit C.

Effective 01/01/2007
Resolution Centers Nationwide • 1.800.352.5267 • www.jamsadr.com
(c) copyright 2006 JAMS. All rights reserved.



**THE RESOLUTION EXPERTS**[']

# Demand for Arbitration Before JAMS

## CLAIM & RELIEF SOUGHT BY CLAIMANT

Claimant asserts the following claim and seeks the following relief (include amount in controversy, if applicable):

See Complaint attached hereto as Exhibit B. As stated above, Claimants seek to have their state law Rule 23 claims heard in this forum, specifically the Second and Third Causes of Action, as set forth in Exhibit B.

## RESPONSE

Respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules. Send the original response and counter-claim to the claimant at the address stated above with two (2) copies to JAMS.

## REQUEST FOR HEARING

JAMS is requested to set this matter for hearing at:  JAMS New York City Office
(Preferred Hearing Location)

Signed (Claimant): _(signature)_                    Date:   February 12, 2007
(may be signed by an attorney)

Print Name:     Michael J. Lingle, Esq.

**Please include a check payable to JAMS for the required initial, non-refundable $400 per party deposit to be applied toward your Case Management Fee and submit to your local JAMS Resolution Center.**

Effective 01/01/2007
Resolution Centers Nationwide • 1.800.352.5267 • www.jamsadr.com
(c) copyright 2006 JAMS. All rights reserved.

EXHIBIT A

## Demand for Arbitration before JAMS

### List of Respondents and Respondents' Counsel:

Respondent: Airlie Opportunity Master Fund, LTD.
115 Putnam Avenue
Greenwich, Connecticut 06830

ARH Mortgage, Inc.
115 Putnam Avenue
Greenwich, Connecticut 06830

WDM Fund, L.P.
115 Putnam Avenue
Greenwich, Connecticut 06830

Counsel:      Richard C. Haddad, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, New York
(212) 661-9100

Carolyn G. Nussbaum, Esq.
Nixon Peabody LLP
Clinton Square
P.O. Box 30151
Rochester, New York 14603-1051
(585) 263-1558

---

Respondent:  Steve Y. Khoshabe
815 Commerce Drive, Suite 100
Oak Brook, Illinois 60523

Joseph Khoshabe
815 Commerce Drive, Suite 100
Oak Brook, Illinois 60523

Jason K. Schiffman
1029 119th Street
Lemont, Illinois 60439

Counsel:      Jill L. Yonkers
Hodgson Russ LLP
One M & T Plaza
Suite 200
Buffalo, New York 14203
(716) 856-4000

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, BRUCE
BERGERON TIMOTHY BOWEN,
PAM CAPUANO, ZANDRA CHATMAN,
ROBERT CRETELLA, KEVIN CROOKS,
CRYSTAL CUNNINGHAM, KAREN
DOMINGUEZ, STEVEN ESCHER, BETHANY
FAZILAT, ERIK GARCIA, IAN GOOLDY,
KATHLEEN JANNINCK, DAVID KEIM,
LINDA KOPMAN, BRIAN McKENZIE,
NAOMI MIRKIN, RONALD SANCHEZ,
ADAM SCHEMER, ALISON WASKIEWICZ,
SAMNANG WATERS, AND CHARLES YOUNG,
*on behalf of themselves and all other
employees similarly situated,*

                                    *Plaintiffs,*

          v.

AIRLIE OPPORTUNITY MASTER
FUND, LTD., ARH MORTGAGE
INC., WDM FUND, L.P., STEVE Y.
KHOSHABE, JOSEPH KHOSHABE,
AND JASON K. SCHIFFMAN,

                                    *Defendants.*

CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

Civil Action

No. 06 CV 6473 (P)

ORIGINAL
RECEIVED AND FILED
USDC WDNY ROCH

SEP 2 1 2006

BY: _____

## NATURE OF CLAIM

1.      This is a proceeding for declaratory relief and monetary damages to redress the

deprivation of rights secured to plaintiffs Fahad Siddiqui, Bruce Bergeron, Timothy Bowen,

Pam Capuano, Zandra Chatman, Robert Cretealla, Kevin Crooks, Crystal Cunningham,

Karen Dominguez, Steven Escher, Bethany Fazilat, Erik Garcia, Ian Gooldy, Kathleen

Janninck, David Keim, Linda Kopman, Brian McKenzie, Naomi Mirkin, Ronald Sanchez,

Adam Schemer, Alison Waskiewicz, Samnang Waters and Charles Young individually, as well

as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); the New York State Labor Law; and the laws of the various States in which defendant does business.

## CLASS ACTION ALLEGATIONS

2.    The claims arising under New York State Labor Law, other state labor laws and state contract laws are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

3.    The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

4.    The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of:

    (i)    individuals who currently and formerly were suffered or permitted to work for defendants or its subsidiaries or divisions or other joint employers, including United Financial Mortgage Company ("United Financial");

    (ii)    anytime during the last six years;

    (iii)    who were paid on an hourly basis; and

    (iv)    who were not fully compensated for all work performed either at regular or premium overtime rates for such work.

5.    Plaintiffs understand that defendants paid individuals who performed work as a Loan Officer or its functional equivalent on an hourly basis. However, to the degree an individual performed some work in a week as a Loan Officer or its functional equivalent and was paid on a salaried basis for work that week, those individuals form a separate subclass of Loan Officers misclassified as exempt from the FLSA and relevant law.

