UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FAHAD SIDDIQUI, et al.

            Plaintiffs,

-against-

AIRLIE OPPORTUNITY MASTER FUND,
LTD., ARH MORTGAGE INC., WDM FUND,
L.P., STEVE Y. KHOSHABE, JOSEPH
KHOSHABE and JASON K. SCHIFFMAN,

            Defendants.

---

Civil Action No. 06-CV-6473 L (P)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IN OPPOSITION TO PLAINTIFFS' CROSS MOTION TO COMPEL ARBITRATION

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-3898
(212) 545-4000

JILL YONKERS
HODGSON RUSS LLP
One M& T Plaza, Suite 2000
Buffalo, New York 14203-2391
(716) 856-4000

ATTORNEYS FOR
INDIVIDUAL DEFENDANTS

Diane Windholz
Peter C. Moskowitz

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii-iii

PRELIMINARY STATEMENT ................................................................................................ 1

I. THE INDIVIDUAL DEFENDANTS ARE NOT SUBJECT TO PERSONAL
JURISDICTION IN NEW YORK................................................................................................ 1

    A.   Neither Specific Nor General Personal Jurisdiction Exist Over The Individual
Defendants In New York. ................................................................................................ 2

    B.   Jurisdictional Discovery Should Be Denied. ................................................................ 6

II. PLAINTIFFS' MOTION TO COMPEL ARBITRATION SHOULD BE DISMISSED
OR, IN THE ALTERNATIVE, DENIED ................................................................................ 7

    A.   Because This Court Does Not Have Personal Jurisdiction Over The Individual
Defendants, It Does Not Have The Authority To Reach The Merits On Plaintiff's
Cross Motion To Compel Arbitration........................................................................... 7

    B.   The Individual Defendants Are Not Bound By The Arbitration Agreement................. 7

CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

Appalachian Enters., Inc. v. EPayment Solutions Ltd.,
  01 Civ. 11502, 2004 U.S. Dist. LEXIS 24657 (S.D.N.Y. Dec. 8, 2004)...............................1, 4

Beatie v. Patriot Scientific Corp.,
  431 F. Supp. 2d 367 (S.D.N.Y. 2006) ....................................................................................4

Copper v. Parsky,
  140 F.3d 433 (2d Cir. 1998) ...................................................................................................1

GTE New Media Services Inc. v. Bellsouth Corp.,
  199 F.3d 1343 (D.C. Cir. 2000) .............................................................................................6

Karabu Corp. v. Gitner,
  16 F. Supp. 2d 319 (S.D.N.Y. 1998) ...............................................................................3, 4, 6

Kruse v. Aflac International,
  458 Supp. 2d 375, 383 (E.D. Ky. 2006) ................................................................................9

Kulko v. Superior Court,
  436 U.S. 84.............................................................................................................................5

Merrill Lynch, Pierce, Fenner & Smith Inc. v. Anastasios Allexiou,
  397 F. Supp. 1292 (S.D.N.Y. 1975) ......................................................................................7

Ontel Products, Inc. v. Project Strategies Corp.,
  899 F. Supp. 1144 (S.D.N.Y. 1995) ......................................................................................3

Oppenheimer Fund, Inc. v. Sanders,
  437 U.S. 340 (1978)................................................................................................................6

Rajjak v. McFrank & Williams,
  01 Civ. 0493, 2001 WL 799766 (S.D.N.Y. Jul. 13, 2001)....................................................9

Star Office Supply Co. v. Gottlieb,
  82 Civ. 923, 1983 U.S. Dist. LEXIS 19650 (S.D.N.Y Jan. 31, 1983) ...............................7, 8

Westvaco Corp. v. Viva Magnetics Ltd.,
  00 Civ. 9399, 2002 WL 1933756 (S.D.N.Y. Aug. 20, 2002) .................................................6

## STATE CASES

**Page**

Carney v. Valor Heating Ltd.,
    87 A.D.2d 977 (4th Dep't 1982) ..............................................................................6

God's Battalion of Prayer Pentecostal Church, Inc. v. Miele Associate, LLP,
    6 N.Y.3d 371, 845 N.E.2d 1265, 812 N.Y.S.2d 435 (2006) ....................................7

L & R Exploration Venture v. Grynberg,
    301 A.D.2d 385, 753 N.Y.S.2d 76 (1st Dep't 2003) ................................................7

## PRELIMINARY STATEMENT

Defendants Steve Y. Khoshabe, Joseph Khoshabe, and Jason K. Shiffman (the "Individual Defendants") submit this Reply Memorandum of Law in further support of their Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and in Opposition to Plaintiffs' Cross Motion to Compel Arbitration.  As discussed below, Plaintiffs have not met their burden of establishing that this Court has personal jurisdiction over the Individual Defendants because no facts have been submitted by Plaintiffs which evidence that long-arm jurisdiction under C.P.L.R. 302 or general jurisdiction under C.P.L.R. 301 is present.

In addition, since this Court does not have personal jurisdiction over the Individual Defendants, it does not have the authority to determine whether the Individual Defendants can be compelled to arbitrate this dispute.  Further, even if this Court had personal jurisdiction over the Individual Defendants, they cannot be compelled to arbitrate because they neither signed nor consented to be bound by the arbitration agreements at issue.

Accordingly, the Complaint should be dismissed as to the Individual Defendants.

## I.    THE INDIVIDUAL DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK.

There is no dispute that Plaintiffs bear the burden of establishing that this Court has personal jurisdiction over the Individual Defendants.  See Appalachian Enters., Inc. v. EPayment Solutions Ltd., 01 Civ 11502, 2004 U.S. Dist. LEXIS 24657, at *8-9 (S.D.N.Y. Dec. 8, 2004).[1]  Bald assertions and conclusions of law are not sufficient to support the exercise of jurisdiction over the Individual Defendants.  See, e.g., Copper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).  Rather, Plaintiffs must provide facts supporting their jurisdictional claims.  Id.  Here,

---

[1]    Copies of all unreported cases cited herein are attached as Exhibit "A."

1

Plaintiffs' Complaint is devoid of factual allegations supporting the exercise of jurisdiction by this Court over the Individual Defendants in New York.  Moreover, in their Opposition Memorandum, Plaintiffs have wholly failed to rebut any of the facts presented by the Individual Defendants in support of their motion to dismiss for lack of jurisdiction.

