UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAHAD SIDDIQUI, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>AIRLIE OPPORTUNITY MASTER FUND, LTD.,<br>ARH MORTGAGE INC., WDM FUND, L.P.,<br>STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND<br>JASON K. SCHIFFMAN,<br><br>*Defendants.* | **Civil Action No.**<br>**06-CV-6473 L(P)** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND PAYMENT OF ARBITRATION FEES**

DOLIN, THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
(585) 272-0540

Of Counsel:   J. Nelson Thomas
              Michael J. Lingle

H:\McKenzie, B\Pleadings-Siddiqui 06-CV-6473\Motion to Compel Arbitration & Fees.docx

## PRELIMINARY STATEMENT

Defendants Airlie Opportunity Master Fund, Ltd., ARH Mortgage Inc., WDM Fund, L.P. (hereinafter collectively referred to as the "corporate defendants"), Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman (hereinafter collectively referred to as the "individual defendants") have failed to comply with their own arbitration agreement by refusing to begin the arbitration process and by failing to pay their initial filing fees to JAMS. Therefore, the Court should compel all defendants to engage in arbitration and order them to pay their filing fees to JAMS immediately in order to begin the arbitration process.

## FACTS

*Procedural Background*

Plaintiffs filed this complaint on September 21, 2006, and all defendants were served thereafter. (Affirmation of Michael Lingle, sworn to August 16, 2007 ("Lingle Aff."), ¶ 3-4)

Following service of the complaint on the corporate defendants, on January 3, 2007, such defendants made a Motion to Dismiss or to Stay Pending Arbitration. (Docket No. 13) As their lead-off point in their motion, the corporate defendants argued that the arbitration agreements entered into by the plaintiffs subjected their claims against the defendants to arbitration. (Defendants' Mem. of Law in Support of Motion to Dismiss or to Stay Pending Arbitration, Docket No. 13, at 6-11)  Defendants thus sought a stay pending arbitration of the claims.

In response to the corporate defendants' motion, plaintiffs agreed to stay the case pending arbitration of their claims against the defendants, relief which had specifically been requested by the defendants.  (Docket No. 27)

The individual defendants, on the other hand, did not answer the complaint and on December 19, 2006, upon motion by the plaintiffs, the clerk of the Court entered a default against them. (Docket No. 11) After the entry of default and plaintiffs sought default judgment, the individual defendants' counsel agreed to accept service on behalf of the individual defendants, and in turn, the default was vacated by Stipulation and Order, dated December 27, 2006. (Docket No. 12) On January 23, 2007, the individual defendants made a Motion to Dismiss. (Docket No. 24)

In response, and consistent with their response to the corporate defendants' motion to dismiss or stay pending arbitration, plaintiffs made a Cross Motion to Compel Arbitration against the individual defendants. (Docket No. 34)

***Defendants Are Subject to Arbitration Agreements But Have Failed to Comply***

As admitted by the corporate defendants, defendants are required to arbitrate the plaintiffs' claims in this case because such claims are subject to arbitration agreements which state:

> As part of the terms and conditions of employment and interview process with the United Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into mandatory binding arbitration agreement and hereby agrees not to sue for any reason the UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any dispute arising from the interview process or employment by the UFMC.
>
> Arbitration of disputes will be handled by either American Arbitration Association or Jams/ENDisputes.

(Lingle Aff., Ex. C)

Accordingly, plaintiffs served the defendants with demands for arbitration of their claims pursuant to the arbitration agreements, pursuing their FLSA claims with the American Arbitration Association ("AAA") and their Rule 23 claims with JAMS. (Lingle Aff., Ex. D)

Plaintiffs paid their initial filing fee with AAA and the fee of $400.00 to JAMS. (Lingle Aff ¶ 6) All of the defendants have appeared in the AAA arbitration. (Lingle Aff. ¶ 6)

However, none of the defendants have responded to the JAMS proceeding and all have failed to pay their initial filing fee, even after JAMS requested the payment of the fees. (Lingle Aff ¶ 7, Ex. F)

## ARGUMENT

I.     ALL DEFENDANTS SHOULD BE COMPELLED TO ARBITRATE BECAUSE THEY ARE SUBJECT TO AN ARBITRATION AGREEMENT

Because none of the defendants have participated in the JAMS arbitration, plaintiffs move to compel their participation. Plaintiffs previously moved to compel the individual defendants to participate in arbitration and seek by this motion to compel the corporate defendants to participate in arbitration with JAMS.

