UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FAHAD SIDDIQUI, et al.,

                Plaintiffs,

- against -

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE
and JASON K. SCHIFFMAN,

                Defendants.

Civil Action No. 06-CV-6473 L (P)

---

**MEMORANDUM OF LAW OF NON-MANAGEMENT
DEFENDANTS IN OPPOSITION TO PLAINTIFFS'
<u>MOTION TO COMPEL ARBITRATION</u>**

 

NIXON PEABODY LLP
Carolyn G. Nussbaum
P.O. Box 31051
Rochester NY 14603-1051
(585) 263-1558

OTTERBOURG, STEINDLER,
HOUSTON & ROSEN, P.C.
Richard G. Haddad
230 Park Avenue
New York, New York 10169
(212) 661-9100

*Attorneys for Non-Management Defendants*
*Airlie Opportunity Master Fund, Ltd.,*
*ARH Mortgage Inc., WDM Fund, L.P.*

Defendants Airlie Opportunity Master Fund, Ltd. ("AOMF"), ARH Mortgage Inc. ("ARH"), and WDM Fund, L.P. ("WDM", and collectively, the "Non-Management Defendants"), respectfully submit this Memorandum of Law in opposition to Plaintiffs' motion to compel simultaneous arbitration before the American Arbitration Association ("AAA") and Jams/ENDISPUTES ("JAMS").

## PRELIMINARY STATEMENT

Plaintiffs' motion to compel the separate yet simultaneous arbitration of Plaintiffs' wage claims before both the AAA and JAMS is the latest inexplicable twist in this proceeding. At the outset, Plaintiffs' motion is procedurally infirm, factually erroneous and lacks a cognizable legal basis. Contrary to Plaintiffs' counsels' representation that Plaintiffs have properly served each of the Defendants in the within action, and that the Defendants are subject to the jurisdiction of this Court, the facts are otherwise. As made clear in the Non-Management Defendants' motion to dismiss, dated January 3, 2007, the Non-Management Defendants are not subject to personal jurisdiction in New York and defendant AOMF has not been properly served.

Substantively, Plaintiffs' motion cannot be sustained. Plaintiffs' motion is predicated upon the dubious contention that Defendants may be compelled to *simultaneously* arbitrate non-FLSA claims before JAMS, while at the same time arbitrating FLSA claims before the AAA. Plaintiffs do not cite any caselaw for the proposition that a party may be compelled to simultaneously arbitrate in two arbitral forums claims that arise from an identical nucleus of facts. ***Indeed, Plaintiffs saw fit to combine their FLSA claims and state law claims in a single action in this Court***. If the Court grants the relief Plaintiffs now request, that would necessarily mean that the Complaint the Plaintiffs filed in this action was improper. Accordingly, Plaintiffs should not be heard to now argue that their claims cannot be adjudicated in a single arbitration.

Moreover, the operative arbitration clause signed by each Plaintiff precludes simultaneous arbitration in two forums. Rather, the forum for arbitration is an "either/or" proposition. Here, the arbitration clause unambiguously provides that arbitration "of disputes will be handled by *either* the American Arbitration Association *or* Jams/ENDISPUTES." (emphasis added). Accordingly, Plaintiffs' position that the Non-Management Defendants can be compelled to arbitrate before two arbitral tribunals with regard to the same underlying factual dispute is undercut by the very legal document that provides for arbitration of *any* employment dispute.

"The word 'or' is said to be a disjunctive particle that marks an alternative, generally corresponding to 'either,' as 'either this 'or' that.'" N.Y. Jur.2d Words & Phrases, "Either" at 645. "Here it seems especially clear that the word is used in its disjunctive sense, as it is used in connection with the word 'either,' and *we are referred to no instance where, when so used, it is given its **conjunctive** meaning.*" Smith v. Farley, 155 App. Div. 813, 815, 140 N.Y.S. 990 (4th Dep't 1913) (emphasis added).

