UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAHAD SIDDIQUI, et al.,<br><br>                       *Plaintiffs,*<br><br>v.<br><br>AIRLIE OPPORTUNITY MASTER FUND, LTD.,<br>ARH MORTGAGE INC., WDM FUND, L.P.,<br>STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND<br>JASON K. SCHIFFMAN,<br><br>                       *Defendants.* | **Civil Action No.**<br>**06-CV-6473 L(P)** |


## PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ARBITRATION AND PAYMENT OF FEES


                                        DOLIN, THOMAS & SOLOMON LLP
                                         *Attorneys for Plaintiffs*
                                         693 East Avenue
                                         Rochester, NY 14607
                                         (585) 272-0540


Of Counsel:   J. Nelson Thomas
                     Michael J. Lingle

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum of law in further support of its motion to compel arbitration and payment of arbitration fees. Defendants Airlie Opportunity Master Fund, Ltd., ARH Mortgage Inc., WDM Fund, L.P. (hereinafter collectively referred to as the "corporate defendants") continue to oppose their obligations under their own arbitration agreement by refusing to begin the arbitration process and by failing to pay their initial filing fees to JAMS to arbitrate the Rule 23 claims.[1] The corporate defendants now argue that simultaneously arbitrating the claims in two separate arbitrations is duplicative. However, defendants' argument concerns procedural issues which should be addressed by the arbitrator, who has the authority to interpret the arbitration agreement. Further, separating the federal claims and state claims into separate proceedings is appropriate. Therefore, as previously requested, the Court should compel all defendants to engage in arbitration and order them to pay their filing fees to JAMS immediately in order to begin the arbitration process for the Rule 23 claims.[2]

---

[1] The individual defendants have not opposed plaintiffs' motion.

[2] Defendants also continue to assert that defendant Airlie Opportunity Master Fund was not properly served. This defendant was properly served, as outlined in plaintiffs' moving papers, including in accordance with this Court's order of December 27, 2006. Further, defendants' assertion that this Court lacks personal jurisdiction over them is subject to discovery. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13, 98 S.Ct. 3280, 3289 n. 13 (1978) ("discovery is available to ascertain the facts bearing on [jurisdictional] issues"); *GTE New Media Servs. Inc.*, 199 F.3d 1343, 1351 – 52 (D.C. Cir. 2000); *Westvaco Corp. v. Viva Magnetics Ltd.*, No. 00 Civ. 9399 LTS KNF, 2002 WL 1933756, *4 (S.D.N.Y. Aug. 20, 2002) (permitting discovery on personal jurisdiction issues)

**ARGUMENT**

I. **INTERPRETATION OF THE ARBITRATION AGREEMENT SHOULD BE PERFORMED BY THE ARBITRATOR**

The defendants' motion focuses on the interpretation of the arbitration agreement, claiming it precludes the litigation of state claims in one forum and federal claims in another forum. While plaintiffs believe defendants will ultimately be unsuccessful on their argument, defendants' argument is properly submitted to the arbitrator for resolution because authority to interpret the arbitration agreement rests with the arbitrator.[3]

The issue of whether disputes, pursuant to the arbitration agreement, should be allowed to proceed simultaneously in AAA and JAMS is a question of contract interpretation that should be left for the arbitrator to decide, not for the federal courts. On several occasions the Supreme Court has held that "gateway" matters such as whether the parties have a valid arbitration agreement at all should be made by judicial determination, but procedural matters should be left for the arbitrator to decide. *Howsam v. Dean Witter Reynolds, Inc*. 537 U.S. 79, 123 S. Ct. 588 (2002)(the court found that it was the function of the arbitrator to determine procedural matters); *Green Tree Financial Corp. v. Bazzle,* 539 U.S. 444, 123 S.Ct. 2402 (2003) (the court held that arbitrators are well suited to handle decisions regarding contract interpretation and arbitration procedures, and that the courts should only decide "gateway" issues such as if the parties have a binding agreement at all); *see also Vaughn v. Leeds, Morrelli & Brown*, 2005 WL 1949468 (S.D.N.Y. 2005). Here, in the interest of conserving judicial resources, the Court should defer this matter to the arbitrator

---

[3] Defendants could have raised this argument in the arbitration which is currently proceeding, but have not moved to include plaintiffs' state law claims in that proceeding. Defendants' failure to do so belies their current argument that they believe all claims should be heard in the same forum.

because this is a procedural matter which the arbitrator should decide.  Furthermore, if there is doubt about the "scope of arbitrable issues" [the court] should resolve that doubt "in favor of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346 (1985) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 at 24-25, S.Ct. 927 (1983)).  Defendants are unable to cite cases which hold that this Court should make decisions regarding the procedural provisions of the arbitration agreement.  It is particularly appropriate for the arbitrators to make these procedural decisions—after all, they will be the ones hearing the matter.  This is not a decision in which this Court need to be involved.

Therefore, defendants should be compelled to commence arbitration, which will accomplish exactly what defendants seek – resolution of whether plaintiffs' claims can proceed in separate arbitrations.

II.  **PLAINTIFFS SEPARATE ARBITRATIONS IS DESINGED TO ELIMINATE DEFENDANTS' CLAIM THAT STATE AND FEDERAL CLAIMS SHOULD PROCEED IN SEPARATE PROCEEDINGS**

Defendants also argue that separating plaintiffs' claims into two arbitrations is inconsistent with plaintiffs' complaint in this case.  The reverse is true.

United Financial Mortgage Corporation (which the corporate defendants purchased) had previously argued strenuously that state and federal claims cannot be heard in the same forum.  Although the arbitrator has not reached a final decision on the issue yet, the arguments consumed substantial time and fees for the party and the arbitrator.  (Affirmation of J. Nelson Thomas ¶¶ 5-10.)   Further, increasingly defendants assert this argument in federal court actions, and in some cases, courts have granted defendants' motion when there

are several state claims at issue. *See, e.g., Tracy v. NVR, Inc.*, No. 04-cv-06541, Docket No. 135 (Larimer, J.).

Although in some cases, courts do allow state and federal claims to be heard simultaneously, there is certainly no rule that they *must* be heard together. That is because supplemental jurisdiction is permissive, not mandatory. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130 (1996). Thus, filing a federal claim in federal court does not place a bar on the doors of the state courthouse for claims raised under state law.

Therefore, separately filing the state and federal claims is permitted, and it is a sound approach because it increases judicial economy for everyone: it prevents arguments, which consumed substantial time and effort in the UFMC litigation, that the claims could not be heard together. Thus, there is no basis for having this Court manage the filing of claims under private arbitration agreements.

## CONCLUSION

For the forgoing reasons, plaintiffs respectfully request that this Court compel the individual and the corporate defendants to engage in arbitration and pay the initial filing fees immediately to begin the arbitration process.

Dated: October 4, 2007

                                                  **DOLIN, THOMAS & SOLOMON LLP**

                      By:    s/J. Nelson Thomas
                             J. Nelson Thomas, Esq.
                             Michael J. Lingle, Esq.
                             *Attorneys for Plaintiffs*
                             693 East Avenue
                             Rochester, New York 14607
                             Telephone: (585) 272-0540
                             nthomas@theemploymentattorneys.com

mlingle@theemploymentattorneys.com

H:\McKenzie, B\Pleadings-Siddiqui 06-CV-6473\Reply97final.doc