UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, et al.,

                    *Plaintiffs,*

v.

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND
JASON K. SCHIFFMAN,

                    *Defendants.*

Civil Action No.
06-CV-6473 L(P)

    **J. Nelson Thomas,** under penalty of perjury deposes and says:

    1.    I am a partner at the law firm Dolin, Thomas & Solomon LLP. My law firm represents the plaintiffs in this action.

    2.    I am fully familiar with the facts and circumstances surrounding this matter, and I make this affirmation in further support of plaintiffs' motion to compel arbitration.

    3.    This case is related to another matter, *Gooldy v. United Financial Mortgage Corporation*.

    4.    The defendants in this case purchased United Financial Mortgage Corporation ("UFMC").

    5.    In the *Gooldy* case, UFMC objected throughout the proceedings to the inclusion of state law claims in the same proceedings as the federal claims.

    6.    For example, UFMC's original answer to the complaint objected to the inclusion of the state law claims in the case.

    7.    Even after the case was referred to arbitration, UFMC continued to object to the state law claims being heard in the same arbitration as the federal law claims, including in

its answer to the demand for arbitration, in opposition to the claimants' motion for class certification and when objecting to responding to discovery requests.

8. Such objections often sidetracked the proceedings into discussions about whether the federal and state claims should be heard together, absorbing numerous hours of time for counsel and the arbitrator. UFMC raised the issue at every stage of the arbitration, and even when resolution of the issue was deferred, asked for reconsideration and re-reconsideration of the decision, and ultimately re-re-reconsideration of the issue. Final resolution of this issue has not yet been achieved.

9. Given UFMC's strong opposition to including the state law claims with the federal claims in the same arbitration, plaintiffs' decision to seek separate arbitrations for the state law claims and the federal claims makes the most sense from an efficiency perspective.

10. That way, we would avoid the arguments presented time and again by UFMC on this issue.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 4, 2007.

s/ J. Nelson Thomas
**J. NELSON THOMAS**
