UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAHAD SIDDIQUI, et al., | |
| *Plaintiffs,* | Civil Action No. 06-CV-6473 L(P) |
| v. | |
| AIRLIE OPPORTUNITY MASTER FUND, LTD., ARH MORTGAGE INC., WDM FUND, L.P., STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND JASON K. SCHIFFMAN, | |
| *Defendants.* | |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
TRANSFER VENUE

DOLIN, THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
(585) 272-0540

Of Counsel:    J. Nelson Thomas
Sara E. Rook

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum of law in support of their motion to transfer venue to the Northern District of Illinois for defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman (hereinafter collectively referred to as the "individual defendants"). During the oral argument on the various pending motions in this case, the individual defendants conceded that Illinois would be an appropriate venue for the claims against them to be heard. Thus, in the interest of moving past the individual defendants' jurisdictional arguments, plaintiffs now move to transfer the case against the individual defendants to the Northern District of Illinois, a venue geographically closer to the individual defendants. Therefore, to advance the interest of justice of all parties involved, the Court should transfer the case against the individual defendants to the Northern District of Illinois.

## FACTS

*Procedural Background*

Plaintiffs filed this complaint on September 21, 2006, and all defendants were served thereafter. (Affirmation of Michael J. Lingle, sworn to August 16, 2007 ("Lingle Aff."), ¶ 3, Docket No. 19)

The individual defendants did not answer the complaint and on December 19, 2006, upon motion by the plaintiffs, the clerk of the Court entered a default against them. (Docket No. 11) After the entry of default, defense counsel agreed to accept service on behalf of the defendants, and in turn, the default was vacated by Stipulation and Order, dated December 27, 2006. (Docket No. 12) On January 23, 2007, the individual defendants moved to dismiss the complaint against them. (Docket No. 24)

In response, plaintiffs cross moved to compel arbitration against the individual defendants. (Docket No. 34)  On October 9, 2007, the Court heard arguments on the parties' motions as well as other pending motions and instructed the parties to confer on whether the issues could be resolved. (Docket No. 72)

Since that time, plaintiffs proposed a stipulation based on the collective discussion the parties had with the Court at oral argument, which included transferring the venue for the individual defendants to Illinois. (See, Exhibit A Proposed Stipulation, Affirmation of Sara Rook ("Rook Aff. ¶ 3)) For reasons unknown to plaintiffs, even though defendants conceded at oral argument that Illinois is an appropriate venue, the individual defendants have now refused to agree to a stipulation to transfer the case to the Northern District of Illinois, a clearly more convenient forum for the defendants. (Rook Aff. ¶ 4)  It is plaintiffs' best guess that defendants are employing this as another stall tactic much like their previous default, as they continue to try to avoid addressing the merits of the case. Given that the individual defendants would not cooperate in the process recommended by the Court to resolve the jurisdictional issue raised by the individual defendants, plaintiffs are now left with little choice but to move formally to transfer the case in federal court against the individual defendants from the Western District of New York to the Northern District of Illinois.

## ARGUMENT

### I.    THE INDIVIDUAL DEFENDANTS HAVE CONCEDED THAT ILLINOIS IS AN APPROPRIATE VENUE

On October 9, 2007, the parties met before the Court and the individual defendants conceded that Illinois is an appropriate venue:

> **Ms. Windholz:** …the individual defendants' position would be that the federal court action would more appropriately be brought in Illinois where the

H:\McKenzie, B\Pleadings-Siddiqui 06-CV-6473\Motion to Transfer Venue\Memorandum of Law in Support of Plaintiffs' Motion to Transfer Venue.doc

individual defendants actually reside. (See, Exhibit B., Trans. p. 14, Rook Aff. ¶ 5)

Later in the argument, the Court reiterated this concession:

> **The Court:** …Mr. Thomas thinks it [the federal court action] should be here, you [Ms.Windholz] think it should be in Illinois… (See Exhibit C., Trans. p. 21, Rook Aff. ¶ 6)

On the record counsel for the individual defendants conceded that Illinois is an appropriate venue. Thus, their refusal to stipulate to transfer the case can be nothing but a dilatory tactic.  Therefore, to move this case forward, this motion should be granted.

II.    IN THE INTEREST OF JUSTICE THIS COURT SHOULD TRANSFER THE CASE AGAINST THE INDIVIDUAL DEFENDANTS TO THE NORTHERN DISTRICT OF ILLINOIS

Pursuant to section 1404(a) a Court can "for the convenience of parties and witnesses, in the interest of justice…..transfer any civil action to any other district or division where it might have been brought."  28 U.S.C.  § 1404(a).  When evaluating a motion to transfer, the Court must first consider "whether the action could have been brought in the district to which transfer is proposed." *Arrow Elecs., v. Ducommun Inc.,* 724 F. Supp. 264, 265 (S.D.N.Y. 1989).  Here, pursuant to 28 U.S.C. § 1391(b)(1) & (2), the case against the individual defendants could also have been brought in the Northern District of Illinois because defendants reside in Illinois and a substantial part of the events occurred there because the individual defendants worked there and the headquarters of the company were located there. Thus, the Northern District of Illinois has jurisdiction over the individual defendants and the original action could have been brought there, making it an appropriate venue for transfer.

Next, the Court must consider "whether the proposed transfer will promote convenience and fairness." *Crow Constr. Co. v. Jeffrey M. Brown Assocs., Inc.,* No. 1 Civ. 3839 (AGS), 2001 WL 1006721, at *2-3 (S.D.N.Y. Aug. 31, 2001). The Second Circuit considers several factors when making this inquiry, the most important being: (1) the locus of operative facts and events; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the plaintiffs' choice of forum; (5) the relative means of parties; and (6) the interests of justice. *Freeman v. Hoffman-LaRoche Inc.,* 2007 WL 895282, at *2-3 (S.D.N.Y. March 21, 2007).

In this case, the locus and operative facts and events with respect to the individual defendants occurred in the state of Illinois. The individual defendants worked at United Financial Mortgage Corporation in Illinois. In addition, Illinois is a convenient forum for the parties and witnesses since the individual defendants reside in Illinois and other potential witnesses such as other employees who worked at the corporate office, also worked in the state of Illinois and likely still reside there. Furthermore, the plaintiffs' original choice of forum was the Western District of New York, but now a motion to transfer the case to the Northern District of Illinois is being made solely to expedite the litigation and resolve jurisdictional arguments made by the individual defendants. Also, the relative means of the defendants would not be compromised if the venue is changed to Illinois, but made easier and more convenient by moving the litigation closer to their geographic location. Lastly, the interest of justice will be best served if the case is litigated more expeditiously which will happen if jurisdictional arguments are avoided and the case against the individual defendants is transferred to the Northern District of Illinois. Therefore because all of the factors favor transfer, and the proposed transfer promotes convenience and fairness, including to the

defendants, this motion should be granted and the case against the individual defendants should be transferred to the Northern District of Illinois.

## CONCLUSION

For the forgoing reasons, plaintiffs respectfully request that this Court transfer the case against the individual defendants to the Northern District of Illinois.

Dated: January 23, 2008

**DOLIN, THOMAS & SOLOMON LLP**

By:    s/Sara E. Rook
      J. Nelson Thomas, Esq.
      Sara E. Rook, Esq.
      *Attorneys for Plaintiffs*
      693 East Avenue
      Rochester, New York 14607
      Telephone:  (585) 272-0540
      nthomas@theemploymentattorneys.com
      srook@theemploymentattorneys.com