UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, et al.,

                        *Plaintiffs,*

v.　　　　　　　　　　　　　　　　　　Civil Action No.
　　　　　　　　　　　　　　　　　　　06-CV-6473 L(P)

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND
JASON K. SCHIFFMAN,

                        *Defendants.*

    **Sara E. Rook,** under penalty of perjury deposes and says:

    1.    I am an associate at the law firm Dolin, Thomas & Solomon LLP. My law firm represents the plaintiffs in this action.

    2.    I am fully familiar with the facts and circumstances surrounding this matter, and I make this affirmation in further support of plaintiffs' motion to transfer venue for the individual defendants.

    3.    Plaintiffs proposed a stipulation based on the discussion the parties had with the Court at the oral argument which included transferring venue for the individual defendants to Illinois. The proposed stipulation is attached hereto as Exhibit A.

    4.    It is my understanding that the individual defendants refused to stipulate to a transfer of venue to the Northern District of Illinois.

    5.    Attached hereto as Exhibit B is an excerpt of the transcript of the proceedings dated October 9, 2007.

    6.    Attached hereto as Exhibit C is an excerpt of the transcript of the proceedings dated October 9, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 23, 2008.

                  s/Sara E. Rook
                **SARA E. ROOK**

EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAHAD SIDDIQUI, ET AL.,

                      *Plaintiffs*,

v.

AIRLIE OPPORTUNITY MASTER FUND, LTD.,
ARH MORTGAGE INC., WDM FUND, L.P.,
STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND
JASON K. SCHIFFMAN

                      *Defendants*.

STIPULATION AND ORDER

Civil Action No.
06-CV-6473 L(P)

    **WHEREAS**, defendants Airlie Opportunity Master Fund, Ltd., ARH Mortgage Inc. and WDM Fund, L.P. (the "Corporate Defendants") filed a motion to dismiss, or to stay the action pending arbitration on January 3, 2007 [Docket No. 13];

    **WHEREAS**, default was entered by the Clerk of the Court on December 19, 2006 against defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman (the "Individual Defendants") which was subsequently vacated through a Stipulation and Order entered by the Court on December 27, 2006 [Docket No. 12];

    **WHEREAS**, the Individual Defendants filed a motion to dismiss on January 23, 2007 [Docket No. 24];

    **WHEREAS**, the plaintiffs filed a motion to compel arbitration against the Individual Defendants on March 5, 2007 [Docket No. 33];

    **WHEREAS**, the plaintiffs filed a motion to compel the payment of the arbitration fees and to compel the defendants to engage in arbitration on August 17, 2007 [Docket No. 47];

**WHEREAS**, the above-referenced motions were heard before this Court on October 9, 2007;

**WHEREAS**, the Court instructed the parties to discuss whether the motions could be resolved and to report back on or before November 9, 2007;

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between the undersigned counsel for the Plaintiffs and counsel for Defendants as follows:

1. Plaintiffs and the Corporate Defendants shall arbitrate all claims alleged in the Complaint in this matter before the American Arbitration Association ("AAA") as part of the currently ongoing arbitration, assigned number 11 160 00388 07.

2. The Corporate Defendants agree that the state law claims asserted in this action are properly maintained with the federal claims in the AAA arbitration and shall not seek to have the state law claims dismissed from the arbitration.

3. During the pendency of the arbitration, this action shall be stayed.

4. The Individual Defendants agree that the allegations set forth in the Complaint in this matter against them shall be transferred to the United States District Court for the Northern District of Illinois without any prejudice to the plaintiffs.

5. The Corporate Defendants hereby withdraw their motion to dismiss or in the alternative stay pending arbitration; Individual Defendants hereby withdraw their motion to dismiss; plaintiffs hereby withdraw their motion to compel arbitration against the Individual Defendants; and plaintiffs hereby withdraw their motion to compel against all defendants, thereby terminating Docket Nos. 13, 24, 33, 47.

On behalf of the Plaintiffs

**DOLIN, THOMAS & SOLOMON LLP**

By: _____

J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com


On behalf of the Corporate Defendants

**OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**

By: _____

Richard G. Haddad, Esq.
230 Park Avenue
New York, New York 10169-0075
Telephone: (212) 661-9100
rhaddad@oshr.com


On behalf of the Individual Defendants

**JACKSON LEWIS LLP**

By: _____

Diane Windholz, Esq.
59 Maiden Lane
New York, New York 10038
Telephone: (212) 545-4000
windhold@jacksonlewis.com

IT IS SO ORDERED.

