**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

FAHAD SIDDIQUI,
*on behalf of himself and all other employees similarly situated,*

*Plaintiffs,*

v.

STEVE KHOSHABE, JOSEPH KHOSHABE, and JASON SCHIFFMAN,

*Defendants.*

PROPOSED DISCOVERY PLAN

08-cv-02327

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for the parties in the above-captioned matter submit this Proposed Discovery Plan for this Court's review. The Proposed Discovery Plan provides suggested discovery deadlines.

**Proposed Discovery Plan**

1. Consent to Magistrate Jurisdiction

At this time, the parties do not consent to complete disposition of this case before the U.S. Magistrate Judge.

2. Mandatory Disclosure Requirements under Rule 26(a)(1)

Counsel for the parties respectfully suggest that the deadline for Rule 26(a)(1) mandatory disclosures be **July 9, 2008.**

3. Motions to Join Other Parties and Amend Pleadings

Counsel for the parties respectfully suggest that the deadline to join other parties or amend the pleadings be **August 15, 2008.**

4. Deadlines for Discovery

The parties respectfully suggest that the discovery be conducted in phases to promote economic efficiency. The first phase would be limited to determining whether or not the defendants were employers (as, for example, a joint, single, or successor) with discovery and hearings on all other issues awaiting a determination of this threshold issue. The first phase of discovery on the employer issue would be completed on or before **August 29, 2008**. The

plaintiffs would seek documents relating to the defendants' employment with UFMC, Airlie Opportunity Master Fund, ARH Mortgage and WDM Fund. The parties estimate taking no more than five depositions each. After the first phase of discovery is completed, the parties would be in a position to reassess settlement options. Should the case not settle at that point, Defendants and Plaintiffs expect to file a motion for summary judgment on the employer issue.

Additionally, if the Defendants' motion for summary judgment on the employer issue is denied, any additional fact discovery (*i.e.*, the second phase of discovery) would be completed within one hundred and twenty days of the Court's decision.

5. <u>Deadline for Expert Discovery and Compliance with Rule 26(a)(2)</u>

The parties do not anticipate that expert discovery will be necessary in the first phase of discovery.

Should expert discovery be necessary in the second phase of discovery, the parties shall identify any expert witnesses through interrogatories and provide reports pursuant to Fed. R. Civ. P. 26 no later than fifteen days before the close of the second phase of fact discovery. All discovery relating to experts, including depositions, shall be completed within 30 days after the close of the second phase of fact discovery.

6. <u>Protective/Confidentiality Orders</u>

At this time, counsel for the parties anticipate that they will be able to resolve the need for stipulations among themselves.

7. <u>Limitations in Discovery Under Rules 30(a) and 33(a)</u>

The parties agree that, should this matter proceed to the second phase of discovery, there may be a need to change the limitations on discovery as provided in Rule 30(a)(2)(A) and/or Rule 33(a). To the degree that changes need to be made, the parties will confer to attempt to reach an agreement. Counsel for the parties respectfully request that the deadline for dispositive motions on the employer issue be **October 1, 2008.**

- 3 -

Defendants' and Plaintiffs' filing of a motion for summary judgment on the employer issue shall not preclude them from filing a later motion for summary judgment on other issues in the case.  Should the case proceed to the second phase of discovery, dispositive motions on all issues shall be due thirty days after the close of the second phase of fact discovery.

8.   Trial Time

A jury trial has been requested.  The estimated length of trial is three weeks.

| **JACKSON LEWIS LLP** | **DOLIN, THOMAS & SOLOMON LLP** |
|---|---|
| s/Nadine C. Abrahams<br>Nadine C. Abrahams<br>Neil H. Dishman<br>*Attorneys for Defendants*<br>320 West Ohio Street, Suite 500<br>Chicago, Illinois 60610<br>(312) 787-4949 | s/ Sara E. Rook<br>Michael J. Lingle<br>Sara E. Rook<br>*Attorneys for Plaintiffs*<br>693 East Avenue<br>Rochester, New York 14607<br>(585) 272-0540<br><br>Douglas Werman<br>Maureen Bantz<br>WERMAN LAW OFFICE, P.C.<br>77 West Washington Street<br>Chicago, Illinois 60602<br>(312) 419-1008<br>*Local Counsel for Plaintiffs* |

Dated: June 23, 2008