UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FAHAD SIDDIQUI,
*on behalf of himself and all other
employees similarly situated,*

                                      *Plaintiffs,*

        v.

STEVE KHOSHABE, JOSEPH KHOSHABE, and
JASON SCHIFFMAN,

                                      *Defendants.*

PLAINTIFFS' BACKGROUND STATEMENT

08-cv-02327

Pursuant to the June 11, 2008 conference with the Court, the plaintiffs provide this statement to give the Court background information about this case and related cases filed in the Western District of New York. Attached as exhibits are two pertinent arbitration documents.

*CASE 1-*

*McKenzie v. UFMC, Civil Action No. 05-cv-6067,* **(Western District of New York)**

In 2005, Brian McKenzie a Rochester, New York employee of United Financial Mortgage Corporation ("UFMC") filed a class action lawsuit alleging Fair Labor Standards Act ("FLSA") claims in the Western District of New York for violations of state and federal wage and hour law. The plaintiffs made claims for unpaid wages and overtime denied them by UFMC. Because the employees had entered into arbitration agreements with UFMC, the Court ordered that the case be referred to JAMS arbitration. The federal court action was stayed pending the outcome of the arbitration. In the course of the arbitration, the arbitrator granted notice for the plaintiffs on the FLSA claims--including a finding by the arbitrator that employees were similarly situated and should be notified about their right to participate in the case. However in July of 2007, Alliance Bancorp., formerly UFMC, filed for Chapter 7 bankruptcy and the JAMS arbitration was stayed because of the bankruptcy. This case is currently stayed.

*CASE 2-*

*Siddiqui et. al v. Airlie Opportunity Master Fund, ARH Mortgage, WDM Fund, Steve Khoshabe, Jason Khoshabe and Jason Schiffman, Civil Action No. 06-cv-6473,* **(Western District of New York)**

In September 2006, prior to UFMC's filing of bankruptcy, a second lawsuit in federal court was filed against Airlie Opportunity Master Fund, ARH Mortgage Inc., WDM Fund, Steve Khoshabe, Joseph Khoshabe, and Jason Schiffman, UFMC's new owners and managers as employers of the plaintiffs, alleging federal and state wage and hour violations. (Docket No. 1)

Airlie Opportunity Master Fund, ARH Mortgage Inc., and WDM Fund, L.P. ("the corporate defendants") moved to compel arbitration based on an agreement to arbitrate that the plaintiffs signed during the course of their employment which allowed claims to be heard by JAMS or AAA. (Docket No. 13) Plaintiffs agreed with the corporate defendants that arbitration was appropriate and cross moved to compel arbitration. (Docket No. 30) Plaintiffs initiated the arbitration process and proposed to let AAA hear the federal claims and JAMS to hear the state law claims because the defendants had previously objected to the state and federal claims being heard in one suit. The corporate defendants then decided to oppose separate arbitrations, and arbitrated the federal claims only in the AAA forum ignoring the JAMS state law claims.

Steve Khoshabe, Joseph Khoshabe and Jason Schiffman ( "the individual defendants") did not answer the complaint and on December 19, 2006, upon motion by the plaintiffs, the clerk of the Court entered a default against them. (Docket No. 11) After the entry of default, defense counsel agreed to accept service on behalf of the defendants, and in turn, the default was vacated by Stipulation and Order, dated December 27, 2006. (Docket No. 12) The individual defendants then filed a Motion to Dismiss based on jurisdiction. (Docket No. 24) Plaintiffs cross moved to compel arbitration against the individual defendants. (Docket No. 34) Because the

individual defendants claimed that there were not subject to the arbitration agreement because they did not sign it, on June 15, 2007, plaintiffs agreed to stipulate out the individual defendants from the arbitration and proceed against them separately in federal court. (See Exhibit A, Stipulation)

Thereafter, on October 9, 2007, the Western District of New York heard arguments on the parties' motions and instructed the parties to confer on whether the issues could be resolved amongst themselves. (Docket No. 72) During that oral argument and on the record, counsel for the individual defendants conceded that Illinois was an appropriate venue to hear the claims against the individual defendants. (Docket 73, Transcript pgs. 14, 16)

Following the oral argument, plaintiffs proposed a stipulation based on the collective discussion the parties had with the Court at oral argument, which included transferring the venue for the individual defendants to Illinois because they resided there.  For reasons unknown to plaintiffs, even though individual defendants conceded at oral argument that Illinois is an appropriate venue, the individual defendants refused to agree to a stipulation to transfer the case to the Northern District of Illinois.  Defendants Airlie Opportunity Fund, ARH Mortgage and WDM Fund (the corporate defendants) and plaintiffs continued to arbitrate their claims with AAA and split off their part of the case from the individual defendants.  Pursuant to the March 28, 2008 arbitrator's order, no additional respondents can be added the AAA arbitration. (See Exhibit B, Arbitrator's Order, ¶ 2)

In December 2007, corporate defendant ARH Mortgage Inc., filed for bankruptcy which stayed its participation in the case.

