IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAHAD SIDDIQUI,<br>*on behalf of himself and all other*<br>*employees similarly situated,*<br><br>*Plaintiffs,*<br><br>v.<br><br>STEVE KHOSHABE, JOSEPH KHOSHABE, and JASON SCHIFFMAN,<br><br>*Defendants.* | Case No.: 08-cv-02327 |

## DEFENDANTS' ANSWER AND DEFENSES

Defendants Steve Khoshabe, Joseph Khoshabe, and Jason Schiffman (collectively "Defendants"), answer the Complaint of Plaintiff Fahad Siddiqui and all other employees purportedly similarly situated ("Plaintiffs") as follows:

**PARAGRAPH NO. 1**:

This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiffs Fahad Siddiqui, Bruce Bergeron, Timothy Bowen, Pam Capuano, Zandra Chatman, Robert Cretealla, Kevin Crooks, Crystal Cunningham, Karen Dominguez, Steven Escher, Bethany Fazilat, Erik Garcia, Ian Gooldy, Kathleen Janninck, David Keim, Linda Koprnan, Brian McKenzie, Naomi Mirkin, Ronald Sanchez, Adam Schemer, Alison Waskiewicz, Samnang Waters and Charles Young individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); the New York State Labor Law; and the laws of the various States in which defendant does business.

**ANSWER**:

Defendants admit that Plaintiffs purport to bring suit under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); the New York State Labor Law; and the laws of various other States. Defendants deny that Plaintiffs are entitled to relief under those statutes, and deny the remaining allegations of Paragraph No. 1.

**PARAGRAPH NO. 2**:

The claims arising under New York State Labor Law, other state labor laws and state contract laws are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 2.

**PARAGRAPH NO. 3**:

The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

**ANSWER**:

Defendants deny the allegations of Paragraph No. 3.

**PARAGRAPH NO. 4**:

The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of:

(i) individuals who currently and formerly were suffered or permitted to work for defendants or its subsidiaries or divisions or other joint employers, including United Financial Mortgage Company ("United Financial");

(ii) anytime during the last six years;

(iii) who were paid on an hourly basis; and

(iv) who were not fully compensated for all work performed either at regular or premium overtime rates for such work.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 4.

**PARAGRAPH NO. 5**:

Plaintiffs understand that defendants paid individuals who performed work as a Loan Officer or its functional equivalent on an hourly basis. However, to the degree an individual performed some work in a week as a Loan Officer or its functional equivalent and was paid on a salaried basis for work that week, those individuals form a separate subclass of Loan Officers misclassified as exempt from the FLSA and relevant law.

**ANSWER**:

Defendants deny that they were Plaintiffs' "employer" as defined under the FLSA and applicable state laws, and thus deny that they paid individuals who performed work as a Loan Officer or its functional equivalent on an hourly basis, and further deny that they misclassified any Plaintiff as exempt from the FLSA and relevant law. Defendants also deny that the certification of any class or subclass is appropriate in this case. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 5.

**PARAGRAPH NO. 6**:

The class size is believed to be over 50 employees.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 6.

**PARAGRAPH NO. 7**:

The named plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

**ANSWER:**

Defendants deny the allegations of Paragraph No. 7.

**PARAGRAPH NO. 8**

There are no known conflicts of interest between the named plaintiffs and the other class members.

**ANSWER**:

Defendants deny that the certification of any class or subclass is appropriate in this case. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 8.

**PARAGRAPH NO. 9**:

The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

**ANSWER**:

Defendants admit that Dolin, Thomas & Solomon LLP, is qualified and able to litigate class claims generally. Defendants deny that class certification is appropriate in this case, and deny the remaining allegations of Paragraph No. 9.

**PARAGRAPH NO. 10:**

The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 10.

**PARAGRAPH NO. 11**:

Common questions of law and fact predominate in this action because the claims of all class members are based on whether defendants' policy of not paying statutory overtime to exempt and/or nonexempt employees for all hours worked in excess of forty per week violates New York Labor Law and other state statutes requiring the payment of overtime.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 11.

