## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**FAHAD SIDDIQUI,**
*on behalf of himself and all other*
*employees similarly situated,*

Case No.: 08-cv-02327

*Plaintiffs,*

v.

**STEVE KHOSHABE, JOSEPH KHOSHABE, and**
**JASON SCHIFFMAN,**

*Defendants.*

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Defendants Steve Khoshabe, Joseph Khoshabe, and Jason Schiffman ("Defendants") move this Court for an Order preventing Plaintiffs from obtaining production of certain documents and information from four non-parties via subpoena. This discovery should not be permitted because it is overbroad, premature, and seeks information well beyond the limited scope of discovery established by this Court's order of June 25, 2008, which restricted discovery to the question whether Defendants can be held liable as Plaintiffs' "employers" under the Fair Labor Standards Act ("FLSA"). As explained more fully below, Plaintiffs appear to be using this venue to obtain vast amounts of discovery for use in pending litigation in New York, which is unrelated to the subject matter at issue at this point in this case. Defendants thus move for an order limiting the subpoena recipients from producing any documents on any issue other than the Defendants' potential employer liability in this action.

## I. **Factual Background**

To put this Motion in the proper context, some background is necessary regarding related litigation between the Plaintiffs and other entities.[1]

In 2005, Plaintiffs filed suit against United Financial Mortgage Corporation ("UFMC") in the Western District of New York, alleging violations of the FLSA.  However, Plaintiffs had arbitration agreements with UFMC, and thus the Court ordered that the matter be arbitrated and stayed the court case pending the arbitration outcome.  This matter is referred to as "Arbitration I" herein.

UFMC was subsequently sold.  In September 2006, Plaintiffs filed a second suit in the Western District of New York against several alleged successors of, or alleged joint employers with, UFMC, namely Airlie Opportunity Master Fund, ARH Mortgage, and WDM Fund. Plaintiffs also named as defendants Steve Khoshabe, Joseph Khoshabe, and Jason Schiffman, former UFMC executives who are now the three Defendants in the case at bar.  Airlie, ARH, and WDM moved to compel arbitration, which the court eventually granted ("Arbitration II").

In July 2007, Alliance Bancorp (the company formerly known as UFMC) declared bankruptcy.  Arbitration I was accordingly stayed, and on information and belief, it is currently still stayed.

In December 2007, ARH declared bankruptcy, and the claims against it in Arbitration II were thus stayed.

In the second Western District of New York lawsuit, the Defendants at bar (Khoshabe, Khoshabe, and Schiffman) did not move for arbitration as the other defendants in that suit did, but instead moved to dismiss based on lack of personal jurisdiction.  Plaintiffs cross-moved to

---

[1]     Most of the information in this section is drawn from Plaintiffs' Background Statement filed on June 23, 2008 (Docket No. 200).

transfer their claims against Defendants to the Northern District of Illinois. The court granted this motion in April 2008, thus creating the instant action in this Court involving only these three Defendants.

On information and belief, neither Arbitration I nor Arbitration II has reached discovery either on the merits of Plaintiffs' FLSA claims or whether Airlie, ARH, or WDM were the Plaintiffs' "employers."

On June 25, 2008, this Court ordered the parties to conduct limited discovery solely on the question whether Defendants were Plaintiffs' "employers" within the meaning of the FLSA.

Plaintiffs recently served Defendants with notice of four subpoenas they intend to serve on Jeoffrey Burtch, Montauge S. Claybrook, Dort Cameron III, and the Custodian of Records for Airlie Group ("the Third Parties"). (Ex. A.) Cameron is identified on the subpoena as a representative of Airlie, and on information and belief, Burtch and Claybrook are trustees in Alliance Bancorp/UFMC's bankruptcy proceeding. The "Schedules" of requested documents attached to the four subpoenas appear to be identical. (*See id.*)

## II. **Standard of Review**

Under Rule 26(c) of the Federal Rules of Civil Procedure, upon motion by a party or by any person from whom discovery is sought, the Court may:

> make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that disclosure or discovery not be had. . . .

