UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FAHAD SIDDIQUI,
*on behalf of himself and all other*
*employees similarly situated,*

                            *Plaintiffs,*

v.

STEVE KHOSHABE, JOSEPH KHOSHABE, and
JASON SCHIFFMAN.

                            *Defendants.*

Civil Action
08-cv-02327


## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND ATTORNEY FEES

DOLIN, THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
(585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
srook@theemploymentattorneys.com

Of Counsel:    J. Nelson Thomas
                   Michael Lingle
                   Sara E. Rook

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum of law in opposition to defendants' motion for a protective order, and for attorneys' fees and expenses. Because this Court lacks jurisdiction to rule on these non-party subpoenas and the subpoenas seek relevant information, defendants' motion should be denied.

## BACKGROUND STATEMENT

In 2005, Brian McKenzie a Rochester, New York employee of United Financial Mortgage Corporation ("UFMC") filed a class action lawsuit alleging Fair Labor Standards Act ("FLSA") claims in the Western District of New York for violations of state and federal wage and hour law. The plaintiffs made claims for unpaid wages and overtime denied them by UFMC. Because the employees had entered into arbitration agreements with UFMC, the Court ordered that the case be referred to JAMS arbitration. The federal court action was stayed pending the outcome of the arbitration. In the course of the arbitration, the arbitrator granted notice for the plaintiffs on the FLSA claims--including a finding by the arbitrator that employees were similarly situated and should be notified about their right to participate in the case. However in July of 2007, Alliance Bancorp., formerly UFMC, filed for Chapter 7 bankruptcy and the JAMS arbitration was stayed because of the bankruptcy. This case is currently stayed.

In September 2006, prior to Alliance Bancorp's filing of bankruptcy, a second lawsuit in federal court was filed against Airlie Opportunity Master Fund, ARH Mortgage Inc., WDM Fund ("the corporate defendants"), Steve Khoshabe, Joseph Khoshabe, and Jason Schiffman ("the individual defendants"), UFMC's new owners and managers as employers of the plaintiffs, alleging federal and state wage and hour violations. Airlie Opportunity Master Fund, ARH Mortgage Inc., and WDM Fund, L.P.

moved to compel arbitration based on an agreement to arbitrate that the plaintiffs signed during the course of their employment. The corporate defendants and plaintiffs continue to arbitrate their claims with AAA and split off their part of the case from the individual defendants.

On April 7, 2008, the Court granted plaintiff's motion to transfer venue for the Steve Khoshabe, Joseph Khoshabe, and Jason Schiffman to the Northern District of Illinois. That case is now before this Court.

On June 25, 2008, this Court ordered the parties to conduct limited discovery on the question of whether the individual defendants were the plaintiffs' employers. Because of the company's bankruptcy, individual defendants have claimed that most material sought is in the hands of the bankruptcy trustees. In addition, it is the individual defendants' position that they are not the employers but their former corporate co-defendants are the employers responsible for any FLSA violations. After receiving this information, plaintiffs served[1] four non party subpoenas on Montague Claybrook (Alliance Bancorp's trustee), Jeoffrey Burtch (ARH Mortgage's trustee), Dort Cameron (executive of former co-defendants, Airlie Opportunity Master Fund and WDM Fund), and the Custodian of Records for Airlie Group (due to Dort Cameron evading service). Individual defendants now are trying to prevent these non party subpoenas from being executed.

**FACTS**

The subpoenas at issue in this case involve plaintiffs' request for information related to defendants' roles as employer to plaintiffs. Contrary to defendants' feigned shock, it should have come as no surprise to defendants that plaintiffs sought to explore

---

[1] Plaintiffs properly served notice on defendants prior to executing the subpoenas.

the issue of interrelationships between parties when the individual defendants are taking the position that the corporate defendants are the appropriate employers. It also should come as no surprise that plaintiffs seek a variety of bankruptcy documents because the individual defendants have claimed that the trustees hold most of this information being sought from them. Plaintiffs are thus entirely justified in seeking this information and the defendants have no right to blockade this discovery.