6.    The class size is believed to be over 50 employees.

7.    The named plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

8.    There are no known conflicts of interest between the named plaintiffs and the other class members.

9.    The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

10.    The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

11.    Common questions of law and fact predominate in this action because the claims of all class members are based on whether defendants' policy of not paying statutory overtime to exempt and/or nonexempt employees for all hours worked in excess of forty per week violates New York Labor Law and other state statutes requiring the payment of overtime.

12.    The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

### A.    Defendants

13.    Airlie Opportunity Master Fund, Ltd. is a Cayman Islands Limited Partnership with its headquarters in Greenwich, Connecticut.

14. ARH Mortgage Inc. is a Delaware corporation and the sole shareholder of United Financial.

15. WDM Fund L.P. is a Delaware limited partnership associated with Airlie Opportunity Master Fund, Ltd.

16. Steve Y. Khoshabe was the President and Chief Executive Officer of United Financial.

17. Joseph Khoshabe was the Chairman of the United Financial and was responsible for the commercial lending operations. Mr. Khoshabe previously served as the President and Chief Executive Officer.

18. Jason K. Schiffman was the Executive Vice President-Operations of United Financial.

19. Upon information and belief, defendants are an enterprise engaged in interstate commerce, with annual gross volume of sales made not less than $500,000.

20. Defendants are the employer of plaintiffs within the meaning of 29 U.S.C. § 203(d) and/or joint employers of the plaintiffs and comprise an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

21. Upon information and belief, the defendants are alter egos of each other and of United Financial.

22. Upon information and belief, defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman are employers of the plaintiffs.

**B.**   **Plaintiffs**

*Named Plaintiffs*

23. The named plaintiffs are former employees of defendants who were not fully

compensated for all work performed either at regular or premium overtime rates for such work.

### Class and Collective Action Members

24.    The class and collective action members ("Class Members") are those employees similarly situated to named plaintiffs as set forth above.

## FACTUAL BACKGROUND

25.    Defendants' policy and/or practice was not to pay employees for all hours employees worked.

26.    When employees did not receive compensation for hours in excess of 40 hours in a week, defendants violated the FLSA, applicable state labor laws and breached its contracts with plaintiffs.

27.    When employees did not receive compensation for any other hours, defendants violated applicable state labor laws and breached its contracts with plaintiffs.

28.    Named plaintiffs and Class Members frequently worked over 40 hours in a week while employed by defendants.

29.    Defendants' policy and/or practice was to not compensate named plaintiffs and Class Members for all work performed either at regular or premium overtime rates for such work.

30.    Defendants knew plaintiffs were supposed to be paid statutory overtime, however, defendants willfully failed to pay statutory overtime for all hours when named plaintiffs and Class Members worked over 40 hours in a week.

31.    Defendants also knew plaintiffs were supposed to be paid for all time worked, however, defendants willfully failed to pay for all hours worked.

32.    The defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements and state labor laws.

33.    This failure to pay for all time worked as required by the FLSA, the New York Labor Law and the various state laws was willful.

34.    Plaintiffs understand that they have signed arbitration agreements. However, it is not clear that defendants are subject to or have agreed to be bound by such agreements.

## FIRST CAUSE OF ACTION
### *FLSA*

35.    Plaintiffs reallege the above paragraphs as if fully restated herein.

36.    Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

## SECOND CAUSE OF ACTION
### *New York Labor Law*

37.    Plaintiffs reallege the above paragraphs as if fully restated herein.

38.    Defendants willfully violated their obligations under the New York Labor Law and are liable to plaintiffs.

## THIRD CAUSE OF ACTION
### *State Labor and Contract Laws*

39.    Plaintiffs reallege the above paragraphs as if fully restated herein.

40.    Defendants willfully violated their obligations under the laws of the various states in which United Financial does business and are liable to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a)    an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)    an award of the value of plaintiffs' unpaid wages, including fringe benefits;

(c)    liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs (plaintiffs who do not affirmatively opt-in the class expressly waive their rights to liquidated damages or any other statutory penalty provided under New York law);

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e)    an award of pre- and post-judgment interest; and

(f)    such other and further legal or equitable relief as this forum deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Dated: September 21, 2006

DOLIN, THOMAS & SOLOMON LLP

By: _____
J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

H:\McKenzie, B\Complaint - FLSA - Airlie.doc

EXHIBIT C





**United Financial
Mortgage Corp.**

### AGREEMENT TO ARBITRATE DISPUTES

As part of the terms and conditions of employment and interview process with the United
Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into
mandatory binding arbitration agreement and hereby agrees not to sue for any reason the
UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any
dispute arising from the interview process or employment by the UFMC.

Arbitration of disputes will be handled by either the American Arbitration Association or
Jams/ENDisputes.

FAHAD G. SIDDIQUI
Print Name

_____    2-2-04.
Signature    Date

815 Commerce Dr.; Suite 100 • Oak Brook, IL 60523 • (630) 571-7222 • (630) 571-2623 Fax

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, BRUCE
BERGERON TIMOTHY BOWEN,
PAM CAPUANO, ZANDRA CHATMAN,
ROBERT CRETELLA, KEVIN CROOKS,
CRYSTAL CUNNINGHAM, KAREN
DOMINGUEZ, STEVEN ESCHER, BETHANY
FAZILAT, ERIK GARCIA, IAN GOOLDY,
KATHLEEN JANNINCK, DAVID KEIM,
LINDA KOPMAN, BRIAN McKENZIE,
NAOMI MIRKIN, RONALD SANCHEZ,
ADAM SCHEMER, ALISON WASKIEWICZ,
SAMNANG WATERS, AND CHARLES YOUNG,
*on behalf of themselves and all other*
*employees similarly situated,*

                                    Plaintiffs

                    v.