A.    **Neither Specific Nor General Personal Jurisdiction Exist Over The Individual Defendants In New York.**

Dispositively, Plaintiffs do not allege any contacts between the Individual Defendants and New York.  Instead, their argument that this Court has personal jurisdiction over the Individual Defendants is based entirely on their allegation that the Individual Defendants are employers as defined by the Fair Labor Standards Act ("FLSA").  Without any support, Plaintiffs argue that because they have alleged that the Individual Defendants are potentially subject to liability as "employers" under the FLSA this Court has jurisdiction over them on the basis of contacts the corporation they worked for, United Financial Mortgage ("UFMC"), had with New York.  Specifically, Plaintiffs erroneously assert that this Court has long arm jurisdiction over the individual defendants by virtue of the fact that they "exercised operational management over [UFMC]" and UFMC did business in New York.  (Opp. Mem. p. 6). [2]

Not only do Plaintiffs fail to cite a single case supporting their expansive view of personal jurisdiction against corporate officers in FLSA claims, but their argument is belied by the language of the FLSA which does not provide for nation-wide service of process.  (See Moving Brief at p. 6).  Indeed, the cases cited by Plaintiffs fall into two irrelevant categories. The first group of cases stand for the undisputed general proposition that New York courts can

---

[2]       References to "Opp. Mem." are to Plaintiffs' Memorandum of Law in Support of Cross Motion to Compel Arbitration and in Opposition to Individual Defendants' Motion to Dismiss or Stay the Claims.  References to "Moving Brief" are to the Memorandum of Law of Individual Defendants in Support of Their Motion to Dismiss or in the Alternative to Stay the Claims Against Them.

assert personal jurisdiction over out of state defendants who have sufficient minimum contacts with New York. None of these cases, however, even involve an FLSA claim and the majority of them involve only corporate defendants who, unlike the Individual Defendants here, did business in New York. (See cases cited in Plaintiffs' Opp. Mem. at p. 5). Similarly, the second group of cases relied upon by Plaintiffs stand for the undisputed general proposition that an individual can be held liable under the FLSA. None of these cases address the issue of personal jurisdiction, let alone hold that personal jurisdiction can be asserted over a corporate officer anywhere his employer does business based solely on the allegation that the officer is an "employer" under the FLSA. (See cases cited in Plaintiffs' Opp. Mem. at p. 6).

As detailed in the Individual Defendants' Moving Brief at 8-10, Plaintiffs' theory of personal jurisdiction fail to meet the requirements of New York's long arm statute. Indeed, in Ontel Prods., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1149 (S.D.N.Y. 1995), a case with an analogous fact pattern, this Court granted the non-resident President and sole shareholder defendant's motion to dismiss for lack of personal jurisdiction. The court in Ontel held, "[i]t is not enough that [defendant], as President of P.S.C., likely possessed authority to direct all the activities that gave rise to this suit. If that were the case, the President of every company would be subject to jurisdiction in New York based on activities with which he or she had no personal involvement and over which he or she exercised no decision making authority." 899 F. Supp. at 1149; see also Karabu Corp. v. Gitner, 16 F. Supp. 2d 319, 320, 325 (S.D.N.Y. 1998) (granting motion to dismiss by senior officers of a large national company who do not live, work or have personal dealings in New York on the basis that their corporate employer's activities in New York were not sufficient to confer jurisdiction on them).

3

Moreover, the law is well settled that long arm jurisdiction cannot be asserted over corporate officers unless the alleged corporate activities complained of were conducted for the benefit of the corporate officers. See, e.g., Beatie v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 390 (S.D.N.Y. 2006). Since, Plaintiffs do not even assert that the alleged wrongful conduct by UFMC was undertaken for the benefit of the Individual Defendants, there is no long arm jurisdiction over the Individual Defendants in this case.

Likewise, Plaintiffs' argument that there is general jurisdiction over the Individual Defendants pursuant to C.P.L.R. § 301 (the "doing business prong") is based on the same false premise. Personal jurisdiction cannot be asserted against a natural person under the "doing business" prong of the CPLR unless the "defendant conducted business in New York as an individual and not simply as a corporate officer." See Appalachian Enters, Inc., 2004 U.S. Dist. LEXIS 24657, at *9. Here, Plaintiffs have not presented any such evidence. They simply argue that it is "entirely possible" that the Individual Defendants have conducted personal business in New York. (Opp. Mem. at p. 7). The Individuals Defendants, however, have stated under oath that they do not conduct personal business in the state of New York. (See Declaration of Steve Y. Khoshabe ¶¶ 2-8, Declaration of Joseph Khoshabe ¶¶ 2-12, and Declaration of Jason K. Schiffman ¶¶ 2-8). Therefore, there is no basis for general jurisdiction. Since this Court does not have long arm or general personal jurisdiction over the Individual Defendants, this Court should dismiss the Complaint against them.

Finally, even if this Court were to find that the Individual Defendants' contacts with New York meet the minimum requirements of New York's long-arm statute, the exercise of personal jurisdiction against the Individual Defendants would violate due process. See Karabu, 16 F. Supp. 2d 319 at 325 ("[n]ot only would it be terribly unfair to hail out-of-state corporate

officers into a New York court without any good faith basis for doing so, it would also raise grave due process concerns") citing Kulko v. Superior Court, 436 U.S. 84, 92 ("an essential criterion [for exercising personal jurisdiction] in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State").

Specifically, as detailed in the Individual Defendants' Moving Brief at pp. 11-12, none of the five factors considered by Courts support a finding that exercising jurisdiction over the Individual Defendants would satisfy notions of fair play and substantive justice. First, it would be unduly burdensome to force the Individual Defendants, who all reside and work in Illinois, to defend these claims in New York. The fact that they have already been forced to retain counsel in New York is irrelevant and Plaintiffs' claim that they would only have to travel to New York several times is specious given the demands of class action litigation. Second, Plaintiffs concede that New York does not have a greater interest in this action than Illinois, UFMC's corporate headquarters, or any other state in which UFMC does business. Third, Plaintiffs do not dispute that they already have an arbitration pending in New York against UFMC (the "UFMC Arbitration") and could commence this putative class action against the Individual Defendants in Illinois. Fourth, the other Corporate Defendants also reside in Illinois and Plaintiffs could commence an action against them in Illinois instead of commencing arbitrations against them in New York.[3] Finally, Plaintiffs acknowledge that the shared interest

---

[3]     Plaintiffs misstate the sequence of events preceding their filing of this action. Plaintiffs initially filed the UFMC Arbitration. After that Arbitration was underway, Plaintiffs sought to add the Defendants in this action as parties in the UFMC Arbitration. Defendants did not consent to the joinder of the Individual Defendants and suggested that Plaintiffs make a motion to amend their arbitration pleading. Rather than file a motion to amend, Plaintiffs improperly commenced this action.

of the several states in furthering fundamental substantial social policies does not weigh in favor of New York over any other state.