Arbitration agreements are generally enforceable and may require entities related to the signatory of the agreement to participate in arbitration. *See* 9 U.S.C. § 3; *Andrews v. Lasser Marshall, Inc.*, No. 97 Civ. 3827 (JGK), 1997 WL 624986, *1 (S.D.N.Y. Oct. 6, 1997); *King v. First Boston Corp.*, No. 90 Civ. 4319 (CSH), 1992 WL 84595, *1 (S.D.N.Y. Apr. 8, 1992); *Rajjak v. McFrank & Williams*, No. 01 CIV 0493 LAP, 2001 WL 799766 (S.D.N.Y. July 10, 2001); *Kruse v. AFLCA Intern., Inc.*, 458 F.Supp.2d 375, 383 (E.D.Ky. 2006) (related entities bound by arbitration clause).

As argued by the corporate defendants in their prior motion as their lead-off point (*see* Defendants' Mem. of Law in Support of Motion to Dismiss or to Stay Pending Arbitration, Docket No. 13, at 6-11), the arbitration agreements in this case cover plaintiffs' claims and the defendants:

> As part of the terms and conditions of employment and interview process with the United Financial Mortgage Corp. and/or any and all of its affiliates, applicant agrees to enter into mandatory binding arbitration agreement and hereby agrees not to sue for any reason the UFMC, its subsidiaries, related companies, agents, shareholders or officers, for any dispute arising from the interview process or employment by the UFMC.
>
> Arbitration of disputes will be handled by either American Arbitration Association or Jams/ENDisputes.

(Lingle Aff., Ex. C)

Despite acknowledging that they are covered by the agreements, and even participating in the AAA arbitration involving some of the claims in this case, the corporate defendants (and the individual defendants) refuse to participate in the JAMS arbitration covering plaintiffs' Rule 23 claims.

Therefore, because the arbitration agreements cover the defendants and plaintiffs claims, plaintiffs seek to compel the defendants to participate in the JAMS arbitration concerning their Rule 23 claims.

## II. ALL DEFENDANTS SHOULD BE COMPELLED TO PAY THE INITIAL ARBITRATION FILING FEES

Because the defendants are required to participate in arbitration, they should be compelled to pay their filing fees.

In accordance with JAMS rules, on February 12, 2007, plaintiffs promptly paid their initial filing fees to begin the arbitration process. (Lingle Aff. ¶ 6)  On July 19, 2007, JAMS formally notified all defendants that they must pay their filing fees to begin the arbitration process. (Lingle Aff. ¶ 7, Ex. F)  Yet, no defendant has paid their initial filing fees. (Lingle Aff. ¶ 7)  Thus, plaintiffs move the Court to compel both the individual and corporate defendants to pay their initial filings fees to JAMS to begin the arbitration process.

## CONCLUSION

For the forgoing reasons, plaintiffs respectfully request that this Court compel the individual and the corporate defendants to engage in arbitration and pay the initial filing fees immediately to begin the arbitration process.

Dated: August 17, 2007

                                          **DOLIN, THOMAS & SOLOMON LLP**

By:    s/Michael J. Lingle
          J. Nelson Thomas, Esq.
          Michael J. Lingle, Esq.
          *Attorneys for Plaintiffs*
          693 East Avenue
          Rochester, New York 14607
          Telephone: (585) 272-0540
          nthomas@theemploymentattorneys.com
          mlingle@theemploymentattorneys.com