Plaintiffs' litigation posture is incomprehensible: (a) it is Plaintiffs who first commenced the underlying action in disregard of the pertinent arbitration clause, joining Plaintiffs' federal and state law claims in a single forum; (b) it is Plaintiffs who thereafter simultaneously commenced two arbitrations in the face of the Non-Management Defendants' motion to dismiss; (c) it is Plaintiffs who still persist in maintaining this *action* before this Court, despite both the pendency of the AAA arbitration and the Non-Management Defendants' motion to dismiss; and (d) it is now Plaintiffs who seek to compel the Non-Management Defendants to simultaneously arbitrate in two forums -- in disregard of the terms of the applicable arbitration agreement.

Simultaneous arbitrations would result in piecemeal litigation, the possibility of contrary results, needless expenditure of resources, and the waste of the parties' time and effort. In addition, forcing the Non-Management Defendants to proceed before both the AAA and JAMS would run afoul of one of the stated purposes of arbitration -- that arbitration be an expeditious and efficient means of resolving commercial disputes. Sink v. Aden Enterprises, Inc., 352 F.3d 1197, 1201 (9th Cir. 2003). What can possibly be expeditious or efficient about two separate arbitrations of claims about the same facts?

In light of the procedural and substantive defects in Plaintiffs' motion and position, the Non-Management Defendants demanded that the Plaintiffs withdraw their motion forthwith. Unfortunately, Plaintiffs ignored the request. Accordingly, Plaintiffs' motion should be denied.

## STATEMENT OF FACTS

On September 21, 2006, Plaintiffs commenced this action seeking various monetary and equitable relief under the FLSA, the New York State Labor Law and laws of various unnamed states all relating to the singular allegation that the Plaintiffs' employer, United Financial Mortgage Corporation (which was never a party to this action or to either of the arbitrations) failed to pay overtime wages. Thereafter, on January 3, 2007, the Non-Management Defendants moved, among other things, to dismiss the Summons and Complaint, on the grounds of lack of subject matter jurisdiction, lack of personal jurisdiction as to the Non-Management Defendants, and as to AOMF, insufficiency of service of process. [Docket nos. 13 and 14].

In their response, Plaintiffs ignored each of the above grounds for dismissal of the Complaint. Instead, Plaintiffs attached to their submission, among other things, (a) their "Demand for Arbitration before AAA," dated February 12, 2007, which Plaintiffs claim addresses "Count One of Plaintiffs' Complaint" (Plaintiffs' claim under the FLSA); and (b) their

"Demand for Arbitration Before JAMS", dated February 12, 2007, which Plaintiffs assert addresses "Counts Two and Three of Plaintiffs' Complaint" (Plaintiffs' state law claims). [Docket no. 27].

Subsequently, both the Plaintiffs and the Non-Management Defendants actively advanced the arbitration process before the AAA. On or about March 29, 2007, the Plaintiffs filed an Amended Demand for Arbitration with AAA, and thereafter the Non-Management Defendants interposed their Answer. Further, after reviewing competing submissions respectively transmitted by the Plaintiffs and the Non-Management Defendants, the AAA determined that New York City should be the site of the arbitration. Then, on July 18, 2007, the AAA appointed an arbitrator to adjudicate the dispute; on August 28, 2007, the AAA arbitrator conducted a formal scheduling conference; and on September 17, 2007, approved a schedule for the first phase of the arbitration. The JAMS arbitration has not yet proceeded.

## ARGUMENT

### COMPELLING THE NON-MANAGEMENT DEFENDANTS TO SIMULTANEOUSLY ARBITRATE TWO ARBITRATIONS IN TWO SEPARATE ARBITRAL FORUMS IS CONTRARY TO THE TERMS OF THE ARBITRATION AGREEMENT AND WASTEFUL AND DUPLICATIVE

As demonstrated above, the plain language of the pertinent arbitration clause precludes the Non-Management Defendants from being forced to arbitrate Plaintiffs' claims in two separate arbitrations. Under the terms of the arbitration clauses, the Non-Management Defendants can be required to arbitrate either before the AAA *or* JAMS, but not both forums, and definitely not simultaneously in two forums. Notwithstanding that contractual limitation, and notwithstanding Plaintiffs' counsel's receipt on August 24, 2007 of a Rule 11 letter reminding Plaintiffs of the terms of the arbitration clause and warning of them of the possible consequences of persevering with this motion, Plaintiffs are undaunted.