_____
Honorable David G. Larimer
United States District Judge

Dated: November ____, 2007

# EXHIBIT B

```
                                                                    1

 1                    UNITED STATES DISTRICT COURT

 2                    WESTERN DISTRICT OF NEW YORK

 3

 4

 5   - - - - - - - - - - - - - X
     FAHAD SIDDIQUI, et al.,    )   06-CV-6473(L)
 6                  Plaintiffs  )
     vs.                        )
 7                              )   Rochester, New York
     AIRLIE OPPORTUNITY MASTER  )   October 9, 2007
 8   FUND, LTD, et al.,         )   2:00 p.m.
                  Defendants.   )
 9   - - - - - - - - - - - - - X

10

11

12
                        TRANSCRIPT OF PROCEEDINGS
13            BEFORE THE HONORABLE DAVID G. LARIMER
                   UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23
     COURT REPORTER:    Christi A. Macri, FAPR, RMR, CRR, CRI
24                      Kenneth B. Keating Federal Building
                        100 State Street
25                      Rochester, New York 14614-0222
```

14

1 arbitration?  No, I'm just saying you agree?

2 　　　　MS. WINDHOLZ: Correct, correct, Your Honor.

3 　　　　MR. THOMAS: Your Honor --

4 　　　　THE COURT: Well, let me just finish with -- I think
5 plaintiffs have suggested maybe the Court stay this action and let
6 the arbitrations proceed so at least I guess he's protected in
7 terms of statute of limitations issues.

8 　　　　I mean, on first blush, maybe second blush, the
9 arguments relative to jurisdiction are not -- I mean, are not
10 frivolous.  They're strong arguments.  But it's just where it's
11 going to be litigated, and this Court, believe it or not, does
12 have other work to do, and so much of it seems to be already in
13 arbitration.  I'm not sure why it needs to be in two places, here
14 and there.

15 　　　　I guess nobody really suggests that should be the case,
16 but is the issue really whether we just stay this or whether we
17 dismiss it outright?  Is that the issue?

18 　　　　MS. WINDHOLZ: That's the defendants' preference, the
19 case be dismissed.  If the arbitrator were to rule that the
20 individual defendants were not bound by the arbitration agreement,
21 the individual defendants' position would be that the federal
22 court action would more appropriately be brought in Illinois where
23 the individual defendants actually reside.

24 　　　　THE COURT: Wasn't there danger of statute of limitations
25 if this case is dismissed?

# EXHIBIT C

```
                                                                    1

 1                    UNITED STATES DISTRICT COURT

 2                    WESTERN DISTRICT OF NEW YORK

 3

 4

 5   - - - - - - - - - - - - - -X
     FAHAD SIDDIQUI, et al.,      )    06-CV-6473(L)
 6              Plaintiffs        )
     vs.                          )
 7                                )    Rochester, New York
     AIRLIE OPPORTUNITY MASTER    )    October 9, 2007
 8   FUND, LTD, et al.,           )    2:00 p.m.
                Defendants.       )
 9   - - - - - - - - - - - - - -X

10

11

12
                       TRANSCRIPT OF PROCEEDINGS
13            BEFORE THE HONORABLE DAVID G. LARIMER
                    UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23
     COURT REPORTER:    Christi A. Macri, FAPR, RMR, CRR, CRI
24                      Kenneth B. Keating Federal Building
                        100 State Street
25                      Rochester, New York 14614-0222
```

21

```
  1  resolve that.
  2           THE COURT: Well, you got the corporate defendants'
  3  motion to compel arbitration, stay and/or to dismiss; you got
  4  plaintiffs' motion for default against the individual defendants,
  5  which I assume is probably moot; the individual defendants' motion
  6  to dismiss the complaint; plaintiffs' cross-motion to compel the
  7  individual defendants to arbitrate, and maybe some other motions.
  8           But I'm wondering in light of our frank discussion here
  9  today, if somebody couldn't start this off by drafting a proposed
 10  agreement or stipulation as to how to resolve these motions, where
 11  it should be lodged and anything else you think would get this in
 12  one place to be litigated and not in three or four places,
 13  including here.
 14           Is that something that's worth pursuing? Or are we
 15  tilting at windmills here? You want me just to decide it?
 16           MR. THOMAS: Ms. Windholz and I have had a good
 17  relationship in this case, and I think the biggest issues lie
 18  between she and I. And I think with our relationship, hopefully
 19  we can try to well represent our clients, get something done.
 20           THE COURT: Maybe if the tolling period, tolling
 21  agreement is in effect, Mr. Thomas thinks it should be here, you
 22  think it should be in Illinois, there are even -- if it's properly
 23  here, courts do have jurisdiction to transfer under the venue
 24  statute. So that could be another safety net, I guess.
 25           If there are issues under forum, non-convenience that
```