On January 23, 2008, plaintiffs formally moved to transfer the individual defendants to the Northern District of Illinois. (Docket No. 158)  On January 29, 2008, Ms. Windholz, counsel for the individual defendants, sent a letter to the Court requesting that all proceedings be stayed

against all defendants because ARH Mortgage had filed for bankruptcy. (Docket No. 163) The Court denied defense counsel's request stating that co defendants could not reap the benefits of ARH Mortgage's bankruptcy stay. (Docket No. 166). On April 7, 2008, the Court granted plaintiff's motion to transfer venue for the individual defendants to the Northern District of Illinois. (Docket No. 186) This case is now before the Northern District of Illinois and the Honorable William T. Hart, known as Civil Action No. 08-cv-2327. The Western District of New York has closed this case because the corporate defendants are arbitrating their claims and the individual defendants have been transferred to a more convenient jurisdiction.

*CASE 3-*

*Siddiqui et. al v. Steve Khoshabe, Joseph Khoshabe, and Jason Schiffman, Civil Action No. 06-cv-6473, (Northern District of Illinois)*

This is the case against the individual defendants that was transferred from the Western District of New York to the Northern District of Illinois. There are currently 291 individuals that have joined the putative class seeking individual liability under the FLSA against the individual defendants alleging federal and state wage and hour violations, specifically for failing to pay overtime and wages to its employees. Each plaintiff has signed a consent form to join the lawsuit. Plaintiffs will be seeking certification of the class. The putative class consists of former employees (loan officers, loan processors and other hourly employees) of UFMC and defendants, seeking unpaid wages and overtime denied them by UFMC and defendants.

# EXHIBIT A

Case 1:08-cv-02327 Document 200-2 Filed 06/23/2008 Page 1 of 8

## April Belardino

| | |
|---|---|
| **From:** | Windholz, Diane (NYC) [WindholD@JacksonLewis.com] |
| **Sent:** | Friday, June 15, 2007 12:08 PM |
| **To:** | Conlonj@adr.org |
| **Cc:** | nthomas@theemploymentattorneys.com; MLingle@theemploymentattorneys.com; jyonkers@hodgsonruss.com; Richard G. Haddad; Lloyd M. Green; Moskowitz, Peter (NYC) |
| **Subject:** | Siddiqui v. Airlie,  No. 11 160 00388 07 |
| **Attachments:** | stipulation and order.pdf |

<<stipulation and order.pdf>>
Mr. Conlon:

Attached is a Stipulation and Order between Plaintiffs and Defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman that the above-referenced arbitration will be withdrawn, without prejudice, as to Defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman.

Diane Windholz

| | |
|---|---|
| **MATTER IN ARBITRATION**<br>FAHAD SIDDIQUI, BRUCE BERGERON, TIMOTHY BOWEN, PAM CAPUANO, ZANDRA CHATMAN, ROBERT CRETELLA, KEVIN CROOKS, CRYSTAL CUNNINGHAM, KAREN DOMINGUEZ, STEVEN ESCHER, BETHANY FAZILAT, ERIK GARCIA, IAN GOOLDY, KATHLEEN JANNINCK, DAVID KEIM, LINDA KOPMAN, BRIAN McKENZIE, NAOMI MIRKIN, RONALD SANCHEZ, ADAM SCHEMER, ALISON WASKIEWICZ, SAMNANG WATTERS AND CHARLES YOUNG,<br>*on behalf of themselves and all other employees similarly situated,*<br>                                    *Plaintiffs,*<br>v.<br>AIRLIE OPPORTUNITY MASTER FUND, LTD., ARH MORTGAGE INC., WDM FUND, L.P., STEVE Y. KHOSHABE, JOSEPH KHOSHABE, JASON K. SCHIFFMAN,<br>                                    *Defendants.* | AAA Case No.: 11 160 00388 07<br><br>**STIPULATION AND ORDER** |

 **IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiffs and Defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman, through their undersigned counsel, that the above-captioned arbitration will be withdrawn, without prejudice, as to Defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman.

 **IT IS FURTHER STIPULATED AND AGREED** by the undersigned counsel that Defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman, do not waive their right to raise, by motion or otherwise, any objections or affirmative defenses, including, but not limited to, regarding personal or subject matter jurisdiction over any of the foregoing named Defendants.

 **IT IS FURTHER STIPULATED AND AGREED** by the undersigned counsel that the statute of limitations for the claims of any putative class member is tolled from June 7,

2007 until ten (10) calendar days following written notice by either party to the other that the tolling provisions of this Stipulation and Order are no longer in effect.