**PARAGRAPH NO. 12**:

The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 12.

**PARAGRAPH NO. 13**:

Airlie Opportunity Master Fund, Ltd. is a Cayman Islands Limited Partnership with its headquarters in Greenwich, Connecticut.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 13.

**PARAGRAPH NO. 14**:

ARH Mortgage Inc. is a Delaware corporation and the sole shareholder of United Financial.

**ANSWER**:

Defendants admit the allegations of Paragraph No. 14.

**PARAGRAPH NO. 15**:

WDM Fund LP is a Delaware limited partnership associated with Airlie Opportunity Master Fund, Ltd.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 15.

**PARAGRAPH NO. 16**:

Steve Y. Khoshabe was the President and Chief Executive Officer of United Financial.

**ANSWER**:

Defendants admit the allegations of Paragraph No. 16.

**PARAGRAPH NO. 17**:

Joseph Khoshabe was the Chairman of the United Financial and was responsible for the commercial lending operations. Mr. Khoshabe previously served as the President and Chief Executive Officer.

**ANSWER**:

Defendants admit that Joseph Khoshabe previously served as the President and as the Chairman of the Board of Directors of United Financial Mortgage Corporation. The term "was responsible for the commercial lending operations" is vague and subject to multiple interpretations, and thus Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation. Defendants deny the remaining allegations of Paragraph No. 17.

**PARAGRAPH NO. 18**:

Jason K. Schiffman was the Executive Vice President-Operations of United Financial.

**ANSWER**:

Defendants admit the allegations of Paragraph No. 18.

**PARAGRAPH NO. 19**:

Upon information and belief, defendants are an enterprise engaged in interstate commerce, with annual gross volume of sales made not less than $500,000.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 19.

**PARAGRAPH NO. 20**:

Defendants are the employer of plaintiffs within the meaning of 29 U.S.C. § 203(d) and/or joint employers of the plaintiffs and comprise an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

**ANSWER**:

Defendants deny the allegations of Paragraph No. 20.

**PARAGRAPH NO. 21**:

Upon information and belief, the defendants are alter egos of each other and of United Financial.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 21.

**PARAGRAPH NO. 22**:

Upon information and belief, defendants Steve Y. Khoshabe, Joseph Khoshabe and Jason K. Schiffman are employers of the plaintiffs.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 22.

**PARAGRAPH NO. 23**:

The named plaintiffs are former employees of defendants who were not fully compensated for all work performed either at regular or premium overtime rates for such work.

**ANSWER**:

Defendants deny that any plaintiff is their former employee, or that they were an "employer" of any plaintiff as that term is defined under the FLSA or any applicable state law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 23.

**PARAGRAPH NO. 24**:

The class and collective action members ("Class Members") are those employees similarly situated to named plaintiffs as set forth above.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 24.

**PARAGRAPH NO. 25**:

Defendants' policy and/or practice was not to pay employees for all hours employees worked.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 25.

**PARAGRAPH NO. 26**:

When employees did not receive compensation for hours in excess of 40 hours in a week, defendants violated the FLSA, applicable state labor laws and breached its contracts with plaintiffs.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 26.

**PARAGRAPH NO. 27**:

When employees did not receive compensation for any other hours, defendants violated applicable state labor laws and breached its contracts with plaintiffs.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 27.

**PARAGRAPH NO. 28**:

Named plaintiffs and Class Members frequently worked over 40 hours in a week while employed by defendants.

**ANSWER**:

Defendants deny that Plaintiffs were employed by Defendants, and thus deny the allegations of Paragraph No. 28.

**PARAGRAPH NO. 29**:

Defendants' policy and/or practice was to not compensate named plaintiffs and Class Members for all work performed either at regular or premium overtime rates for such work.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 29.

**PARAGRAPH NO. 30**:

Defendants knew plaintiffs were supposed to be paid statutory overtime, however, defendants willfully failed to pay statutory overtime for all hours when named plaintiffs and Class Members worked over 40 hours in a week.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 30.