Fed. R. Civ. P. 26(c)(1). The federal rules give additional discretion to a district court to limit discovery in the event that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

> expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  The court may act on its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Fed. R. Civ. P. 26(b)(2)(C).

The party seeking the protective order bears the burden of showing good cause for a protective order by pointing to "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

## III.    Argument

### A.  Overbreadth of the Subpoenas

The four subpoenas go far beyond the scope of the issue currently in discovery: whether Defendants can be held liable as "employers" of Plaintiffs.[2]

As an initial matter, the preamble to the subpoenas is wildly overbroad.  It asks for "all documents . . . relating to ARH Mortgage, Airlie Opportunity Master Fund, WDM Fund and Alliance Bancorp, formerly known as United Financial Mortgage Corporation ("UFMC"), Joseph Khoshabe, Steve Khoshabe, and Jason Schiffman."  (Ex. A at "Schedule A.")  In other words, the subpoenas essentially ask for every document having anything at all to do with ARH, Airlie, WDM, Alliance, and UFMC (hereafter "the Companies") and Defendants, with no limitations whatsoever on subject matter.  It is difficult to imagine a broader discovery request.

The subpoenas then give a list of illustrative categories of documents.  Every one of the items on the list is overbroad and beyond the current scope of discovery in some way.  The items can be broken into three categories.

---

[2]    As the four subpoenas appear to be identical in content, Defendants analyze them collectively herein.

4

First, some of the items have no bearing on the "employer" issue at all.  These items include:

- (b), seeking "documents regarding the bankruptcy of UFMC";

- (e), seeking "documents concerning the operating practices and management practices" of the Companies;

- (f), seeking documents concerning ARH, Airlie, and WDM's "involvement in UFMC's decision-making processes, including, without limitation, decisions relating to management, operations, employees, marketing, advertising, client development, client solicitation, client retention and portfolio management";

- (g), seeking "documents concerning any officers, executives, employees, records, services, offices, or equipment shared" among the Companies;

- (h), seeking "documents concerning the sharing of bank accounts, accounts receivable, inventories, credit lines or any other financial management arrangement between" the Companies;

- (i), seeking "documents concerning any financial arrangements between" the Companies;

- (j), seeking "documents concerning the maintenance of UFMC's financial statements or preparation of UFMC's tax returns," including any involvement by the other Companies in such matters;

- (l), seeking documents concerning ARH, Airlie, or WDM's "involvement in UFMC's labor relations or human resources" and

- (n) seeking "documents concerning the officers of" the Companies.

(Ex. A.)  Again, the only issue currently open for discovery is whether Defendants were Plaintiffs' employers.  The items above, by their very terms, have nothing to do with Defendants,

but instead seek copious information about the involvement of entities that are not party to this suit. Moreover, even if these items sought information about Defendants rather than the Companies, their subject matter is still not pertinent to the question of employer liability. To take just one example, consider item (j). The maintenance of UFMC's financial statements, particularly whether any of the other Companies maintained UFMC's statements, cannot be arguably relevant to whether the individually named Defendants were Plaintiffs' "employers."

Second, some of the other items on the list are at least arguably relevant as to subject matter, but they are still overbroad in this context because they seek information about the Companies rather than about Defendants. These include:

- (a), seeking documents containing information "about the merger and acquisition" of the Companies;

- (c), seeking "documents demonstrating the ownership interest between and/or among" the Companies;

- (d), seeking "documents reflecting the organizational structure and reporting relationships" between the Companies;

- (k), seeking "documents setting forth or otherwise displaying or describing the organizational structure, management structure, and/ or operational structure" between the Companies; and

- (m), seeking "documents concerning the officers of" the Companies.