## ARGUMENT

### I. THIS COURT LACKS JURISDICTION TO RULE ON THE SUBPOENAS.

Defendant has not addressed the issue of jurisdiction of the Court over the non-party subpoenas in its motion papers. However, this Court does not have jurisdiction to rule on these non party subpoenas. Pursuant to Federal Rule of Civil Procedure ("FRCP") 45(c)(3)(A) it is the district court from which the subpoena is issued that has jurisdiction to hear a motion to quash or modify the subpoena. *See e.g. In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991); *Lieberman v. American Diabetic Association*, No. 94 C 5353, 1995 WL 250414 (N.D. Ill. April 25, 1995); *Jennings v. Short-Elliott-Hendrickson, Inc.*, No.; 05-cv-01056-LTB-MEH, 2007 WL 2045497 (D. Colo. July 10, 2007); *In re Armstrong,* No. 96-50087 S, 97-5003m, 1997 WL 739616 (Bankr.E.D.Ark. Nov. 12, 1997). Accordingly, the individuals served were required to file the motion for a protective order in the District of Delaware and the District of Connecticut from which the subpoenas were issued. Then, should the District of Delaware or the District of Connecticut have found remittance of the motion to this district (where the underlying action is venued) appropriate, this Court could rule on the issues raised by defendants. *See Lieberman*, 1995 WL 250414, citing *In re Digital Equipment*, 949 F.2d 228, 231. Because defendants did not follow this procedure, and

the non party subpoenas were not issued from this Court, this Court cannot rule on the subpoenas, and defendants' motion should be denied.

## II. REGARDLESS OF WHICH COURT HEARS THE ISSUE, THE INFORMATION SOUGHT IS RELEVANT TO THIS CASE.

Further, wherever this issue should be heard, defendants are incorrect to argue that those subjects are irrelevant to issues in this case. Plaintiffs in no way concede that the subjects sought by them are overbroad, premature or beyond the scope of discovery and in fact believe the information is discoverable.

First, information about the interrelationships between all previous co defendants is relevant – especially when the individual defendants are placing the responsibility of the alleged allegations on the corporate defendants. Items (a) through (n) seek information regarding these interrelationships. For example, plaintiffs' discovery requests incorporated the following topics: hiring/firing, discipline, pay, supervision, interrelated operations, common management, centralized control of labor relations, common ownership, substantial continuity of business operations, and notice of potential liability.

Second, the issue of discoverable information from all of the UFMC employees is relevant when attempting to assess defendants' roles as employers. Limiting the terms of (o) through (r) to plaintiffs only, does not fully allow an examination of what exactly defendants roles as employers were during their tenure with the company. In addition, individuals continue to join the class. In an effort to be up to date and inclusive, it should be kept open to all employees. Items (o) through (r) seek information on defendants' roles as overall employers.

Furthermore, plaintiffs have not sought to annoy, embarrass, oppress or cause undue burden or expense in requesting the information listed in the subpoenas. They simply seek discovery on relevant issues, brought to light by defendants' counsel herself. If defendants claim not to have information in their hands due to the bankruptcy, objecting to plaintiffs' attempts of discovering that information through other avenues, comes across as an outright thwarting of plaintiffs rights to obtain discoverable information that is rightfully theirs.

Simply put, defendants have no legitimate reason to object to these non party subpoenas, especially if they cannot produce the requested discovery themselves. Unfortunately, it appears as though defendants have done everything possible to muddy the waters of what should have been a straightforward discovery process, including filing this frivolous motion, wasting valuable counsel and court time during a limited discovery period. Accordingly, there is no basis for the imposition of any limitation on plaintiffs' ability to obtain information from non party subpoenas on these issues, and therefore, plaintiffs should not be precluded from doing so. Therefore, because defendants' have failed to meet their burden of showing good cause for this protective order, their motion should be denied. In conjunction with this decision, an award of costs including attorney's fees should also be denied.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that defendants' motion be denied.

Dated:  September 8, 2008

                              **DOLIN, THOMAS & SOLOMON LLP**

By:    <u>s/Maureen A. Bantz</u>
        Doug Werman, Esq.
        Maureen Bantz, Esq.
        Werman Law Offices
        77 W. Washington
        Ste. 1402 Chicago, IL 60602
        *Local Counsel for Plaintiffs*

        J. Nelson Thomas, Esq.
        Michael Lingle, Esq.
        Sara E. Rook, Esq.
        *Attorneys for Plaintiffs*
        693 East Avenue
        Rochester, New York 14607
        Telephone:  (585) 272-0540
        nthomas@theemploymentattorneys.com
        mlingle@theemploymentattorneys.com
        srook@theemploymentattorneys.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for a Protective Order and Attorney Fees** was served via electronic mail on September 8, 2008 on:

Neil Dishman
Jackson, Lewis, LLP
320 W. Ohio Street, Suite 500
Chicago, IL 60610
dishmann@jacksonlewis.com

<u>Maureen A. Bantz</u>
Maureen A. Bantz