AIRLIE OPPORTUNITY MASTER
FUND, LTD., ARH MORTGAGE
INC., WDM FUND, L.P., STEVE Y.
KHOSHABE, JOSEPH KHOSHABE,
AND JASON K. SCHIFFMAN,

                                    *Defendants.*

Civil Action
No. 06-CV-6473

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2007 I caused to be served Plaintiffs' Demand

for Arbitration attached hereto upon the following:

Richard C. Haddad, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
Attorneys for Corporate Defendants
230 Park Avenue
New York, New York
(212) 661-9100

Carolyn G. Nussbaum, Esq.
Nixon Peabody LLP
Attorneys for Corporation Defendants

- 2 -

Clinton Square
P.O. Box 30151
Rochester, New York 14603-1051
(585) 263-1558

Jill L. Yonkers
Hodgson Russ
One M & T Plaza, Suite 200
Buffalo, NY 14203

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

by causing the same to be placed in properly addressed, postage pre-paid packaging and delivered to Federal Express for overnight delivery.

Kimberly A. Glennon

# EXHIBIT 2



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

## Employment Arbitration Rules and Mediation Procedures

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
*There is no additional administrative fee for this service.*

| Name of Respondent | Name of Representative (if known) |
|---|---|
| Please see List of all Respondents and Counsel attached as Exhibit A | Please see attached Exhibit A. |

| Address: | Name of Firm (if applicable) |
|---|---|
|  | Representative's Address |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| Phone No. | Fax No. | Phone No. | Fax No. |
|---|---|---|---|
|  |  |  |  |

| Email Address: | Email Address: |
|---|---|
|  |  |

The named claimant, a party to an arbitration agreement dated February 2, 2004 _____, which provides for arbitration under the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association, hereby demands arbitration.

**THE NATURE OF THE DISPUTE**
Claimant's FLSA collective action claims as set forth in the Complaint attached hereto as Exhibit B.
Claimants cannot estimate a dollar amount of the claim. The damages Claimants' are seeking are set forth in the Complaint attached as Exhibit B.

| Dollar Amount of Claim  $ | Other Relief Sought:  ☒ Attorneys Fees    ☐ Interest |
|---|---|
|  | ☐ Arbitration Costs  ☐ Punitive/ Exemplary  ☐ Other ____ |

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $150.00

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Experience in Fair Labor Standards Act matters.

Hearing locale Rochester, New York _____ (check one) ☒ Requested by Claimant  ☐ Locale provision included in the contract

| Estimated time needed for hearings overall: | Claimant ☒ Employee ☐ Employer |
|---|---|
| _____ hours or ___ ~ 5 ___ days | Respondent ☐ Employee ☒ Employer |

Does this dispute arise out of an employment relationship? ☒ Yes ☐ No

What was/is the employee's annual wage range? Note: This question is required by California law.

☐ Less than $100,000    ☐ $100,000 – $250,000    ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one)  ☐ Atlanta, GA  ☐ Dallas, TX  ☐ East Providence, RI ☐ Fresno, CA  ☒ International Centre, NY, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within 15 days after notice from the AAA.

| Signature (may be signed by a representative) Date: | Name of Representative |
|---|---|
| *Michael Lingle*          Feb. 12, 2007 | J. Nelson Thomas, Esqs., Michael J. Lingle, Esq. |

| Name of Claimant | Name of Firm (if applicable) |
|---|---|
| Fahad Siddiqui, et al. and all others similarly sitauted | Dolin, Thomas & Solomon LLP |

| Address (to be used in connection with this case) | Representative's Address |
|---|---|
| Dolin, Thomas & Solomon, 693 East Avenue | 693 East Avenue |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Rochester | NY | 14607 | Rochester | NY | 14607 |

| Phone No. | Fax No. | Phone No. | Fax No. |
|---|---|---|---|
| (585) 272-0540 | (585) 272-0574 | (585) 272-0540 | (585) 272-0574 |

| Email Address: | Email Address: |
|---|---|
| nthomas@dts-esq.com, mlingle@dts-esq.com | nthomas@dts-esq.com, mlingle@dts-esq.com |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Customer Service can be reached at 800-778-7879

EXHIBIT A

# Demand for Arbitration before AAA

## List of Respondents and Respondents' Counsel:

Respondent: Airlie Opportunity Master Fund, LTD.
115 Putnam Avenue
Greenwich, Connecticut 06830

ARH Mortgage, Inc.
115 Putnam Avenue
Greenwich, Connecticut 06830

WDM Fund, L.P.
115 Putnam Avenue
Greenwich, Connecticut 06830

Counsel:       Richard C. Haddad, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, New York
(212) 661-9100

Carolyn G. Nussbaum, Esq.
Nixon Peabody LLP
Clinton Square
P.O. Box 30151
Rochester, New York 14603-1051
(585) 263-1558

Respondent:   Steve Y. Khoshabe
815 Commerce Drive, Suite 100
Oak Brook, Illinois 60523

Joseph Khoshabe
815 Commerce Drive, Suite 100
Oak Brook, Illinois 60523

Jason K. Schiffman
1029 119th Street
Lemont, Illinois 60439

Counsel:      Jill L. Yonkers
Hodgson Russ LLP
One M & T Plaza
Suite 200
Buffalo, New York 14203
(716) 856-4000

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, BRUCE
BERGERON TIMOTHY BOWEN,
PAM CAPUANO, ZANDRA CHATMAN,
ROBERT CRETELLA, KEVIN CROOKS,
CRYSTAL CUNNINGHAM, KAREN
DOMINGUEZ, STEVEN ESCHER, BETHANY
FAZILAT, ERIK GARCIA, IAN GOOLDY,
KATHLEEN JANNINCK, DAVID KEIM,
LINDA KOPMAN, BRIAN MCKENZIE,
NAOMI MIRKIN, RONALD SANCHEZ,
ADAM SCHEMER, ALISON WASKIEWICZ,
SAMNANG WATERS, AND CHARLES YOUNG,
*on behalf of themselves and all other
employees similarly situated,*

                                        *Plaintiffs,*

                v.