### B.    Jurisdictional Discovery Should Be Denied.

Plaintiffs' request for permission to conduct discovery on jurisdictional issues should be denied.  A plaintiff simply cannot file a complaint lacking sufficient jurisdictional allegations and then attempt to cure this deficiency through jurisdictional discovery.  See Karabu, 16 F. Supp. 2d at 325 ("Plaintiffs try to save their Complaint by contending that information about defendants' participation in the underlying conduct is 'peculiarly within the knowledge of the defendants, and that plaintiffs, therefore, are entitled to take discovery of defendants before a 12(b)(2) motion can be considered [because] if that were the case, then a plaintiff could randomly sue any out-of-state corporate employee in New York and subject that individual to depositions and discovery in the hope that, even if the named defendant turned out not to be involved in the relevant conduct, he or she could point to other employees who were.").  The cases cited by Plaintiffs are readily distinguishable as none hold that a party is entitled to jurisdictional discovery where there are no facts suggesting that personal jurisdiction could be had.[4]

---

[4]      First, Plaintiffs cite to Oppenheimer Fund, Inc. v. Sanders, in which the Supreme Court considered whether to allow plaintiffs to conduct discovery that will facilitate the sending of notice to class members.  437 U.S. 340, 350 (1978). In its decision, the Supreme Court summarized the general scope of discovery and in doing so stated in dicta, in a footnote, that sometimes discovery is available to ascertain facts relevant to jurisdictional issues.  Id. at n.13.  The remaining cases cited by Plaintiffs stand for the general proposition that discovery may be permitted on jurisdictional issues when, unlike in this case, there is some indication that there is a basis for personal jurisdiction.  See GTE New Media Services Inc. v. Bellsouth Corp., 199 F.3d 1343, 1351 (D.C. Cir. 2000) ("if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified") (emphasis added) (out of jurisdiction case); Westvaco Corp. v. Viva Magnetics Ltd., 00 Civ. 9399, 2002 WL 1933756, at *4 (S.D.N.Y. Aug. 20, 2002) (allowing limited discovery on the issue of personal jurisdiction where it was unclear to the court the nature and extent of the defendant corporation's business dealings "that led to the presence of their accused products in New York"); Carney v. Valor Heating Ltd., 87 A.D.2d 977 (4th Dep't 1982) (permitting disclosures where there were contradicting affidavits pertaining to whether defendant corporation transacted business in the forum).

The facts of this case closely resemble those presented in <u>Karabu</u> and not the cases cited by Plaintiffs. In the instant case, as in <u>Karabu</u>, there are <u>no</u> allegations, let alone evidence, suggesting that this Court has personal jurisdiction over the Individual Defendants. Accordingly, jurisdictional discovery should not be permitted as it would amount to nothing more than an impermissible fishing expedition.

## II.     **PLAINTIFFS' MOTION TO COMPEL ARBITRATION SHOULD BE DISMISSED OR, IN THE ALTERNATIVE, DENIED.**

### A.     **Because This Court Does Not Have Personal Jurisdiction Over The Individual Defendants, It Does Not Have The Authority To Reach The Merits On Plaintiff's Cross Motion To Compel Arbitration.**

Since this Court lacks personal jurisdiction over the individual Defendants, this Court cannot decide whether the Individual Defendants should be compelled to arbitrate this dispute. <u>See</u> <u>L & R Exploration Venture v. Grynberg</u>, 301 A.D.2d 385, 386, 753 N.Y.S.2d 76 (1st Dep't 2003) ("Without personal jurisdiction over him the New York courts lack the power to decide the ultimate question of whether Mr. Grynberg, indisputably a resident of Colorado, should be compelled to arbitrate his dispute with petitioners."). Accordingly, because this Court should dismiss Plaintiffs' Complaint against the Individual Defendants for lack of personal jurisdiction, Plaintiffs' motion to compel arbitration is rendered moot and should be denied. <u>See</u> <u>id.</u>; <u>Merrill Lynch, Pierce, Fenner & Smith Inc. v. Anastasios Allexiou</u>, 397 F. Supp. 1292, 1292 (S.D.N.Y. 1975) (stating that since the court was dismissing the case for lack of personal jurisdiction, the court did not need to reach the merits of the cross-motion to compel arbitration).

### B.     **The Individual Defendants Are Not Bound By The Arbitration Agreement.**

The law in New York is well settled that "[a] party cannot be compelled to submit to arbitration unless he has clearly and unambiguously agreed to do so." <u>Star Office Supply Co. v. Gottlieb</u>, 82 Civ. 923, 1983 U.S. Dist. LEXIS 19650, at *3 (S.D.N.Y Jan. 31, 1983); <u>God's</u>

<u>Battalion of Prayer Pentecostal Church, Inc. v. Miele Assoc., LLP</u>, 6 N.Y.3d 371, 374, 845 N.E. 2d 1265, 812 N.Y.S. 2d 435 (2006). Moreover, officers of a company are not bound by arbitration agreements contained in agreements between the company and an employee of the company unless the officer indicates an intent to be bound by the arbitration agreement. <u>Star Office Supply</u>, 1983 U.S. Dist. LEXIS 19650, at *3.

The decision in <u>Star Office Supply</u> is directly on point. In that case, the defendant, Pinkwater, was an officer of the corporate defendant Star Office Supply. <u>Id.</u> The plaintiff had entered into an employment agreement with Star Office Supply containing an arbitration agreement. <u>Id.</u> The issue faced by the court in <u>Star Office Supply</u> is identical to the issue in the instant case- "At issue is whether Pinkwater's relationship with [plaintiff] via his position as an officer in Star Office . . . should dictate whether he is bound to arbitrate in an individual capacity against [plaintiff], based on an employment contract to which he is not a party." <u>Id.</u> Since the contract was not signed by Pinkwater individually and since it did not contain any indication that Pinkwater intended to be bound by the agreement in his individual capacity, the court granted Pinkwater's motion to stay arbitration. <u>Id.</u>

In this case, the Individual Defendants did <u>not</u> sign the arbitration agreement. Additionally, despite the language of the arbitration agreement drafted by UFMC (not the Individual Defendants) referencing corporate officers, there is <u>no</u> evidence that the Individual Defendants did anything to indicate that they intended to be bound by the arbitration agreement in their individual capacities. Therefore, under settled contract and arbitration principles and as held in <u>Star Office Supply</u>, the Individual Defendants are not bound in their individual capacities by arbitration agreements they neither signed nor consented to be bound by.

8

The cases cited by Plaintiffs to support their assertion that the arbitration agreements are broad enough to cover their claims against the Individual Defendants do not compel a different result. For example, in <u>Rajjak v. McFrank & Williams</u>, 01 Civ 0493, 2001 WL 799766 (S.D.N.Y. Jul. 13, 2001), the court merely analyzed whether the arbitration agreement at issue was broad enough to cover the type of dispute between the parties, <u>i.e.</u>, the plaintiff's discrimination claims. Since both parties in <u>Rajjak</u> had signed the arbitration agreement, the decision in that case has no relevance to the issue in this case - whether an arbitration agreement can be read to cover non-signatories who did not consent to it. The only other case cited by Plaintiffs is from outside this Circuit and addresses the flip side of the question before this Court. <u>See Kruse v. Aflac International</u>, 458 Supp. 2d 375, 383 (E.D. Ky. 2006). In <u>Kruse</u>, the District Court of Kentucky was faced with the question of whether non-signatories to an arbitration agreement can enforce the agreement against a signatory who agreed and intended to be bound by the clause. <u>Id.</u> The court did not address, let alone decide, the issue of whether a signatory to an arbitration agreement could force a non-signatory to arbitrate. <u>Id.</u> Therefore, this out of Circuit case is neither binding nor persuasive in this case. Instead, this Court, if it reaches the arbitrability issue, should follow relevant New York authority and hold that the Plaintiffs' cannot compel the non-signatory Individual Defendants to arbitrate.