As noted above, the forum for arbitration is an "either/or" proposition. Here, the arbitration clause provides that arbitration "of disputes will be handled by *either* the American Arbitration Association *or* Jams/ENDISPUTES." (emphasis added). "The word 'or' is said to be a disjunctive particle that marks an alternative, generally corresponding to 'either,' as 'either this' 'or' that.'" N.Y. Jur.2d Words & Phrases, "Either" at 645. "Here it seems especially clear that the word is used in its disjunctive sense, as it is used in connection with the word 'either,' and *we are referred to no instance where, when so used, it is given its **conjunctive** meaning*." Smith v. Farley, 155 App. Div. 813, 815, 140 N.Y.S. 990 (4th Dep't 1913) (emphasis added).

Accordingly, if Plaintiffs' motion were granted, it would contravene the plain meaning and intent of the arbitration clause. It would also "require the simultaneous development of similar factual records in two forums, and may lead to inconsistent factual and legal determinations, thereby confusing rather than clarifying the legal relations at issue." Continental Cas. Co. v. Bank of Southeastern Connecticut, 1992 U.S. Dist. LEXIS 19676, *7 (D. Conn. Jan. 28, 1992). "Simultaneous litigation of identical issues" would be wasteful and "unseemly." LaDuke v. Burlington Northern, R.R. Co., 879 F.2d 1556, 1560 (7th Cir. 1989).

Here, the AAA arbitration proceeds apace, while the proceedings before JAMS have been dormant. Prior to moving to compel the JAMS arbitration, Plaintiffs had not expressed an interest in moving the JAMS proceeding along. Approximately one-half year elapsed between the time Plaintiffs filed a Demand for Arbitration with JAMS and the time of the motion to compel. Under these circumstances, it would appear that Plaintiffs are motivated by gamesmanship, and not a desire to achieve resolution.

## **CONCLUSION**

For the forgoing reasons, the Non-Management Defendants respectfully request that the Court deny Plaintiffs' motion to compel arbitration in its entirety.

Dated: October 1, 2007

**NIXON PEABODY LLP**

By: /s/ Carolyn G. Nussbaum
     Carolyn Nussbaum
P.O. Box 31051
Rochester NY 14603-1051
(585) 263-1558

- and -

**OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**

By: /s/ Richard G. Haddad
     Richard G. Haddad
230 Park Avenue
New York, NY 10169
(212) 661-9100

*Counsel for Non-Management Defendants
Airlie Opportunity Master Fund, Ltd.,
ARH Mortgage Inc., WDM Fund, L.P.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, ET AL,

                    Plaintiffs,

- v -

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE
AND JASON K. SCHIFFMAN,

                    Defendants.

Civil Action No. . 06-CV-6473 L (P)

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 1, 2007, I electronically filed the foregoing Memorandum of Non-Management Defendants in Opposition to Plaintiffs' Motion To Compel Arbitration with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

| | |
|---|---|
| J. Nelson Thomas, Esq. | Jill L. Yonkers, Esq. |
| Dolin, Thomas & Solomon LLP | Hodgson Russ LLP |
| nthomas@theemploymentattorneys.com | jyonkers@hodgsonruss.com |
| Michael J. Lingle | Attorneys for Defendants |
| mlingle@theemploymentattorneys.com | Steve Y. Khoshabe, Joseph |
| Attorneys for Plaintiffs | Koshabe and Jason K. Schiffman |

Dated: October 1, 2007
      Rochester, New York

                                  NIXON PEABODY LLP

                            By: /s/ Carolyn G. Nussbaum.
                              Carolyn G. Nussbaum
                              *Attorneys for Defendants*
                              *Airlie Opportunity Master Fund, Ltd.,*
                              *ARH Mortgage, Inc., WDM Fund, L.P.*
                              Clinton Square
                              P.O. Box 31051
                              Rochester, New York  14603-1051
                              Telephone:  (585) 263-1000
                              cnussbaum@nixonpeabody.com