Respectfully submitted,

DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, New York 10004
(585) 272-0540

Dated: June 14, 2007
Rochester, New York

By: _____
Michael Lingle
Nelson Thomas

ATTORNEYS FOR PLAINTIFFS

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

Dated: June 14, 2007
New York, New York

By: _____
Diane Windholz
Peter Moskowitz

ATTORNEYS FOR DEFENDANTS
STEVE Y. KHOSHABE, JOSEPH KHOSHABE AND
JASON K. SCHIFFMAN

2

# EXHIBIT B

Case 1:08-cv-02327   Document 200-2   Filed 06/23/2008   Page 5 of 8

AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between:

    FAHAD SIDDIQUI, et al.,  Claimants,

    and

AIRLIE OPPORTUNITY MASTER
FUND, LTD., ARH MORTGAGE INC.,
WDM FUND, LP, STEVE Y. KHOSABE,
JOSEPH KHOSABE and JASON K.
SCHIFFMAN,

                      Respondents.

No. 11-160-00388 07

### Report of Preliminary Pre-hearing and Scheduling Order #2

    Pursuant to the American Arbitration Association Employment Arbitration Rules and Mediation Procedures (amended and effective as of July 1, 2006), a preliminary hearing tele-conference was held on March 27, 2008 with Arbitrator Ruth D. Raisfeld, Esq.

    Appearing at the hearing by telephone was: AAA Case Manager Joseph P. Conlon, Michael J. Lingle, Esq. and Sara Rook, Esq. of Dolin Thomas & Solomon, LLP for Claimants, and Richard Haddad, Esq. and Lloyd Green, Esq. of Otterbourg, Steindler, Houston & Rosen, PC, for Respondents.

    Having reviewed the Arbitrator's Disclosures, dated February 16, 2007, and by agreement of Counsel and Order of the Arbitrator, the following are now in effect:

(1) **Agreement to Arbitrate**: The parties have agreed to submit to arbitration before Arbitrator Raisfeld, the Amended Demand, dated March 29, 2007, and exhibits thereto, pursuant to an arbitration agreement, a copy of which is attached as Exhibit C, thereto.

(2) **Respondents**: Due to bankruptcy filing, ARH Mortgage Inc. is no longer a Respondent in this arbitration. No additional Respondents will be added to this arbitration.

(3) **Amendments:** No additional amendments have been filed to date. Counsel may or may not stipulate as to whether the parties will seek to request the AAA to hear additional claims. Should counsel be unable to stipulate, any motions to amend the Amended Demand to add additional claims shall be made no later than the date Counsel agree upon to submit a stipulation on discovery issues as set forth further below. Any opposition to any motion to amend shall be served within ten (10) days thereof. Upon review of the foregoing papers, the Arbitrator shall issue a ruling with respect to any proposed amendments.

(3) **Applicable Rules:** AAA Employment Rules & Mediation Procedures, as amended and in effect July 1, 2006 ("AAA rules") shall apply.

(4) **Bifurcation:** Per stipulation of the parties as set forth in a letter dated September 10, 2007 to Mr. Conlon, and by order of the Arbitrator, dated September 14, 2007, "the parties to this arbitration have agreed that the first phase of this arbitration will be limited to determining whether or not the Respondents were an employer (as for example, a joint, single, or successor) and/or alter ego of UFMC, with discovery and hearings on all other issues awaiting the determination of this threshold issue."

(5) **Discovery:** This Order prescribes certain discovery. The parties shall work out a discovery plan cooperatively. The Arbitrator shall determine permissible discovery if the parties are unable to agree.

    (a) Claimants' Motion for Protective Order, dated December 11, 2007, is denied in part, and granted in part, as further set forth below:

        1. Counsel shall notify the AAA on or before 5 p.m. on March 31, 2008, of the date by which they shall stipulate or otherwise agree as to documents and information that the parties will exchange.

        2. Respondents' requests for production/interrogatories shall be limited to the stipulated issue set forth above in paragraph 4; to that extent, Respondents' Requests for Production 7, 8, 9 and 10 are stricken and Respondents' Interrogatories 10, 11, 12 and 13 are stricken.

(6) **Discovery disputes:** In the event the parties have a dispute with respect to any discovery issue, and the parties are not able to resolve such dispute, the parties shall submit the matter to the Arbitrator through the AAA for ruling, appending thereto a brief statement setting forth with respect to each issue: the

2

discovery request objected to, the objection raised, and the arguments with respect to the issue.

(7) All deadlines stated herein will be strictly enforced. Any requests for extensions, adjournments, or modifications shall first be presented to opposing counsel, and failing agreement, shall be submitted to the AAA for consideration by the Arbitrator, which shall be granted only in case of good cause shown.

(8) There shall be no ex parte communications between any party and the Arbitrator and all communications, written and oral, shall be scheduled and conducted through AAA.

(9) Please remember that the initiation of arbitration does not preclude settlement discussions among the parties, or submission of the matter to mediation, which may occur at any time.

(10) This order shall continue in effect unless and until amended by subsequent order of the Arbitrator.

Dated: March 28, 2008

(S)_____

Ruth D. Raisfeld, Arbitrator

3