**PARAGRAPH NO. 31**:

Defendants also knew plaintiffs were supposed to be paid for all time worked, however, defendants willfully failed to pay for all hours worked.

**ANSWER:**

Defendants deny the allegations of Paragraph No. 31.

**PARAGRAPH NO. 32:**

The defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements and state labor laws.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 32.

**PARAGRAPH NO. 33**:

This failure to pay for all time worked as required by the FLSA, the New York Labor Law and the various state laws was willful.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 33.

**PARAGRAPH NO. 34:**

Plaintiffs understand that they have signed arbitration agreements. However, it is not clear that defendants are subject to or have agreed to be bound by such agreements.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs understand that they have signed arbitration agreements. Defendants admit the remaining allegations of Paragraph No. 34.

**PARAGRAPH NO. 35**:

Plaintiffs reallege the above paragraphs as if fully restated herein.

**ANSWER**:

Defendants reallege their answers to the above paragraphs as if fully restated herein.

**PARAGRAPH NO. 36**:

Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 36.

**PARAGRAPH NO. 37**:

Plaintiffs reallege the above paragraphs as if fully restated herein.

**ANSWER**:

Defendants reallege their answers to the above paragraphs as if fully restated herein.

**PARAGRAPH NO. 38**:

Defendants willfully violated their obligations under the New York Labor Law and are liable to plaintiffs.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 38.

**PARAGRAPH NO. 39**:

Plaintiffs reallege the above paragraphs as if fully restated herein.

**ANSWER**:

Defendants reallege their answers to the above paragraphs as if fully restated herein.

**PARAGRAPH NO. 40**:

Defendants willfully violated their obligations under the laws of the various states in which United Financial does business and are liable to plaintiffs.

**ANSWER**:

Defendants deny the allegations of Paragraph No. 40.

## **DEFENSES**

1. Plaintiffs' claims are barred to the extent that any portion of their claims falls outside the applicable statutes of limitations.

2. Plaintiffs' claims are barred to the extent that any Plaintiff is exempt from the Fair Labor Standards Act or any other law under which Plaintiffs seek relief.

3. Defendants acted reasonably and in good faith at all times, pursuant to 29 U.S.C. §§ 258(a) and 259(a), and, therefore, Plaintiffs' claims and those of any current or former employee alleged to be similarly situated to Plaintiffs are barred in whole or in part.

4. Plaintiffs lack standing to pursue claims in any state other than those in which they worked.

5. The Commerce Clause, the Due Process Clause, and the Full Faith and Credit Clause of the Constitution of the United States, and any parallel provisions of any applicable state constitution, bar this Court from regulating commerce that took place wholly outside the borders of any state in question.

6. Plaintiffs are precluded from recovering liquidated and/ or punitive damages, either in whole or in part, because Defendants at all times acted in good faith and had reasonable grounds for believing that they fully complied with the applicable law.

7. Plaintiffs cannot bring an opt-in and opt-out class in the same lawsuit under the Rules Enabling Act as well as under basic issues of fairness and manageability associated with the inherent conflict and inconsistencies created by maintaining both causes of action in the same lawsuit.

8. To the extent that Plaintiffs have failed or fail to make good-faith, diligent efforts to mitigate any purported damages, any relief awarded should be reduced, in whole or in

part.


Dated:  July 9, 2008                          **STEVE KHOSHABE, JOSEPH KHOSHABE, AND JASON K. SCHIFFMAN**

                                                         By:   s/ Nadine C. Abrahams
                                                                 One of Defendants' Attorneys

Nadine C. Abrahams
Neil H. Dishman
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, IL 60610
(312) 787-4949

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on July 9, 2008 he caused a true and correct copy of the foregoing Defendants' Answer and Defenses to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system, including:

J. Nelson Thomas
Michael J. Lingle
Sara Rook
693 East Avenue
Rochester, NY 14607

Douglas Werman
Maureen Bantz
Law Offices of Douglas Werman
77 W. Washington
Suite 1402
Chicago, IL 60602

s/ Neil H. Dishman
Neil H. Dishman