(Ex. A.) Were Plaintiffs seeking information about the ownership interest, reporting relationships, and the like between *Defendants*, these items would at least be arguably relevant to

Defendants' potential employer liability.[3]  But again, Plaintiffs instead seek this information as it pertains to the Companies, none of whom are parties to this suit.  This information may be relevant to Plaintiffs' claims against the Companies in Arbitration I and Arbitration II, but Plaintiffs should not be allowed to use this venue to seek copious discovery that pertains only to other matters in other venues against other defendants.

Third and finally, the four remaining items on the list – items (o), (p), (q), and (r) – do not suffer the same defects as the items discussed above, as they are directed at information involving the Defendants and on subject matters that may be pertinent to whether Defendants were "employers."  However, they suffer from a different type of overbreadth – they go beyond whether Defendants were "employers" *of the Plaintiffs*.  For example, item (r) seeks documents regarding Defendants' role in "determining the rate or method of pay to UFMC employees." (Ex. A.)  Defendant Steve Khoshabe, the former CEO of UFMC, may well have determined the pay of employees who reported directly to him – the CFO, for instance – but that is not relevant to whether he determined the pay of the Plaintiffs and thus could be considered Plaintiffs' "employer."  Items (o) through (r) should thus be limited to information that pertains to the Plaintiffs, rather than to all UFMC employees.

B. *Compliance with Local Rule 37.2*

Mindful of Local Rule 37.2, counsel for Defendants, Neil Dishman, discussed all of the above issues with counsel for Plaintiffs, Michael Lingle, via telephone on August 19, 2008. Plaintiffs' counsel claimed that all of the information sought is relevant because Defendants may "point the finger" at one of the Companies as being the Plaintiffs' employer instead of them, and

_____

[3]     Please note that Defendants only state here that these topics are *arguably* relevant to employer liability if directed toward the appropriate parties.  Defendants do not concede that they would, in fact, be relevant, and thus Defendants reserve the right to later object to any discovery sought from Defendants on these topics.

thus Plaintiffs are entitled to information about whether any of the Companies may meet the FLSA's definition of "employer." This is incorrect; whether the Companies are "employers" has no bearing on whether Defendants are "employers." Multiple entities and/or individuals can be the "employer" of an employee; thus, even if Defendants claimed that one of the Companies met the FLSA's definition of "employer," that would not establish one way or another whether Defendants also meet that definition.

Plaintiffs' counsel also stated that any evidence whatsoever of an interrelationship between any of the Companies is evidence of a joint-employer relationship, even if that evidence has nothing to do with Plaintiffs' wages, hours, or working conditions. If the Court were to adopt this position, it would lead to essentially limitless discovery into every aspect of an alleged "employer's" operations, all for what should be a narrow inquiry into the alleged "employer's" relationship with the employees.

Finally, Plaintiff's counsel stated that he drafted the subpoenas broadly because he does not yet know what categories or types of documents may exist or be in the possession of the subpoena recipients. However, that is true almost any time a party serves a subpoena; it cannot be used as an excuse for wildly overbroad requests such as those at issue here.

The outcome of the parties' Rule 37 conference was that Plaintiffs' counsel declined to narrow the subpoenas in any way; indeed, he stated that the Court would likely have to resolve these issues. Defendants' counsel then sent an e-mail to Plaintiffs' counsel confirming their conversation. (Ex. B.) Accordingly, the parties have met their duty under Local Rule 37.2 to confer in good faith before bringing discovery motions.

## IV.    Conclusion

Plaintiffs' four subpoenas go far beyond the scope of discovery ordered by this Court, which is currently limited to the potential employer liability of Defendants. Indeed, the subpoenas appear to be an attempt to conduct discovery on issues that are pending in other forums against other parties. Plaintiffs should not be allowed to shoehorn their discovery for other matters into this litigation. Accordingly, Defendants ask the Court for an Order:

A.    Preventing any discovery on items (a) through (n) in the subpoenas;

B.    Limiting discovery on items (o) through (r) in the subpoenas to Plaintiffs, rather than all employees of UFMC;

C.    Awarding Defendants their costs, including attorney fees, incurred in bringing this Motion, pursuant to Fed R. Civ. P. 26(c)(3); and