AIRLIE OPPORTUNITY MASTER
FUND, LTD., ARH MORTGAGE
INC., WDM FUND, L.P., STEVE Y.
KHOSHABE, JOSEPH KHOSHABE,
AND JASON K. SCHIFFMAN,

                                        *Defendants.*

CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

Civil Action

NO. 06  CV  6473 (P)

ORIGINAL
RECEIVED AND FILED
USDC WDNY ROCH

SEP 21 2006

BY: _____

## NATURE OF CLAIM

1.     This is a proceeding for declaratory relief and monetary damages to redress the

deprivation of rights secured to plaintiffs Fahad Siddiqui, Bruce Bergeron, Timothy Bowen,

Pam Capuano, Zandra Chatman, Robert Cretealla, Kevin Crooks, Crystal Cunningham,

Karen Dominguez, Steven Escher, Bethany Fazilat, Erik Garcia, Ian Gooldy, Kathleen

Janninck, David Keim, Linda Kopman, Brian McKenzie, Naomi Mirkin, Ronald Sanchez,

Adam Schemer, Alison Waskiewicz, Samnang Waters and Charles Young individually, as well

as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); the New York State Labor Law; and the laws of the various States in which defendant does business.

## CLASS ACTION ALLEGATIONS

2.    The claims arising under New York State Labor Law, other state labor laws and state contract laws are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

3.    The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

4.    The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of:

(i)    individuals who currently and formerly were suffered or permitted to work for defendants or its subsidiaries or divisions or other joint employers, including United Financial Mortgage Company ("United Financial");

(ii)    anytime during the last six years;

(iii)    who were paid on an hourly basis; and

(iv)    who were not fully compensated for all work performed either at regular or premium overtime rates for such work.

5.    Plaintiffs understand that defendants paid individuals who performed work as a Loan Officer or its functional equivalent on an hourly basis.  However, to the degree an individual performed some work in a week as a Loan Officer or its functional equivalent and was paid on a salaried basis for work that week, those individuals form a separate subclass of Loan Officers misclassified as exempt from the FLSA and relevant law.

6.    The class size is believed to be over 50 employees.

- 2 -

7.    The named plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

8.    There are no known conflicts of interest between the named plaintiffs and the other class members.

9.    The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

10.    The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

11.    Common questions of law and fact predominate in this action because the claims of all class members are based on whether defendants' policy of not paying statutory overtime to exempt and/or nonexempt employees for all hours worked in excess of forty per week violates New York Labor Law and other state statutes requiring the payment of overtime.

12.    The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

**A.    Defendants**

13.    Airlie Opportunity Master Fund, Ltd. is a Cayman Islands Limited Partnership with its headquarters in Greenwich, Connecticut.

14.    ARH Mortgage Inc. is a Delaware corporation and the sole shareholder of United Financial.

15.    WDM Fund L.P. is a Delaware limited partnership associated with Airlie Opportunity Master Fund, Ltd.

16.    Steve Y. Khoshabe was the President and Chief Executive Officer of United Financial.

17.    Joseph Khoshabe was the Chairman of the United Financial and was responsible for the commercial lending operations.  Mr. Khoshabe previously served as the President and Chief Executive Officer.

18.    Jason K. Schiffman was the Executive Vice President-Operations of United Financial.

19.    Upon information and belief, defendants are an enterprise engaged in interstate commerce, with annual gross volume of sales made not less than $500,000.

20.    Defendants are the employer of plaintiffs within the meaning of 29 U.S.C. § 203(d) and/or joint employers of the plaintiffs and comprise an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

21.    Upon information and belief, the defendants are alter egos of each other and of United Financial.

22.    Upon information and belief, defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman are employers of the plaintiffs.

B.    Plaintiffs

*Named Plaintiffs*

23.    The named plaintiffs are former employees of defendants who were not fully

- 4 -

compensated for all work performed either at regular or premium overtime rates for such work.

### Class and Collective Action Members

24.     The class and collective action members ("Class Members") are those employees similarly situated to named plaintiffs as set forth above.

## FACTUAL BACKGROUND

25.     Defendants' policy and/or practice was not to pay employees for all hours employees worked.

26.     When employees did not receive compensation for hours in excess of 40 hours in a week, defendants violated the FLSA, applicable state labor laws and breached its contracts with plaintiffs.

27.     When employees did not receive compensation for any other hours, defendants violated applicable state labor laws and breached its contracts with plaintiffs.

28.     Named plaintiffs and Class Members frequently worked over 40 hours in a week while employed by defendants.

29.     Defendants' policy and/or practice was to not compensate named plaintiffs and Class Members for all work performed either at regular or premium overtime rates for such work.

30.     Defendants knew plaintiffs were supposed to be paid statutory overtime, however, defendants willfully failed to pay statutory overtime for all hours when named plaintiffs and Class Members worked over 40 hours in a week.