## CONCLUSION

For the foregoing reasons and the reasons stated in their moving papers, the Individual Defendants respectfully request that the Court dismiss the claims against them for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), or, in the alternative, and only if the Court determines it has personal jurisdiction over them deny the Plaintiffs' Cross-Motion to Compel Arbitration and stay the claims against them pending the resolution of the UFMC Arbitration.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

By: _____
Diane Windholz (DW 9806)
Peter C. Moskowitz (PM 8845)

JILL YONKERS
HODGSON RUSS LLP
One M& T Plaza, Suite 2000
Buffalo, New York 14203-2391
(716) 856-4000

ATTORNEYS FOR DEFENDANTS
STEVE Y. KHOSHABE,
JOSPEH KHOSHABE, AND
JASON K. SHIFFMAN

Dated: March 21, 2007
     New York, New York

10

# EXHIBIT A

LEXSEE



Caution
As of: Mar 21, 2007

**APPALACHIAN ENTERPRISES, INC., Plaintiff, -against- EPAYMENT SOLUTIONS LTD., EPAYMENT SOLUTIONS INC., EPAYMENT SOLUTIONS AVV, E COMMERCE SERVICE UK, LTD., SMARTCARDE.COM, BANKKEY.COM, TONY BROWN, JERZY JAN KAMINSKI, SHAUN LACEY, ANDREW MARTIN DAVIES, VICKI SAYER, SIMONE DAY, ANTHONY MORRIS, JASON FIELD, KATE MARTIN, CARL BRISTOW, and KATRINA DAVIES, Defendants.**

**01 CV 11502(GBD)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**2004 U.S. Dist. LEXIS 24657**

**December 7, 2004, Decided
December 8, 2004, Filed**

**DISPOSITION:** [*1] Defendants's motion to dismiss complaint was granted.

**COUNSEL:** For Appalachian Enterprises, Inc., Plaintiff: Joel Robert Dichter, Klein, Zelman, Rothermel & Dichter LLP, New York, NY.

For ePayment Solutions Inc., ePayment Solutions AVV, Defendants: Marc S. Koplik, Marc S. Koplik & Associates, New York, NY.

**JUDGES:** GEORGE B. DANIELS, United States District Judge.

**OPINION BY:** GEORGE B. DANIELS

**OPINION:**

MEMORANDUM DECISION AND ORDER

GEORGE B. DANIELS, District Judge:

In an action based on diversity, plaintiff Appalachian Enterprises, Inc., a Delaware corporation, seeks monetary damages for, inter alia, fraudulent inducement and breach of contract. The complaint names seventeen defendants including both individual and corporate enti-

ties, as well as two websites. Defendants Jason Field, Kate Martin and E Commerce Service, UK, Ltd. ("E Commerce") are moving to dismiss the complaint on the grounds of lack of personal jurisdiction, failure to meet the pleading specificity requirements, and failure to state a claim upon which relief can be grant. n1 Their motion is granted.

n1 A joint amended answer was filed by three of the defendants, and no other defendant filed an answer. Two of the answering defendants were ePayment Solution AVV and Tony Brown. It is unclear whether the other defendant who answered is ePayment Solutions, Ltd. or ePayment Solutions, Inc. The document is entitled "AMENDED ANSWER OF DEFENDANT[] EPAYMENT SOLUTIONS, LTD. . ." In the body of the amended answer, however, it refers to ePayment Solution, Inc. as the party who is filing the answer. Since plaintiff concedes that the company ePayment Solution, Ltd. has already been dissolved, logic would dictate that the answering party is ePayment Solutions, Inc.

[*2]

The amended complaint alleges that the following six defendants are affiliated companies and are working under a unified front: ePayment Solutions Ltd., a United Kingdom corporation; ePayment Solution, Inc., a St. Kitts corporation; ePayment Solution AVV, an Aruban corporation; E Commerce, a United Kingdom corporation; and Smartcarde.com and Bankkey.com, two different internet websites of unknown corporate status. In the complaint, these six defendants are collectively referred to by plaintiff as "ePayment." The individuals named as defendants are all residents of England, and are alleged to be directors, officers, managers, supervisors or secretaries of ePayment. Plaintiff alleges that each act of the defendants, as well as their respective employees, agents and representatives, is chargeable and binding as to all defendants.

The "Statement of Facts" portion of the complaint, with one minor exception, refers to acts allegedly committed by the "Defendants." It states therein that plaintiff provides subscription internet services. "Defendants run a credit card processing company which arranges with banks for merchants to open accounts for the processing of credit card charges for [*3] retail sales." (Am. Compl. P27). At defendant Tony Brown's urging, plaintiff entered into a written contract for such processing service. On plaintiff's behalf, defendants opened a bank account in a bank in Aruba, and deposited the monies defendants received from processing the credit card transactions for sales to plaintiff's customers. After plaintiff received a few payments for the credit card sales, payment abruptly stopped. Defendants allegedly owe plaintiff in excess of $800,000.

Plaintiff makes no attempt, in its pleadings, to specifically allege what particular acts were taken by which of the defendants. Plaintiff does allege that Mr. Brown, on behalf of all defendants, orally represented to plaintiff's owners, that the monies plaintiff would entrust to defendants would be safe. Plaintiff claims that this was a misrepresentation made in an effort to induce plaintiff to enter into a contract with e-Payment. Plaintiff fails to allege the actual identity of the contracting party with whom plaintiff entered into the written agreement, nor does plaintiff indicate who signed the contract on behalf of that party. The complaint contains no allegations as to where the contract negotiations [*4] took place, nor where it was executed. Plaintiff also seeks to impose alter ego liability upon the individual defendants alleging they exercised control over e-Payment. Plaintiff alleges that ePayment's office is located at defendant Brown's home address.

In support of their motion, movants submitted the affidavit of defendant Jason Field. He alleges that he worked as a salesman for ePayment Solution, Ltd., and he brought plaintiff in as a client. He claims that this was his sole interaction with plaintiff, and he denies that defendant Kate Martin ever worked for ePayment Solution Ltd. There is no affirmative representation made by Mr. Field that ePayment Solution Ltd. was the party that entered into a contract with plaintiff. He does deny that E Commerce ever entered into a contract with plaintiff, or made any representations to plaintiff regarding the alleged bank account in Aruba, or the processing or safety of the subject funds. Although plaintiff acknowledges that "while E Commerce is not the entity with whom Plaintiff has a direct contractual relationship, it is Plaintiff's good faith belief that E Commerce, Field and Martin are officers and/or shareholders of E Commerce, is [*5] (sic) merely a successor-in-interest to Defendant E Payment Solution Ltd., for whom Field was an agent." (Pl.'s Mem. Opp. Summ. J. at 2). Additionally, Mr. Field asserts that ePayment Solution, Ltd. is a defunct company. Although plaintiff agrees that the company is "technically dissolved," plaintiff claims it "has good faith reasons to believe that the company E Payment, ... is still running and is now being fronted by E Commerce, Martin and Field." (Id. at 3, n.1).