D.    Awarding any other relief the Court deems appropriate.


Dated:  August 29, 2008

**STEVE KHOSHABE, JOSEPH KHOSHABE, AND JASON K. SCHIFFMAN**

By:    s/ Nadine C. Abrahams
        One of Defendants' Attorneys

Nadine C. Abrahams
Neil H. Dishman
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, IL 60610
(312) 787-4949

9

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on August 29, 2008, he caused a true and correct copy of the foregoing Defendants' Memorandum in Support of Motion for Protective Order to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system, including:

J. Nelson Thomas
Michael J. Lingle
Sara Rook
693 East Avenue
Rochester, NY 14607

Douglas Werman
Maureen Bantz
Law Offices of Douglas Werman
77 W. Washington
Suite 1402
Chicago, IL 60602


s/ Neil H. Dishman
Neil H. Dishman

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

### District of Delaware

FAHAD SIDDIQUI, et al.

V.

STEVE KHOSHABE, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08-cv-02327, N.D. of Illinois

TO:  Jeoffrey Burtch
Cooch & Taylor
824 Market Street Mall, 10th Floor,
Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached schedule A.

| PLACE    William D. Sullivan, LLC<br>4 East 8th Street, Suite 400, Wilmington, DE 19801 | DATE AND TIME<br>9/2/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *J. Nelson Thomas* | 8/15/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

J. Nelson Thomas
Dolin, Thomas & Solomon LLP, East Avenue, Rochester, New York 14607

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

This request includes, but is not limited to, photocopies of all documents[1] created, obtained or acquired by you, or that are in your possession, relating to[2] ARH Mortgage, Airlie Opportunity Master Fund, WDM Fund and Alliance Bancorp, formerly known as United Financial Mortgage Corporation ("UMFC"), Joseph Khoshabe, Steve Khoshabe, and Jason Schiffman (defendants). This request therefore includes, but is not limited to the following:

a.) photocopies of all documents containing any information about the merger and acquisition of UFMC and ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

b.) photocopies of any and all documents regarding the bankruptcy of UFMC;

c.) photocopies of any and all documents demonstrating the ownership interest between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

d.) photocopies of any and all documents reflecting the organizational structure and reporting relationships between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

e.) photocopies of any and all documents concerning the operating practices and management practices of UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund, including, without limitation, any documents concerning ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund's involvement with UFMC's operating practices and management practices;

f.) photocopies of any and all documents concerning ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund's involvement in UFMC's decision-making processes, including, without limitation, decisions relating to management, operations, employees, marketing, advertising, client development, client solicitation, client retention and portfolio management;

g.) All documents concerning any officers, executives, employees, records, services, offices or equipment shared between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

h.) Any documents concerning the sharing of bank accounts, accounts receivable, inventories, credit lines or any other financial management arrangement between

---

[1]    In addition to all paper documents, "document" is intended to include computer disks or tapes, electronic data, electronic mail ("e-mail"), any computer stored information and any other data compilation from which information can be obtained or translated into reasonably usable form.

[2]    "Relating to" means concerning, referring to, describing, evidencing or constituting.

and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

i.) Any documents concerning any financial arrangements between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

j.) Any documents concerning the maintenance of UFMC's financial statements or preparation of UFMC's tax returns, including, without limitation, any involvement by ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund or their agents;

k.) All documents setting forth or otherwise displaying or describing the organizational structure, management structure and/or operational structure in place between or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

l.) All documents concerning ARH Mortgage, Airlie Opportunity Master Fund, or WDM Fund's involvement in UFMC's labor relations or human resources;

m.) All documents concerning employment-related decisions made by UFMC, including, without limitation, hiring, firing, demotion and promotion decisions, setting of benefits and/or salary for any employee and any involvement or input in such decisions by ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund; and

n.) Any documents concerning the officers of UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