31.     Defendants also knew plaintiffs were supposed to be paid for all time worked, however, defendants willfully failed to pay for all hours worked.

- 5 -

32.     The defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements and state labor laws.

33.     This failure to pay for all time worked as required by the FLSA, the New York Labor Law and the various state laws was willful.

34.     Plaintiffs understand that they have signed arbitration agreements.  However, it is not clear that defendants are subject to or have agreed to be bound by such agreements.

### FIRST CAUSE OF ACTION
#### *FLSA*

35.     Plaintiffs reallege the above paragraphs as if fully restated herein.

36.     Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

### SECOND CAUSE OF ACTION
#### *New York Labor Law*

37.     Plaintiffs reallege the above paragraphs as if fully restated herein.

38.     Defendants willfully violated their obligations under the New York Labor Law and are liable to plaintiffs.

### THIRD CAUSE OF ACTION
#### *State Labor and Contract Laws*

39.     Plaintiffs reallege the above paragraphs as if fully restated herein.

40.     Defendants willfully violated their obligations under the laws of the various states in which United Financial does business and are liable to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a)    an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)    an award of the value of plaintiffs' unpaid wages, including fringe benefits;

(c)    liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs (plaintiffs who do not affirmatively opt-in the class expressly waive their rights to liquidated damages or any other statutory penalty provided under New York law);

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e)    an award of pre- and post-judgment interest; and

(f)    such other and further legal or equitable relief as this forum deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Dated: September 21, 2006

DOLIN, THOMAS & SOLOMON LLP

By: _____
J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

H:\McKenzie, B\Complaint - FLSA - Airlie.doc

EXHIBIT C



**United Financial
Mortgage Corp.**

### AGREEMENT TO ARBITRATE DISPUTES

As part of the terms and conditions of employment and interview process with the United Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into mandatory binding arbitration agreement and hereby agrees not to sue for any reason the UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any dispute arising from the interview process or employment by the UFMC.

Arbitration of disputes will be handled by either the American Arbitration Association or Jams/ENDiputes.

FAHAD  G - SIDDIQUI
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Print Name

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾        2-2-04
Signature                          Date

815 Commerce Dr.: Suite 100 • Oak Brook. IL 60523 • (630) 571-7222 • (630) 571-2623 Fax

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, BRUCE
BERGERON TIMOTHY BOWEN,
PAM CAPUANO, ZANDRA CHATMAN,
ROBERT CRETELLA, KEVIN CROOKS,
CRYSTAL CUNNINGHAM, KAREN
DOMINGUEZ, STEVEN ESCHER, BETHANY
FAZILAT, ERIK GARCIA, IAN GOOLDY,
KATHLEEN JANNINCK, DAVID KEIM,
LINDA KOPMAN, BRIAN McKENZIE,
NAOMI MIRKIN, RONALD SANCHEZ,
ADAM SCHEMER, ALISON WASKIEWICZ,
SAMNANG WATERS, AND CHARLES YOUNG,
*on behalf of themselves and all other*
*employees similarly situated,*

Civil Action
No. 06-CV-6473

*Plaintiffs*

v.

AIRLIE OPPORTUNITY MASTER
FUND, LTD., ARH MORTGAGE
INC., WDM FUND, L.P., STEVE Y.
KHOSHABE, JOSEPH KHOSHABE,
AND JASON K. SCHIFFMAN,

*Defendants.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2007 I caused to be served Plaintiffs' Demand

for Arbitration attached hereto upon the following:

Richard C. Haddad, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
Attorneys for Corporate Defendants
230 Park Avenue
New York, New York
(212) 661-9100

Carolyn G. Nussbaum, Esq.
Nixon Peabody LLP
Attorneys for Corporation Defendants

H:\McKenzie, B\Siddiqui-Arbitration\Certificate of Service 2-12-07.doc

- 2 -

Clinton Square
P.O. Box 30151
Rochester, New York 14603-1051
(585) 263-1558

Jill L. Yonkers
Hodgson Russ
One M & T Plaza, Suite 200
Buffalo, NY 14203

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

by causing the same to be placed in properly addressed, postage pre-paid packaging and delivered to Federal Express for overnight delivery.

Kimberly A. Glennon

EXHIBIT 3

DEF 14A 1 v023619_def14a.htm

SCHEDULE 14A
(Rule 14a-101)

INFORMATION REQUIRED IN PROXY STATEMENT

SCHEDULE 14A INFORMATION

Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934

Filed by Registrant ☒
Filed by a Party other than the Registrant ☐
Check the appropriate box:
☐ Preliminary Proxy Statement
☐ Confidential, for Use of the Commission Only (as permitted by Rule 14a-6(e) (2))
☒ Definitive Proxy Statement
☐ Definitive Additional Materials
☐ Soliciting Material Pursuant to Rule 14a-11(c) or Rule 14a-12

(Name of Registrant as Specified In Its Charter)

# UNITED FINANCIAL MORTGAGE CORP.

(Name of Person(s) Filing Proxy Statement, If Other Than the Registrant)

Payment of Filing Fee (Check the appropriate box):
☒  No fee required.
☐  Fee computed on table below per Exchange Act Rules 14a-6(i)(1) and 0-11.