Defendant Field further alleges that E Commerce has no relationship with any of the codefendants other than for himself and Ms. Martin. He denies that E Commerce is now, or was ever, in possession or control of plaintiff's funds. Mr. Field further claims that he, E Commerce and Kate Martin have never exercised dominion or control over any of the other codefendants, and have never been officers, directors, or shareholders of the defendant-companies. Mr. Field further makes the following representations: none of the movants have transacted business in New York; derived any revenue from business conducted here; pay New York taxes; placed advertisements, maintained telephone listings, or had an office in New York; employed [*6] New York staff or sent personnel to New York; nor do they maintain or possess any bank accounts, or any real or personal property located in New York. Additionally, Mr. Field asserts that E Commerce has never been registered to do business in New York. He also denies that any of the movants regularly do or solicit business, or engage in any other persistent course of conduct in New York. Nor do they derive substantial revenue from goods used or consumed, or services rendered, in New York.

## PERSONAL JURISDICTION

A reading of the complaint fails to reveal what is the legal basis upon which plaintiff is asserting jurisdiction over the defendants. The complaint states that "e-Payment" regularly conducts business in New York state. Additionally, plaintiff alleges, for purposes of venue, that defendants are doing business in this district, and that a substantial part of the events or omissions giving rise to the claims occurred in this district. The complaint itself

contains no factual allegations as to any events that occurred in New York. The only two specific references to New York, in the complaint, are that it is the location of plaintiff's main office and that plaintiff does [*7] business in the state.

When responding to a motion to dismiss for personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), plaintiff bears the burden of establishing jurisdiction. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999); Cutco Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). Absent an evidentiary hearing, plaintiff need only make a prima facie showing by pleadings and supporting affidavits that the court possesses the requisite jurisdiction over the defendants. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). All pleadings and affidavits are to be construed in plaintiff's favor, and any doubts should be resolved in its' favor as well. Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985).

When jurisdiction is based upon diversity, a federal court applies the choice-of-law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 85 L. Ed. 1477, 61 S. Ct. 1020 (1941); Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 183-84 (2d Cir. 1998) (citations omitted). Thus, to determine whether [*8] personal jurisdiction exists over the non-resident defendants, the Court must look to the forum state's long-arm jurisdictional statutes. Savin v. Ranier, 898 F.2d 304, 306 (2d Cir. 1990). If the long-arm statutes do provide for personal jurisdiction, the focus of the court's inquiry must shift to whether exercising such jurisdiction comports with due process. Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (quoting Bensusan Restaurant Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997)). Due process requires that the party, over whom personal jurisdiction is sought, has some minimum contacts with the forum state so that litigation of the action will not "offend traditional notions of fair play and substantial justice." Fort Knox Music, Corp. v. Baptiste, 203 F.3d 193, 196 (2d Cir 2000) (quoting Calder v. Jones, 465 U.S. 783, 788, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984)).

Personal jurisdiction will exist over a foreign corporation, pursuant to N.Y. C.P.L.R. § 301 (McKinney 2001) ("CPLR"), if it is "doing business" in the state. Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000). [*9] n2 The imposition of jurisdiction, under this section, does not require that the cause of action against the defendants arise from their New York business transactions. A corporation will be found to be "doing business" and present in New York, if it does business with a "fair measure of permanence and continuity" and not merely "occasionally or casually." Hoffritz, 763 F.2d at 58 (quoting Tauza v. Susquehanna

Coal Co., 220 N.Y. 259, 115 N.E. 915, 917 (N.Y. 1917)). In order to determine whether a foreign corporation is engaging in business on a continual basis, the following factors generally should be the focus: the existence of a New York office, solicitation of business in New York; corporate bank accounts or other properties located within the state; and the presence of corporate employees or agents in New York. Landoil Resources Corp. v. Alexander & Alexander, 918 F.2d 1039, 1043 (2d Cir. 1990) (citing Hoffritz, 763 F.2d at 58).

n2 Whether § 301 jurisdiction applies to individuals, as oppose to corporations, is unresolved under New York law. Hoffritz, 763 F.2d at 58; Tyco Int'l Ltd. v. Walsh, 2003 U.S. Dist. LEXIS 2670, 2003 WL 553580, *3 (S.D.N.Y. Feb. 27, 2003). "Even assuming it does apply with regard to natural persons, the plaintiff must still establish that the defendant conducted business in New York as an individual and not simply as a corporate officer." See, Tyco, 2003 U.S. Dist. LEXIS 2670, 2003 WL 553580, at *3 (citing Laufer v. Ostrow, 55 N.Y.2d 305, 434 N.E.2d 692, 449 N.Y.S.2d 456, 460 (N.Y. 1982); see also, Black v. USA Travel Auth., Inc., 2001 U.S. Dist. LEXIS 9297, 2001 WL 761070, *4 (S.D.N.Y. July 6, 2001). Plaintiff has not provided any factual allegations that Mr. Field or Ms. Martin were conducting their own, individual business in New York.

[*10]

Plaintiff has failed to allege any facts to demonstrate that E Commerce ever conducted any business within New York. Additionally, the uncontested affidavit of Mr. Field reveals that neither E Commerce, nor for that matter any of the movants, maintains a New York office, solicit business here, have employees or agents in New York, or possess a bank account, or other real or personal property, in New York. Accordingly, there is no basis to find personal jurisdiction exists over the movants pursuant to CPLR § 301.

New York's long-arm statute also allows for personal jurisdiction over a non-domiciliary who in person or through an agent "(1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state . . .; or (3) commits a tortious act without the state causing injury to person or property within the state . . ., if he [or she] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should rea-

sonably expect the act to have consequences in the [*11] state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any personal property situated within the state." CPLR § 302(a). Personal jurisdiction may only be imposed provided the causes of actions against the defendants arise from the enumerated conduct set forth in CPLR § 302.