o.) photocopies of any and all documents authored by, concerning or involving Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman;

p.) photocopies of any and all documents involving Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman's power to hire and fire employees at UFMC, Alliance Bancorp, Alliance Mortgage, Airlie Opportunity Master Fund, WDM Fund, ARH Mortgage and any and all limitations on their power to hire and fire their employees;

q.) photocopies of any and all documents involving any role, directly or indirectly, that Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman played in supervising or controlling employee work schedules and supervising and/or controlling the work conditions of employees at UFMC, Alliance Bancorp, Alliance Mortgage, Airlie Opportunity Master Fund, WDM Fund, and/orARH Mortgage and any and all limitations on their ability to supervise or control work schedules and the work conditions of their employees; and

r.) photocopies of any and all documents involving any role, directly or indirectly, Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman played in determining

the rate or method of pay to UFMC employees and any and all limitations on their ability to determine the rate or method of pay to UFMC employees.

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### District of Delaware

FAHAD SIDDIQUI, et al.

v.

STEVE KHOSHABE, et al.

### SUBPOENA IN A CIVIL CASE

Case Number:[1]  08-cv-02327, N.D. of Illinois

TO:  Montauge S. Claybrook
      913 N. Market Street, Suite 900
      Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached schedule A.

| PLACE    William D. Sullivan, LLC                        4 East 8th Street, Suite 400, Wilmington, DE 19801 | DATE AND TIME    9/2/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)      *J. Nelson Thomas* | DATE    8/15/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

J. Nelson Thomas
Dolin, Thomas & Solomon LLP, East Avenue, Rochester, New York 14607

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                              SIGNATURE OF SERVER

                                                _____
                                                   ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

This request includes, but is not limited to, photocopies of all documents[1] created, obtained or acquired by you, or that are in your possession, relating to[2] ARH Mortgage, Airlie Opportunity Master Fund, WDM Fund and Alliance Bancorp, formerly known as United Financial Mortgage Corporation ("UMFC"), Joseph Khoshabe, Steve Khoshabe, and Jason Schiffman (defendants). This request therefore includes, but is not limited to the following:

a.) photocopies of all documents containing any information about the merger and acquisition of UFMC and ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

b.) photocopies of any and all documents regarding the bankruptcy of UFMC;

c.) photocopies of any and all documents demonstrating the ownership interest between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

d.) photocopies of any and all documents reflecting the organizational structure and reporting relationships between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

e.) photocopies of any and all documents concerning the operating practices and management practices of UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund, including, without limitation, any documents concerning ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund's involvement with UFMC's operating practices and management practices;

f.) photocopies of any and all documents concerning ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund's involvement in UFMC's decision-making processes, including, without limitation, decisions relating to management, operations, employees, marketing, advertising, client development, client solicitation, client retention and portfolio management;

g.) All documents concerning any officers, executives, employees, records, services, offices or equipment shared between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

h.) Any documents concerning the sharing of bank accounts, accounts receivable, inventories, credit lines or any other financial management arrangement between

---

[1]   In addition to all paper documents, "document" is intended to include computer disks or tapes, electronic data, electronic mail ("e-mail"), any computer stored information and any other data compilation from which information can be obtained or translated into reasonably usable form.

[2]   "Relating to" means concerning, referring to, describing, evidencing or constituting.

and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

i.) Any documents concerning any financial arrangements between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

j.) Any documents concerning the maintenance of UFMC's financial statements or preparation of UFMC's tax returns, including, without limitation, any involvement by ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund or their agents;

k.) All documents setting forth or otherwise displaying or describing the organizational structure, management structure and/or operational structure in place between or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

l.) All documents concerning ARH Mortgage, Airlie Opportunity Master Fund, or WDM Fund's involvement in UFMC's labor relations or human resources;

m.) All documents concerning employment-related decisions made by UFMC, including, without limitation, hiring, firing, demotion and promotion decisions, setting of benefits and/or salary for any employee and any involvement or input in such decisions by ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund; and