(1) Title of each class of securities to which transaction applies:

(2) Aggregate numer of securities to which transactions applies:

(3) Per unit price or other underlying value of transaction computed pursuant to Exchange Act Rule 0-11 (Set forth the amount on which the filing fee is calculated and state how it was determined):

(4) Proposed maximum aggregate value of transaction:

(5) Total Fee Paid

☐ Fee paid previously with preliminary materials.
☐ Check box if any part of the fee is offset as provided by Exchange Act Rule 0-11(a)(2) and identify the filing for which the offsetting fee was paid previously. Identify the previous filing by registration statement number, or the Form or Schedule and the date of its filing.

## SECURITY OWNERSHIP OF CERTAIN BENEFICIAL OWNERS AND MANAGEMENT

The table below sets forth information, to the knowledge of the Board of Directors, as of July 31, 2005, regarding share ownership of (i) those persons or entities known by the Company to beneficially own more than five percent of the Company's Common Stock; (ii) each director and each executive officer named in the summary compensation table; and (iii) all directors and executive officers as a group.

| Name and Address of Beneficial Owner | Shares Beneficially Owned (1) | |
|---|---|---|
| | Number | Percent |
| Joseph Khoshabe (2)(3) | 2,257,961 | 36.38% |
| Steve Y. Khoshabe (2) | 137,900 | 2.22% |
| Robert L. Hiatt (2) | 4,800 | * |
| Michael A. Kraft (2)(4) | 9,060 | * |
| Jason K. Schiffman (2)(5) | 24,720 | * |
| Christian P. Kloster (2)(6) | 27,130 | * |
| John A. Clark (2)(7) | 90,000 | 1.45% |
| Robert S. Luce (2)(8) | 16,100 | * |
| Elliot R. Jacobs (2) | 25,000 | * |
| James R. Zuhlke (2) | 21,000 | * |
| Anthony W. Schweiger | 9,000 | * |
| All directors and executive officers as a group (11 persons) | 2,622,671 | 42.32% |
| Laurence B. Woznicki<br>1336 West George Street<br>Chicago, Illinois 60657 | 374,870 | 6.04% |

---

\* Less than 1%

(1) Calculated pursuant to Rule 13d-3(d) under the Securities Exchange Act of 1934. Unless otherwise stated in these notes, each person has sole voting and investment power with respect to all such shares. Under Rule 13d-3(d), shares not outstanding which are subject to options exercisable within 60 days are deemed outstanding for the purpose of computing the number and percentage owned by such person, but are not deemed outstanding for the purpose of computing the percentage owned by each other person listed. The following persons have the right to acquire within 60 days the following number of shares of the Company's Common Stock upon the exercise of stock options: Mr. Joseph Khoshabe - 28,000; Mr. Steve Khoshabe - 91,200; Mr. Hiatt - 4,800; Mr. Schiffman - 10,200; Mr. Kraft - 7,200; Mr. Kloster - 26,100; Mr. Clark - 9,000; Mr. Luce - 16,000; Mr. Jacobs - 16,000; Mr. Zuhlke - 12,000: Mr. Schweiger - 4,000.

(2) Each of the officers and directors may be contacted through the Company's offices located at 815 Commerce Drive, Oak Brook, Illinois 60523.

(3) Includes 2,225,961 shares held by The Joseph Khoshabe Trust, under Trust Agreement dated September 22, 1995, referred to as the J. K. Trust, of which Mr. Joseph Khoshabe, the Company's Chairman, is trustee. Mr. Joseph Khoshabe originally purchased the shares and then had them registered in the name of the J. K. Trust for estate planning purposes.

(4) Includes 10 shares held by Mr. Kraft's spouse and 40 shares held by Mr. Kraft's children.

(5)  Includes 70 shares held by members of Mr. Schiffman's family.

(6)  Includes 10 shares held by Mr. Kloster's spouse and 10 shares held by Mr. Kloster's child.

(7)  Includes 77,000 shares held by the Rosalie E. Clark Trust under trust agreement dated October 22, 1990, as amended on May 9, 1997.

(8)  Includes 100 shares held by Mr. Luce's spouse.

9

EXHIBIT 4

DEF 14A 1 v023619_def14a.htm

SCHEDULE 14A
(Rule 14a-101)

INFORMATION REQUIRED IN PROXY STATEMENT

SCHEDULE 14A INFORMATION

Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934

Filed by Registrant ☒
Filed by a Party other than the Registrant ☐
Check the appropriate box:
☐ Preliminary Proxy Statement
☐ Confidential, for Use of the Commission Only (as permitted by Rule 14a-6(e) (2))
☒ Definitive Proxy Statement
☐ Definitive Additional Materials
☐ Soliciting Material Pursuant to Rule 14a-11(c) or Rule 14a-12

(Name of Registrant as Specified In Its Charter)

# UNITED FINANCIAL MORTGAGE CORP.

(Name of Person(s) Filing Proxy Statement, If Other Than the Registrant)

Payment of Filing Fee (Check the appropriate box):
☒ No fee required.
☐ Fee computed on table below per Exchange Act Rules 14a-6(i)(1) and 0-11.

(1) Title of each class of securities to which transaction applies:

(2) Aggregate numer of securities to which transactions applies:

(3) Per unit price or other underlying value of transaction computed pursuant to Exchange Act Rule 0-11 (Set forth the amount on which the filing fee is calculated and state how it was determined):

(4) Proposed maximum aggregate value of transaction:

(5) Total Fee Paid

☐ Fee paid previously with preliminary materials.
☐ Check box if any part of the fee is offset as provided by Exchange Act Rule 0-11(a)(2) and identify the filing for which the offsetting fee was paid previously. Identify the previous filing by registration statement number, or the Form or Schedule and the date of its filing.