As already noted there has been no claim, much less a showing, that the movants possess or use personal or real property in New York that gives rise to the claims against them. Additionally, it cannot be concluded that any alleged tortious conduct occurred in New York. Although the complaint alleges, for venue purposes, that a substantial part of the events or omissions giving rise to the claims occurred in this district, it fails to specify what, if any, tortious acts occurred within the state. It cannot be inferred from reading the complaint that any of the wrongful conduct, which defendants allegedly committed, occurred in New York. The defendants are corporations situated in the United Kingdom, St. Kitt, and Aruba. The individual defendants reside in England. Defendants allegedly processed the credit card charges for plaintiff, and wrongfully withheld [*12] those funds, instead of depositing them in a bank in Aruba. There is no basis to suggest that such actions occurred in New York. Nor is there even any allegation that the contract, which defendants are accused of breaching, was negotiated or executed in New York. "To subject non-residents to New York jurisdiction under § 302(a)(2) the defendant must commit the tort while he or she is physically present in New York State." Bensusan Restaurant Corp., 126 F.3d at 29 (citation omitted). Merely because plaintiff may have suffered injury in New York will not suffice in this regard. Id.

Even if the tortious acts were committed outside of New York, plaintiff has failed to proffer any allegations showing that the acts complained of caused sufficient injury in New York to justify exercising personal jurisdiction over the movants. Generally, in order to determine whether there is sufficient injury in New York to warrant § 302(a)(3) jurisdiction, a "situs-of-injury" test is to be applied requiring that the location of the "original event that caused the injury" be ascertained. DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001) (quoting [*13] Bank Brussels Lambert, 171 F.3d at 791)). The "original event" is distinguishable from the initial tort, as well as from the final economic damages and resulting consequences flowing therefrom. "The original event occurs 'where the first effect of the tort . . . that ultimately produced the final economic injury' is located." Id. at 84-85 (quoting Bank Brussels Lambert, 171 F.3d at 792)). Plaintiff does not allege that the first effect, as a result of defendants purportedly withholding the plaintiff's monies instead of depositing them in the

bank in Aruba, is located in New York. See generally, Whitaker, 261 F.3d at 209 ("The situs of the injury for purposes of asserting long arm jurisdiction is the place where the underlying, original event occurred which cause the injury."); see also, United Bank of Kuwait, PLC v. James M. Bridges, Ltd., 766 F. Supp. 113, 116 (S.D.N.Y. 1991) ("The occurrence of financial consequences in New York due to the fortuitous location of plaintiff[] in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York.").

Furthermore, plaintiff [*14] has not made a sufficient showing as to the other prongs necessary to exercise jurisdiction pursuant to § 302(a)(3). Plaintiff does not allege that movants derive substantial revenue from interstate or international commerce. Moreover, plaintiff fails to controvert Mr. Field's claim that the movants' solicit no business in New York, derive no revenue from goods or services used or consumed in New York, and they do not engage in any other persistent course of conduct in New York.

The only arguable basis to assert jurisdiction over the moving defendants is under subdivision (a)(1) of CPLR § 302, i.e., that they transact business in New York. The burden of showing that a non-domiciliary "transacts business," and can be sued for claims arising from that transaction, is a considerably less onerous one than that needed to establish "doing business" to sue such defendant even on an unrelated cause of action pursuant to CPLR § 301. Hoffritz, 763 F.2d at 58-59 (citations omitted). Where defendants purposely avail themselves of the privilege of conducting business in this state, and the causes of action arose out of activities occurring within the state, jurisdiction may [*15] be exercised over them. Henderson v. I.N.S., 157 F.3d 106, 123 (2d Cir. 1998) (quoting Kronisch v. United States, 150 F.3d 112, 130 (2d Cir. 1998)). "It is a 'single transaction statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 522 N.E.2d 40, 527 N.Y.S.2d 195, 198-99 (N.Y. 1988). A cause of action "arises out" of a defendant's activities where there exists an "articuable nexus" or a "substantial relationship" between the transactions occurring within New York and the claims upon which the defendant is being sued. Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 23 (2d Cir. 2004); Kronisch, 150 F.3d at 130. Among some of the factors to be considered to determine whether a non-domiciliary is "doing business," for purposes of CPLR § 302(a)(1), are whether there is an ongoing contractual relationship with a New York corpora-

2004 U.S. Dist. LEXIS 24657, *

tion; whether the contract was negotiated [*16] or executed in New York; whether after executing the contract, defendant had business meetings in New York; and whether there was a choice-of-law clause in the contract. Sunward, 362 F.3d at 22-23; Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996) (citations omitted). Other factors may also be considered, and no one factor is determinative. Rather, an examination of the totality of the circumstances is necessary to determine whether a foreign defendant is doing business in New York. Id.

An examination of all of the circumstances, in the case at bar, fails to reveal that the movants engaged in purposeful activity in New York. In fact, there is no evidence that the moving defendants engaged in any activity, whatsoever, in New York. Moreover, this action is premised upon a contract to which the movants were not signatories.

Plaintiff also seeks to impose alter ego liability upon the individual defendants for the actions taken by e-Payment. Where jurisdiction exists over a corporation, the corporate officers will also be subject to jurisdiction where plaintiff has asserted factual allegations constituting a prima [*17] facie showing of alter ego status. See, Packer v. TDI Sys., 959 F. Supp. 192, 203 (S.D.N.Y. 1997). Plaintiff has not made a prima facie showing that personal jurisdiction over the defendant-companies n3 exists. None of the defendant companies are incorporated or have their principal place of business in New York. The complaint also fails to show that the companies have any ties to New York, or that they did, or were doing, any business in this state. Nor has plaintiff pled any specific factual allegations to support its conclusory assertions that Mr. Field or Ms. Martin exercised domination and control over the defendant companies. Therefore, jurisdiction over Mr. Fields and Ms. Martin cannot be obtained even if the corporate veil is pierced for jurisdictional purposes. Additionally, plaintiff has not made any showing that the defendant companies were merely acting as an agent on behalf of Mr. Field or Ms. Martin to warrant subjecting them to jurisdiction on an agency theory. See, Mende v. Milestone Tech., Inc., 269 F. Supp.2d 246, 253 n.5 (S.D.N.Y. 2003); Hypoxico, Inc. v. Colo. Altitude Training LLC, 2003 U.S. Dist. LEXIS 11862, 2003 WL 21649437, *3-4 (S.D.N.Y. July 14, 2003) [*18] ; Kinetic Instruments, Inc. v. Lares, 802 F. Supp. 976, 984 (S.D.N.Y. 1992).

n3 Plaintiff alleges that four corporate defendants and two defendant websites are affiliated companies. The complaint fails to set forth specific factual allegations to demonstrate, if accepted as true, that the websites are companies.

"A 'site' is an internet address which permits users to exchange digital information with a particular host . . ." Bensusan Restaurant Corp., 937 F. Supp. 295, 297 n. 1 (S.D.N.Y. 1996), aff'd, 126 F.3d 25. Plaintiff is not suing any party who owns, operates or maintains the websites, and hence plaintiff fails to establish that the websites are entities that can be properly named as defendants. See generally, Fed.R.Civ.P. 17(b).

Accordingly, plaintiff is unable to meet it minimal burden of making a prima facie showing of personal jurisdiction over the movants.