n.) Any documents concerning the officers of UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

o.) photocopies of any and all documents authored by, concerning or involving Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman;

p.) photocopies of any and all documents involving Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman's power to hire and fire employees at UFMC, Alliance Bancorp, Alliance Mortgage, Airlie Opportunity Master Fund, WDM Fund, ARH Mortgage and any and all limitations on their power to hire and fire their employees;

q.) photocopies of any and all documents involving any role, directly or indirectly, that Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman played in supervising or controlling employee work schedules and supervising and/or controlling the work conditions of employees at UFMC, Alliance Bancorp, Alliance Mortgage, Airlie Opportunity Master Fund, WDM Fund, and/orARH Mortgage and any and all limitations on their ability to supervise or control work schedules and the work conditions of their employees; and

r.) photocopies of any and all documents involving any role, directly or indirectly, Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman played in determining

the rate or method of pay to UFMC employees and any and all limitations on their ability to determine the rate or method of pay to UFMC employees.

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### District of Connecticut

FAHAD SIDDIQUI, et al.

V.

STEVE KHOSHABE, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08-cv-02327, N. D. of Illinois

TO:  Dort Cameron III
Airlie Group
115 East Putnam Avenue, Greenwich, CT 06830

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents referred to in attached schedule A.

| PLACE    Garrison, Levin-Epstein, Chimes, Richardson & Fitzgerald, P.C.<br>405 Orange Street, New Haven, CT 06511 | DATE AND TIME<br>8/18/2008 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiffs  *J Nelson Thomas/smk* | DATE<br>8/5/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

J. Nelson Thomas
Dolin, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York 14607

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
    The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

      This request includes, but is not limited to, photocopies of all documents[1] created, obtained or acquired by you, or that are in your possession, relating to[2] ARH Mortgage, Airlie Opportunity Master Fund, WDM Fund and Alliance Bancorp, formerly known as United Financial Mortgage Corporation ("UMFC"), Joseph Khoshabe, Steve Khoshabe, and Jason Schiffman (defendants). This request therefore includes, but is not limited to the following:

a.) photocopies of all documents containing any information about the merger and acquisition of UFMC and ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

b.) photocopies of any and all documents regarding the bankruptcy of UFMC;

c.) photocopies of any and all documents demonstrating the ownership interest between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

d.) photocopies of any and all documents reflecting the organizational structure and reporting relationships between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

e.) photocopies of any and all documents concerning the operating practices and management practices of UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund, including, without limitation, any documents concerning ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund's involvement with UFMC's operating practices and management practices;

f.) photocopies of any and all documents concerning ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund's involvement in UFMC's decision-making processes, including, without limitation, decisions relating to management, operations, employees, marketing, advertising, client development, client solicitation, client retention and portfolio management;

g.) All documents concerning any officers, executives, employees, records, services, offices or equipment shared between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

h.) Any documents concerning the sharing of bank accounts, accounts receivable, inventories, credit lines or any other financial management arrangement between

---

[1]      In addition to all paper documents, "document" is intended to include computer disks or tapes, electronic data, electronic mail ("e-mail"), any computer stored information and any other data compilation from which information can be obtained or translated into reasonably usable form.

[2]      "Relating to" means concerning, referring to, describing, evidencing or constituting.

and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

i.) Any documents concerning any financial arrangements between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

j.) Any documents concerning the maintenance of UFMC's financial statements or preparation of UFMC's tax returns, including, without limitation, any involvement by ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund or their agents;

k.) All documents setting forth or otherwise displaying or describing the organizational structure, management structure and/or operational structure in place between or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

l.) All documents concerning ARH Mortgage, Airlie Opportunity Master Fund, or WDM Fund's involvement in UFMC's labor relations or human resources;

m.)All documents concerning employment-related decisions made by UFMC, including, without limitation, hiring, firing, demotion and promotion decisions, setting of benefits and/or salary for any employee and any involvement or input in such decisions by ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund; and