## EXECUTIVE COMPENSATION

Presented below is a Summary Compensation Table that sets forth the remuneration of the Company's chief executive officer and the four most highly compensated executive officers of the Company whose salary and bonus exceeded $100,000 during the fiscal year ended April 30, 2005:

### Summary Compensation Table

| Name and Principal Position | Fiscal Year | Annual Compensation | | Other Compensation (1)(2) | Long Term Compensation | |
| | | Salary | Bonus | | Securities Underlying Options (#) | Restricted Stock Awards ($)(7) |
|---|---|---|---|---|---|---|
| Joseph Khoshabe, Chairman | 2005 | $ 450,000 $ | — $ | 21,372(3) | 10,000(4) | — |
| | 2004 | 441,667 | — | 15,108(3) | 10,000(4) | — |
| | 2003 | 250,000 | 546,054 | 8,401 | 25,000(4) | — |
| Steve Y. Khoshabe, President and Chief Executive Officer | 2005 | $ 250,000 $ | — $ | 21,040(3) | 10,000(4)$ | 50,000 |
| | 2004 | 250,000 | 175,000 | 10,003 | 33,000 | — |
| | 2003 | 165,000 | 465,792 | 3,664 | 90,000 | — |
| Robert L. Hiatt, Executive Vice President & Chief Financial Officer (5) | 2005 | $ 125,000 $ | 24,255 $ | 2,334 | 9,000 | — |
| | 2004 | 88,542 | 36,110 | 240 | 3,000 | — |
| | 2003 | — | — | — | — | — |
| Michael A. Kraft, Executive Vice President & Corporate Counsel | 2005 | $ 135,000 $ | 11,011 $ | 12,222 | 15,000 | — |
| | 2004 | 135,000 | 12,447 | 10,003 | 3,000 | — |
| | 2003 | 135,000 | 5,000 | 12,977 | 3,000 | — |
| Jason K. Schiffman, Executive Vice President- Operations | 2005 | $ 125,000 $ | 16,405 $ | 8,436(6) | 9,000 | — |
| | 2004 | 122,292 | 51,110 | 13,778(6) | 15,000 | — |
| | 2003 | 60,000 | 61,216 | 1,871 | 16,000 | — |
| Christian P. Kloster, Executive Vice President - Secondary Marketing | 2005 | $ 60,000 $ | 105,505 $ | 8,964(6) | 9,000 | — |
| | 2004 | 60,000 | 96,302 | 6,518(6) | 15,000 | — |
| | 2003 | 60,000 | 61,216 | 3,038 | 22,500 | — |

(1) Includes annual health insurance premiums paid for the named executive officers and their dependents.

(2) Does not include annual car allowances payable as follows for each of the 2005, 2004 and 2003 fiscal years: Mr. Joseph Khoshabe - $25,000; Mr. Steve Khoshabe - $12,000; Mr. Schiffman - $5,000; Mr. Kloster - $5,000. Does not include annual car allowance of $5,000 for 2005 or $3,750 for 2004 for Mr. Hiatt.

(3) For Mr. Joseph Khoshabe this amount includes compensation of $13,500 and $8,500 as a member of the Board of Directors for 2005 and 2004, respectively. For Mr. Steve Khoshabe, this amount includes $9,500, of compensation as a member of the Board of Directors for 2005.

10

**Fiscal Year End Option Values**

| Name | Number of Securities Underlying Unexercised Options At Fiscal Year-End (#) | | Value of Unexercised In-The-Money Options At Fiscal Year-End ($) | |
|---|---|---|---|---|
| | Exercisable | Unexercisable | Exercisable | Unexercisable |
| Joseph Khoshabe | 25,000 | 25,000 $ | 19,440 $ | 12,960 |
| Steve Y. Khoshabe | 85,200 | 67,800 | 133,400 | 69,800 |
| Robert L. Hiatt | 3,000 | 9,000 | — | — |
| Michael A. Kraft | 6,000 | 15,000 | 2,916 | 1,944 |
| Jason K. Schiffman | 19,800 | 23,200 | 22,440 | 12,090 |
| Christian P. Kloster | 23,700 | 25,800 | 28,758 | 16,302 |

**Stock Incentive Plan**

On September 8, 2004, the shareholders of the Company approved the United Financial Mortgage 2004 Stock Incentive Plan (the "2004 Plan"). The 2004 Plan provides for the grant of options, stock appreciation rights, restricted stock, restricted stock units, performance shares and other stock based awards (each, an "award"), any of which may or may not require the satisfaction of performance objectives, to employees, officers, directors, consultants and advisors of the Company and its subsidiaries. The 2004 Plan is administered by the Compensation and Human Resources Committee of the Board of Directors, which has discretion to select the participants and to establish the terms and conditions of each award, subject to the provisions of the 2004 Plan. A total of 400,000 shares of the Company's Common Stock were reserved for issuance under the 2004 Plan. Under this plan non-qualified stock options for 142,750 shares have been granted to employees and directors at a weighted average exercise price of $4.97 per shares, of which 141,500 remain outstanding as of April 30, 2005. In addition, 10,000 shares of restricted stock were issued and outstanding under the plan as of April 30, 2005.