## SPECIFICITY OF THE CLAIMS

The moving defendants also maintain [*19] that the complaint should be dismissed for failure to comply with Fed.R.Civ.P. 8(a)(2) which requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff argues that since it brought this action against all defendants involved in the conspiracy to defraud plaintiff both jointly and severally, plaintiff need only establish that it has pled a claim with the requisite specificity against any of the defendants. Plaintiff contends that it has alleged more than sufficient facts to meet this standard.

The complaint does not contain any specific allegations regarding the existence of a conspiracy amongst the defendants. Nor does the complaint even set forth a general allegation that the defendants had entered into any kind of agreement with one another. The complaint merely refers to the culpable acts committed by all seventeen defendants, without any attempt to differentiate which act was taken by which party, or how the parties are interrelated. Even plaintiff's opposition papers fail to elucidate the general claims set forth against the defendants. Rather, plaintiff asserts, "it is the good faith belief of Plaintiff [*20] that all of the Defendants are interconnected as a unified front in their campaign of fraud such as to make them indistinguishable from one another legally." (Pl.'s Mem. Opp. Summ. J. at 2). Plaintiff offers no factual allegations to indicate the basis upon which its good faith belief is premised.

To satisfy the simplified notice pleading standard of Fed.R.Civ.P. 8, the complaint must merely "give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Wynder v. McMahon, 360 F.3d 73, 78 (2d Cir. 2004). Such notice enables a defendant to answer and prepare for trial. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); see also, Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)

2004 U.S. Dist. LEXIS 24657, *

(quoting 2A *Moore's Federal Practice* P8.13, at 8-58 (2d ed. 1994)) ("Fair notice is that which enables the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."). Dismissal [*21] for failure to comply with the rule is generally "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin, 861 F.2d at 42. A plaintiff fails to satisfy rule 8, where the complaint "lump[s] all the defendants together and fail[s] to distinguish their conduct" because such "allegations fail to give adequate notice to the[] defendants as to what they did wrong." See, Medina v. Bauer, 2004 U.S. Dist. LEXIS 910, 2004 WL 136636, *6 (S.D.N.Y. Jan. 27, 2004); see also, Glasheen v. City of Albany, 1999 U.S. Dist. LEXIS 15689, 1999 WL 1249409, *1 (N.D.N.Y. Dec. 16, 1999); Merrill Lynch, Pierce, Fenner & Smith Inc., v. Young, 1994 U.S. Dist. LEXIS 2929, 1994 WL 88129, *15 (S.D.N.Y. Mar. 15, 1994); Rafferty v. Halprin, 1991 U.S. Dist. LEXIS 10344, 1991 WL 148798, *8 (S.D.N.Y. July 26, 1991).

The complaint in this case does not identify any particular defendant that committed any specific act of wrongdoing against plaintiff. Rather, the complaint simply attributes the wrongful acts as being committed collectively by the seventeen defendants. Moreover, the complaint fails to reveal the specific relationship, [*22] if any, that these defendants share. Plaintiff attempts to excuse its pleadings based on difficulties it encounters as a result of the defendants' alleged convoluted structure of their business practices and plans. However, plaintiff pled a cause of action for breach of contract without even alleging the identity of its contracting party. The structure of defendants' business operations certainly would not preclude plaintiff from setting forth, in its pleadings, the name of the other contracting party. Accordingly, the complaint fails to meet the lenient pleading requirements of Rule 8.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Movants are also seeking to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). In reviewing a complaint for dismissal under Rule 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. Bolt Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). The complaint should only be dismissed where it appears beyond doubt that plaintiff can present no set of facts entitling it to relief. Conley, 355 U.S. at 46; [*23] Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).

Movants argue that the cause of action for fraudulent inducement is not pled in accordance with the dictates of Fed.R.Civ.P. 9(b) which provides that, "in all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." The complaint alleges that Mr. Brown, on behalf of all of the defendants, made oral representations to plaintiff's owners regarding the safety of the monies plaintiff would be entrusting to defendants in order to induce plaintiff to enter into the contract. "Rule 9(b) requires plaintiff[] to allege (1) the specific statement or omission; (2) the aspect of the statement or omission that makes it false or misleading; (3) when the statement was made; (4) where the statement was made; and (5) which defendant was responsible for the statement or omission." See, Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd., 85 F. Supp.2d 282, 293 (S.D.N.Y. 2000) (internal quotation marks and citations omitted), aff'd, 242 F.3d 366, 2001 WL 46565 (2d Cir. 2001); see also, Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989) [*24] ("To satisfy the particularity requirement of Rule 9(b), a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements."). Plaintiff has failed to allege what the content of the misstatements were, how the statements were false or misleading, as well as when and where the statements were made. Moreover, Rule 9(b) cannot be satisfied merely by attributing the alleged misstatements to all the defendants. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993).

Plaintiff has not set forth sufficient factual allegations that, if accepted as true, would show plaintiff's entitlement to recovery against any particular defendant under any of the asserted causes of action. It cannot be concluded that Mr. Brown's alleged false or misleading statements constituted material misrepresentations which served to induce plaintiff to enter into a contract with some undisclosed party. With regard to the breach of contract claim, plaintiff [*25] has not allege any specific party who was personally bound by the contract and had a duty to perform thereunder, yet failed to do so. Similarly, plaintiff has not identified any specific defendant who is in possession and control of the subject funds to support its claims for replevin and conversion. Finally, plaintiff has not proffered any factual allegations to support its conclusory assertion that the individual defendants exercised complete domination and control over the corporate and website defendants in order to plead a viable claim for alter ego liability. Plaintiff merely offers a blanket statement that the individual defendants are the only officers and shareholders of "ePayment." Therefore,

the complaint is defective in that no viable cause of action is asserted.

## CONCLUSION

In light of the foregoing, defendants E Commerce Service, UK, Ltd., Jason Field, and Kate Martin's motion to dismiss the complaint against them, for lack of personal jurisdiction, is granted.

A court has the discretion to dismiss a complaint sua sponte for failure to plead with the necessary specificity to state a proper cause of action. Kittay v. Kornstein, 230 F.3d 531, 542 (2d Cir. 2000) [*26] (A district court may sua sponte dismiss a complaint which does not comply with Fed.R.Civ.P. 8); Citadel Management, Inc. v. Telesis Trust, Inc., 123 F. Supp.2d 133, 147 (S.D.N.Y. 2000); Smith v. Metro North Commuter R.R., 2000 U.S. Dist. LEXIS 14168, 2000 WL 1449865 (S.D.N.Y. Sept. 29, 2000) (both cases finding that the court has discretion to dismiss a complaint sua sponte, pursuant to Fed.R.Civ.P. 12(b)(6), where plaintiff was given notice and an opportunity to be heard). The pleadings are woefully inadequate. The complaint lumps together all of the defendants in each claim without providing any factual allegations to distinguish their conduct, and accordingly dismissal of the complaint in its entirety is warranted.