n.) Any documents concerning the officers of UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

o.) photocopies of any and all documents authored by, concerning or involving Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman;

p.) photocopies of any and all documents involving Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman's power to hire and fire employees at UFMC, Alliance Bancorp, Alliance Mortgage, Airlie Opportunity Master Fund, WDM Fund, ARH Mortgage and any and all limitations on their power to hire and fire their employees;

q.) photocopies of any and all documents involving any role, directly or indirectly, that Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman played in supervising or controlling employee work schedules and supervising and/or controlling the work conditions of employees at UFMC, Alliance Bancorp, Alliance Mortgage, Airlie Opportunity Master Fund, WDM Fund, and/orARH Mortgage and any and all limitations on their ability to supervise or control work schedules and the work conditions of their employees; and

r.) photocopies of any and all documents involving any role, directly or indirectly, Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman played in determining

the rate or method of pay to UFMC employees and any and all limitations on their ability to determine the rate or method of pay to UFMC employees.

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### District of Connecticut

FAHAD SIDDIQUI, et al.

V.

STEVE KHOSHABE, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08-cv-02327, N. D. of Illinois

TO:   Custodian of Records
      Airlie Group
      115 East Putnam Avenue, Greenwich, CT 06830

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents referred to in attached schedule A.

| PLACE   Garrison, Levin-Epstein, Chimes, Richardson & Fitzgerald, P.C. 405 Orange Street, New Haven, CT 06511 | DATE AND TIME 9/2/2008 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiffs   *Michael J. Lingle* | DATE 8/15/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

J. Nelson Thomas and Michael J. Lingle
Dolin, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York 14607

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

                 DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

This request includes, but is not limited to, photocopies of all documents[1] created, obtained or acquired by you, or that are in your possession, relating to[2] ARH Mortgage, Airlie Opportunity Master Fund, WDM Fund and Alliance Bancorp, formerly known as United Financial Mortgage Corporation ("UMFC"), Joseph Khoshabe, Steve Khoshabe, and Jason Schiffman (defendants). This request therefore includes, but is not limited to the following:

a.) photocopies of all documents containing any information about the merger and acquisition of UFMC and ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

b.) photocopies of any and all documents regarding the bankruptcy of UFMC;

c.) photocopies of any and all documents demonstrating the ownership interest between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

d.) photocopies of any and all documents reflecting the organizational structure and reporting relationships between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

e.) photocopies of any and all documents concerning the operating practices and management practices of UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund, including, without limitation, any documents concerning ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund's involvement with UFMC's operating practices and management practices;

f.) photocopies of any and all documents concerning ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund's involvement in UFMC's decision-making processes, including, without limitation, decisions relating to management, operations, employees, marketing, advertising, client development, client solicitation, client retention and portfolio management;

g.) All documents concerning any officers, executives, employees, records, services, offices or equipment shared between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

h.) Any documents concerning the sharing of bank accounts, accounts receivable, inventories, credit lines or any other financial management arrangement between

---

[1]    In addition to all paper documents, "document" is intended to include computer disks or tapes, electronic data, electronic mail ("e-mail"), any computer stored information and any other data compilation from which information can be obtained or translated into reasonably usable form.

[2]    "Relating to" means concerning, referring to, describing, evidencing or constituting.

and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

i.) Any documents concerning any financial arrangements between and/or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

j.) Any documents concerning the maintenance of UFMC's financial statements or preparation of UFMC's tax returns, including, without limitation, any involvement by ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund or their agents;

k.) All documents setting forth or otherwise displaying or describing the organizational structure, management structure and/or operational structure in place between or among UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

l.) All documents concerning ARH Mortgage, Airlie Opportunity Master Fund, or WDM Fund's involvement in UFMC's labor relations or human resources;

m.)All documents concerning employment-related decisions made by UFMC, including, without limitation, hiring, firing, demotion and promotion decisions, setting of benefits and/or salary for any employee and any involvement or input in such decisions by ARH Mortgage, Airlie Opportunity Master Fund, and/or WDM Fund; and