**Stock Option Plan**

The Company maintained a Non-qualified and Incentive Stock Option Plan, which provided for the grant of non-qualified stock options and incentive stock options. This plan expired in December 2003. Under the plan, 500,000 shares of Common Stock were reserved for issuance. Each option granted under the plan vests as specified by the Company's Board of Directors and has a term of not more than ten years. The exercise price of options granted is at least equal to market value on the date of grant. The plan also contained customary change in control provisions pursuant to which the holders of options may have the ability to exercise their options prior to the change in control regardless of vesting limitations. Under this plan, non-qualified stock options for 370,900 shares have been granted to employees and directors at a weighted average exercise price of $3.90 per share.

**401(k) Plan**

The Company sponsors a 401(k) defined contribution profit sharing plan, which covers substantially all employees that have attained the age of 18. Employee contributions are limited to the maximum contributions allowed by the Internal Revenue Service. The plan allows for the Company to make matching contributions of up to 15% of employee compensation. There was no employer matching contribution in the 2005 or 2004 fiscal years by the Company under the 401(k) plan sponsored by the Company.

(4) 2005, 2004 and 2003 option grants include 10,000, 10,000 and 5,000 options, respectively, granted to Mr. Joesph Khoshabe as a member of the Company's Board of Directors and 2005 option grants include 10,000 options granted to Mr. Steve Khoshabe as a member of the Company's Board of Directors.

(5) Mr. Hiatt was hired August 18, 2003.

(6) Includes commissions received related to loans originated by the executive officers.

(7) Includes 10,000 shares of restricted stock issued during fiscal year end April 30, 2005. All issued restricted stock awards aggregate 10,000 shares valued at fiscal year end price of $43,200. These shares have the same rights to receive dividends as all other common shares.

### Option Grants in Last Fiscal Year

| Name | Options Granted (#) | % of Total Options Granted to Employees in Fiscal Year(1) | Exercise or Base Price ($/Share) | Expiration Date |
|---|---|---|---|---|
| Joseph Khoshabe (2) | — | —% $ | — | — |
| Steve Y. Khoshabe (2) | — | — | — | — |
| Robert L. Hiatt | 9,000 | 12.6 | 4.74 | 09/23/2009 |
| Michael A. Kraft | 15,000 | 21.0 | 4.74 | 09/23/2009 |
| Jason K. Schiffman | 9,000 | 12.6 | 4.74 | 09/23/2009 |
| Christian P. Kloster | 9,000 | 12.6 | 4.74 | 09/23/2009 |

(1) Excludes 50,000 options granted in aggregate to the members (10,000 each) of the Company's Board of Directors at an exercise price of $5.20.

(2) Excludes 10,000 options granted to each of Messrs. Joseph Khoshabe and Steve Khoshabe as members of the Company's Board of Directors at an exercise price of $5.20.

No options were exercised by any of the named executive officers during the fiscal year ended April 30, 2005.

## Fiscal Year End Option Values

| Name | Number of Securities Underlying Unexercised Options At Fiscal Year-End (#) | | Value of Unexercised In-The-Money Options At Fiscal Year-End ($) | |
|---|---|---|---|---|
| | Exercisable | Unexercisable | Exercisable | Unexercisable |
| Joseph Khoshabe | 25,000 | 25,000 | $ 19,440 | $ 12,960 |
| Steve Y. Khoshabe | 85,200 | 67,800 | 133,400 | 69,800 |
| Robert L. Hiatt | 3,000 | 9,000 | — | — |
| Michael A. Kraft | 6,000 | 15,000 | 2,916 | 1,944 |
| Jason K. Schiffman | 19,800 | 23,200 | 22,440 | 12,090 |
| Christian P. Kloster | 23,700 | 25,800 | 28,758 | 16,302 |

### Stock Incentive Plan

On September 8, 2004, the shareholders of the Company approved the United Financial Mortgage 2004 Stock Incentive Plan (the "2004 Plan"). The 2004 Plan provides for the grant of options, stock appreciation rights, restricted stock, restricted stock units, performance shares and other stock based awards (each, an "award"), any of which may or may not require the satisfaction of performance objectives, to employees, officers, directors, consultants and advisors of the Company and its subsidiaries. The 2004 Plan is administered by the Compensation and Human Resources Committee of the Board of Directors, which has discretion to select the participants and to establish the terms and conditions of each award, subject to the provisions of the 2004 Plan. A total of 400,000 shares of the Company's Common Stock were reserved for issuance under the 2004 Plan. Under this plan non-qualified stock options for 142,750 shares have been granted to employees and directors at a weighted average exercise price of $4.97 per shares, of which 141,500 remain outstanding as of April 30, 2005. In addition, 10,000 shares of restricted stock were issued and outstanding under the plan as of April 30, 2005.

### Stock Option Plan

The Company maintained a Non-qualified and Incentive Stock Option Plan, which provided for the grant of non-qualified stock options and incentive stock options. This plan expired in December 2003. Under the plan, 500,000 shares of Common Stock were reserved for issuance. Each option granted under the plan vests as specified by the Company's Board of Directors and has a term of not more than ten years. The exercise price of options granted is at least equal to market value on the date of grant. The plan also contained customary change in control provisions pursuant to which the holders of options may have the ability to exercise their options prior to the change in control regardless of vesting limitations. Under this plan, non-qualified stock options for 370,900 shares have been granted to employees and directors at a weighted average exercise price of $3.90 per share.

### 401(k) Plan

The Company sponsors a 401(k) defined contribution profit sharing plan, which covers substantially all employees that have attained the age of 18. Employee contributions are limited to the maximum contributions allowed by the Internal Revenue Service. The plan allows for the Company to make matching contributions of up to 15% of employee compensation. There was no employer matching contribution in the 2005 or 2004 fiscal years by the Company under the 401(k) plan sponsored by the Company.