Dated: New York, New York

December 7, 2004

SO ORDERED:

GEORGE B. DANIELS

United States District Judge

LEXSEE

STAR OFFICE SUPPLY CO., INC. and HENRY PINKWATER Petitioner,
against DAVID GOTTLIEB, Respondent.

No. 82 Civ. 923 (RLC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

1983 U.S. Dist. LEXIS 19650

January 31, 1983

COUNSEL: [*1]

ISSLER & SCHRAGE, P.C., 110 East 59th Street, New York, New York 10022, Mitchell R. Schrage, Vincent P. Crisci, for Petitioners

BLANC & SPIELBERG, 516 Fifth Avenue, New York, New York 10036, Leonard I. Spielberg, for Respondent

OPINION BY:

CARTER

OPINION:

CARTER, District Judge

OPINION

Henry Pinkwater, an officer of Star Office Supply Co. ("Star Office") has brought this motion to stay arbitration between himself, individually, and David Gottlieb. Respondent Gottlieb has been involved in a number of suits with Pinkwater and Star Office arising from an employment contract with Star Office, which is the basis of the present action, and from his relationship with University Stationers, another company of which Pinkwater is a principal.

In an action instituted in the Florida state court, Pinkwater sued Gottlieb alleging various business improprieties supposedly committed by Gottlieb while employed by University Stationers. Gottlieb's motion to stay arbitration in that case was denied by the Florida court principally because he had already answered Pinkwater's complaint when making the request. In an earlier motion brought by Star Office in this case, the latter

moved to stay arbitration [*2] based upon the Florida court's denial of Gottlieb's request for arbitration in Pinkwater's case against him. This court denied Star Office's motion on the grounds that the Florida case did not control the issue of Gottlieb's right to arbitrate in the present action.

At issue is whether Pinkwater's relationship with Gottlieb via his position as an office in Star Office and in University Stationers should dictate whether he is bound to arbitrate in an individual capacity against Gottlieb, based on an employment contract to which he is not a party.

Respondent argues that the aforementioned nexus is sufficient grounds upon which to require Pinkwater to submit to arbitration with him. Furthermore, respondent insists that the present motion is merely a reargument of the same issues decided in Star Office's earlier motion. I disagree. The instant action turns on whether Gottlieb has the right to require that Pinkwater submit to arbitration in accordance with the terms of an arbitration clause contained in Gottlieb's employment contract with Star Office. Pinkwater was not a party to that contract and there is no evidence before the courts to suggest that he agreed to submit personally [*3] to arbitration.

The cases are legion for the proposition that a party cannot be compelled to submit to arbitration unless he has clearly and unambiguously agreed to do so.See e.g., Chemoleum Corp. v. Continental Grain, 22 A.D.2d 865, 254 N.Y.S.2d 424, 425 (1st Dep't 1964); Ledo Realty Corp. v. Continental Casualty Co., 43 Misc. 2d 380, 251 N.Y.S.2d 99, 100 (1964); American Silk Mills Co. v. Meinhard-Commercial Corp., 35 A.D.2d 197, 315 N.Y.S.2d 144, 147(1st Dep't 1970); Moruzzi v. Dynamics Corp., 443 F. Supp. 332, 334 (S.D.N.Y. 1977) (Broderick, J.). The agreement must be voluntarily entered

1983 U.S. Dist. LEXIS 19650, *

into. Liberty Mutual Insurance Co. v. Boston Old Colony Insurance Co., 65 A.D.2d 1011, 409 N.Y.S.2d 464, 465 (4th Dep't 1978). Finally, one is not bound by an arbitration unless he is a party to it. Biller v. David, 37 A.D.2d 954, 326 N.Y.S.2d 220, 222 (1st Dep't 1971); Hartford Accident & Indemnity Co. v. Maryland Casualty Co., 75 Misc.2d 410, 347 N.Y.S.2d 380, 382 (1973).

The employment contract which contains the arbitration clause is not signed by Pinkwater individually n2 and displays no other indicia which would suggest that he intended to be bound in his individual capacity. Accordingly, [*4] petitioner Pinkwater's motion to stay arbitration is granted.

n1 The original action was voluntarily dismissed by Pinkwater, who at a later date filed a new lawsuit against Gottlieb and others alleging many of the same business improprieties. See, Pinkwater v. DMA Supplies Co., Inc., No. 81-5737 (Fla. Cir. Ct. Dec. 18, 1981) (interim order concerning several pretrial matters); Star Office Supply Co., Inc. v. Gottlieb, No. 82-923, May 11, 1982.

n2 It appears that Pinkwater may have signed the employment agreement as president of Star Office; however, the parties to the contract are enumerated throughout as the "Company" -- Star Office, and the "Jobber" -- David Gottlieb. See, Employment Agreement between Star Office and David Gottlieb, Aug. 25, 1976, Petitioner Pinkwater's Exhibit B.

IT IS SO ORDERED.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

FAHAD SIDDIQUI, et al.

                                    Plaintiffs,

                    -against-

AIRLIE OPPORTUNITY MASTER FUND,
LTD., ARH MORTGAGE INC., WDM FUND,
L.P., STEVE Y. KHOSHABE, JOSEPH
KHOSHABE and JASON K. SCHIFFMAN,

                                    Defendants.

---

Civil Action No. 06-CV-6473 L (P)

**NOTICE OF MOTION**

---

**CERTIFICATE OF SERVICE**

        I certify that on March 22, 2007, I caused the foregoing *Reply Memorandum of Law in Further Support of Individual Defendants' Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and in Opposition to Plaintiffs' Cross Motion to Compel Arbitration,* dated March 21, 2007 , to be electronically filed with the Clerk of the District Court using the CM/ECF system, which then sent notification to the following CM/ECF participant(s) in this case:

                        Michael J. Lingle, Esq.
                        Dolin, Thomas & Solomon LLP
                        *Attorneys for Plaintiffs*
                        693 East Avenue
                        Rochester, New York  14607
                        585/272-0540

                        Richard G. Haddad, Esq.
                        Otterbourg, Steindler, Houston &
                        Rosen, P.C.
                        *Attorneys for Airlie Opportunity
                        Master Fund, Ltd.
                        ARH Mortgage, Inc.
                        WDM Fund, L.P.*
                        230 Park Avenue
                        New York, New York  10169

Carolyn G. Nussbaum, Esq.
Nixon Peabody, LLP
*Attorneys for Airlie Opportunity*
*Master Fund, Ltd.*
*ARH Mortgage, Inc.*
*WDM Fund, L.P.*
Clinton Square
P.O. Box 31051
Rochester, New York  14603
585/263-1558

J. Nelson Thomas, Esq.
Dolin, Thomas & Solomon LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York  14607
585/272-0540


                    s/Jill L. Yonkers
                 Jill L. Yonkers
            *jyonkers@hodgsonruss.com*
            One M&T Plaza, Suite 2000
            Buffalo, New York  14203
            (716) 856-4000