n.) Any documents concerning the officers of UFMC, ARH Mortgage, Airlie Opportunity Master Fund, and WDM Fund;

o.) photocopies of any and all documents authored by, concerning or involving Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman;

p.) photocopies of any and all documents involving Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman's power to hire and fire employees at UFMC, Alliance Bancorp, Alliance Mortgage, Airlie Opportunity Master Fund, WDM Fund, ARH Mortgage and any and all limitations on their power to hire and fire their employees;

q.) photocopies of any and all documents involving any role, directly or indirectly, that Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman played in supervising or controlling employee work schedules and supervising and/or controlling the work conditions of employees at UFMC, Alliance Bancorp, Alliance Mortgage, Airlie Opportunity Master Fund, WDM Fund, and/orARH Mortgage and any and all limitations on their ability to supervise or control work schedules and the work conditions of their employees; and

r.) photocopies of any and all documents involving any role, directly or indirectly, Joseph Khoshabe, Steve Khoshabe, and/or Jason Schiffman played in determining

the rate or method of pay to UFMC employees and any and all limitations on their ability to determine the rate or method of pay to UFMC employees.

## Dishman, Neil H. (CHI)

| | |
|---|---|
| **From:** | Dishman, Neil H. (CHI) |
| **Sent:** | Tuesday, August 19, 2008 2:29 PM |
| **To:** | 'MLingle@theemploymentattorneys.com' |
| **Cc:** | 'Sara Rook'; Abrahams, Nadine C. (CHI) |
| **Subject:** | Siddiqui -- Rule 37 |

Mike: I write to summarize the Rule 37 phone call we just had.

I explained our objections to the three subpoenas you have served or are planning to serve on Airlie, Montauge Claybrook, and Jeoffrey Burtch.  (The three subpoenas appear to be identical.)

As I stated, our broad objections are that the subpoenas go far beyond the scope of the issue currently in discovery: whether Khoshabe, Khoshabe, and Schiffman ("KKS") can be held liable as "employers" of the plaintiffs.  For example:

1. The preamble to the subpoenas essentially asks for every document having anything at all to do with ARH, Airlie, WDM, Alliance ("the Companies"), and KKS, without any limitation as to subject matter.  The preamble is phrased so that the detailed list that follows it is merely illustrative.
2. Items b, e, f, g, h, i, j, l, and n have no relevance to whether KKS are employers; they cannot even be narrowed so as to be unobjectionable.
3. Items a, c, d, k, and m would be at least arguably relevant if they were limited to KKS; however, they seek information about the Companies rather than KKS and thus are overbroad.
4. Items o, p, q, and r are limited to KKS, but they seek information about all "employees," as opposed to seeking information about the plaintiffs or at least employees in the plaintiffs' job classes, and thus are overbroad.

As I understand it, your position in response to these concerns is as follows:

1. You think that KKS may "point the finger" at one or more of the Companies as being the employer of the plaintiffs; thus, you believe you're entitled to discover information pertaining to whether the Companies can be held liable as employers to the plaintiffs.
2. You believe that any evidence of an interrelationship between any of the Companies is evidence of a joint-employer relationship, even if that evidence has nothing to do with employee wages, hours, or working conditions.  To give one example, you believe that if one of the Companies prepared another of the Companies' tax returns, that would be relevant to the employer issue.
3. As a general matter, you drafted these subpoenas very broadly because you don't know what documents or categories of documents exist.

We'll discuss these issues with our clients and then either get back to you or file a motion.  Thanks for your willingness to discuss.  Regards – Neil


Neil H. Dishman
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, IL  60654

*Please note that our zip code has changed to 60654*

312.274.6330 | Direct
312.787.4995 | Fax
312.515.9390 | Cell

dishmann@jacksonlewis.com

www.jacksonlewis.com

1

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

**Tracking:**